## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | : | **Case No. 2007-MI-_____** |
| **IN RE:  JOHN ADAMS ASSOCIATES, INC.** | : | |
| | : | (Judge _____) |
| **Related Cases:** | : | |
| | : | |
| **WILLIAM R. RHODES; RUSSELL H. MILLER; and VALORI A. MACE,** | : | **Civil Action Case No. 6:06-530 S.D. W. Va. (Parkersburg Division)** |
| | : | |
| Plaintiffs, | : | |
| -vs- | : | |
| | : | |
| **E.I. DUPONT DEMOURS AND COMPANY,** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| **and** | : | |
| | : | |
| **RICHARD ROWE; MARY L. CARTER; MICHELLE E. TOMARCHIO; REGINA M. TROUT; ALLEN K. MOORE; CATHERINE A. LAWRENCE; and KATHLEEN K. LEMKE, as Parent and Personal Guardian of DJL, Jr.,** | : | **Civil Action Case No. 06-1810-RMB-AMD D.N.J. (Camden Vicinage)** |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -vs- | : | |
| | : | |
| **E.I. DUPONT DEMOURS AND COMPANY,** | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION PURSUANT TO A SUBPOENA AND MEMORANDUM OF LAW IN SUPPORT

## I.    BACKGROUND

Plaintiffs move the Court through this miscellaneous action to Order Defendant John

Adams Associates, Inc. ("JAA") to produce documents and electronically stored information

responsive to subpoenas issued in connection with two civil cases pending in other federal

district courts. *See Rhodes v. E.I. DuPont Nemours and Company*, Civ. Action No. 6-06-0530

(S.D. W. Va.) ("the West Virginia litigation"); *Rowe v. E.I. DuPont Nemours and Company*,

Case No. 06-1810 (D.N.J.) ("the New Jersey litigation").    Both cases allege that DuPont

contaminated Plaintiffs' drinking water supplies with perfluorochemicals ("PFCs"), and, among

other things, were aware for decades of the dangers associated with exposure to PFCs.

On or about August 3, 2007, identical subpoenas, one for each case, were served on JAA,

which is not a party to either litigation, requesting the production of documents and

electronically stored information ("ESI") relating to PFCs and any connection JAA has or had

with DuPont with respect to PFCs. (*See* Ex. A, Justice Dec. ¶ 2 & Attachment 1.)  Eventually,

JAA produced hard copy documents responsive to the subpoena by compact discs attached to a

letter dated October 8, 2007.  (*See* Ex. A, Justice Dec. ¶ 3 & Attachment 2.)  It was indicated in

the letter that allegedly privileged documents were withheld from the production, and that a

privilege log would be produced "at a later date."

By letter dated November 13, 2007, JAA produced ESI responsive to the subpoena.  (*See*

Ex. A, Justice Dec. ¶ 4 & Attachment 3.)  It was noted again that responsive but allegedly

privileged documents had not been produced, but this time that a privilege log would be

"provided at a later date by the party asserting the privilege." By letter dated November 16,

2007, JAA informed Plaintiffs that "the party asserting the privilege" was 3M Company, for

whom JAA had been contracted to work in the past, and that 3M would be producing a privilege

log. (*See* Ex. A, Justice Dec. ¶ 5 & Attachment 4.)

By letter dated November 20, 2007, JAA enclosed a letter from counsel for 3M as well as

3M's privilege log with respect to responsive but withheld documents. (*See* Ex. A, Justice Dec.¶

6 & Attachment 5.)[1]  The privilege log contains approximately one hundred entries, virtually all

pertaining to a period of time well before either of the litigations referenced above.  Plaintiffs

challenge the assertion of privilege and/or work product for most of the entries.

Counsel for Plaintiffs and counsel for 3M held a meet-and-confer on December 10, 2007,

to determine if an agreement could be reached on any of the entries and to narrow and focus the

issues for the Court's review in the event that judicial intervention was required.  These issues

are now ripe for resolution.

## II.    APPLICABLE LEGAL PRINCIPLES

Plaintiffs are cognizant that the Court is well aware of the appropriate law to apply to the

issues.  In addition, because Plaintiffs have not actually seen the documents that were withheld

from production, it is impossible to provide the Court with the issue-specific principles of law

applicable here.  A limited number of general principles of law, however, are worthy of mention

here.  Should the Court wish for the parties to more fully brief the law with respect to attorney-

client privilege and the work product doctrine, Plaintiffs will of course do so.

Because all of the claims asserted in the West Virginia litigation and the New Jersey

litigation are rooted in state law, Rule 501 of the Federal Rules of Evidence mandates that claims

of attorney-client privilege be assessed according to such applicable state law.  *See* Fed. R. Evid.

501.  Thus, each time an attorney-client privilege claim is utilized as a basis for withholding

---

[1]  Because the privilege log itself has been labeled "CONFIDENTIAL (Rhodes) and CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER IN ROWE/COLES," it is not attached to this Motion.

production of a responsive document or ESI, both West Virginia and New Jersey law will have to be consulted in connection therewith. *See* N.J.S.A. § 2A: 84A-20 (codifying law with respect to attorney-client privilege); N.J. R. Evid. 504; *State ex rel. U.S. Fidelity & Guaranty Co. v. Canady*, 191 W. Va. 431, 460 S.E. 2d 677, 688 (W. Va. 1995) (setting forth requirements for assertion of attorney-client privilege in West Virginia).

The law applicable to the withholding of documents pursuant to the work product doctrine, however, is governed by this Court's own law, and that of the D.C. Circuit Court of Appeals and the United States Supreme Court. *See, e.g., Frontier Refining Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998) ("Unlike the attorney client privilege, the work product privilege is governed, even in diversity cases, by a uniform federal standard embodied in Fed. R. Civ. P. 26(b)(3).").

## III.    REQUESTED PROCEDURE

Plaintiffs respectfully request that the Court, in assessing the claims of attorney-client privilege and work product doctrine, utilize a procedure that has permitted the assessment of like claims in other litigation with DuPont which has proven to be cost- and time-efficient. In particular, JAA could first provide the Court with a notebook containing the challenged documents, along with a copy of the privilege log delineating the basis each such document was withheld from production, for *in camera* review. The parties could soon thereafter meet with the Court to argue orally their positions concerning the withheld documents, and the Court could rule from the bench as to whether the documents are protected from disclosure by the attorney-client privilege or work product doctrine. The Court could then direct JAA by a date certain to produce the documents not protected from disclosure by the attorney-client privilege or work product doctrine. Plaintiffs respectfully request that the Court soon hold a telephone status

conference to discuss this proposed procedure and, if appropriate, to set any deadlines and a

hearing date in connection therewith.

Respectfully submitted,

_by Matthew J. Wiles_
_(OSB 0075455)_
/ Steven Justice (OSB# 0063719)
Taft Stettinius & Hollister LLP
110 North Main Street, Suite 900
Dayton, OH 45402
(Tel)   937-228-2816
(Fax)   937-228-2816
justice@taftlaw.com

Of Counsel:
Karen J. Marcus
Finkelstein Thompson LLP
The Duvall Foundry
1050 30th Street N.W.
Washington, D.C. 20007
(Tel)
(Fax)
kmarcus@finkelsteinthompson.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via U.S. Mail on the following this **28th** day of December 2007:

Nadira Clarke
Beveridge & Diamond PC
1350 I Street N.W., Suite 700
Washington, D.C. 20005-3311

Courtesy copy to:
Mike McCarthy
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140

_____
J. Steven Justice

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD ROWE; MARY L. CARTER; :**<br>**MICHELLE E. TOMARCHIO; REGINA:**<br>**M. TROUT; ALLEN K. MOORE;**<br>**CATHERINE A. LAWRENCE; and**<br>**KATHLEEN K. LEMKE, as parent and :**<br>**Personal guardian of DJL, Jr., a minor,** :<br><br>        **Plaintiffs,**        :<br><br>**-vs-**        :<br>        :<br>**JOHN ADAMS ASSOCIATES, INC.,**  :<br>        :<br>        **Defendant.**        : | **Case No. 2007-MI-_____**<br><br>**(Judge _____)** |

| | |
|---|---|
| **WILLIAM R. RHODES; RUSSELL H.** :<br>**MILLER; and VALORI A. MACE,** :<br>        :<br>        **Plaintiffs,**        :<br><br>**-vs-**        :<br>        :<br>**JOHN ADAMS ASSOCIATES, INC.,**  :<br>        :<br>        **Defendants.**        : | **Case No. 2007-MI-_____**<br><br>**(Judge _____)** |

## DECLARATION OF J. STEVEN JUSTICE IN SUPPORT OF PLAINTIFFS' MOTION
## TO COMPEL PRODUCTION PURSUANT TO SUBPOENAS

I, J. Steven Justice, hereby state as follows:

    1.  I am an attorney with the law firm of Taft Stettinius & Hollister LLP, 110 North Main

Street, Suite 900, Dayton, OH 45402, and am among Plaintiffs' counsel in *Rhodes v. E.I.*

*DuPont Nemours and Company*, Civ. Action No. 6-06-0530 (S.D. W. Va.); *Rowe v. E.I. DuPont*



*Nemours and Company*, Case No. 06-1810 (D.N.J.).  I have personal knowledge of all matters and documents addressed in this Affidavit.

2.  Attached hereto as Attachment 1 are true and accurate copies of subpoenas issued in connection with the above-referenced cases to John A. Adams Associates, Inc. ("JAA").

3.  Attached hereto as Attachment 2 is a true and accurate copy of a letter dated October 8, 2007, that I received from counsel for JAA.

4.  Attached hereto as Attachment 3 is a true and accurate copy of a letter dated November 13, 2007, that I received from counsel for JAA.

5.  Attached hereto as Attachment 4 is a true and accurate copy of a letter dated November 16, 2007, that I received from counsel for JAA.

6.  Attached hereto as Attachment 5 is a true and accurate copy of a letter dated November 20, 2007, that I received from counsel for JAA.

I declare under penalty of perjury that the foregoing is true and correct.

J. Steven Justice

Executed on: __December 21, 2007_____

at: __Dayton, Ohio_____

# EXHIBIT 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

### DISTRICT OF COLUMBIA

RICHARD A. ROWE, et al.

V.

E.I. DUPONT DE NEMOURS AND COMPANY

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

TO:  John Adams Associates, Inc.
807 National Press Building
Washington, D.C. 20045

PENDING IN U.S. DISTRICT COURT,
DISTRICT OF NEW JERSEY,
CIVIL ACTION NO.: 06-1810-RMB-AMD

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT A.

| PLACE | John Adams Associates,Inc., 807 National Press Building, Washington, D.C. 20045 | DATE AND TIME 8/23/2007 10:00 am |
|---|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiffs | DATE 8/3/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
J. Steven Justice, Taft Stettinius & Hollister LLP, 110 North Main Street, Suite 900, Dayton, Ohio  45402-1786
(937) 641-1720

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT A**

**DEFINITIONS**

1.    For purposes of this subpoena, the term "document" or "documents" is used in the broadest possible sense. It refers, without limitation, to the original and all copies, prior drafts and translations, written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications, data compilations, or representations of every kind, whether comprised of letters, words, numbers, pictures, sounds, or symbols, whether prepared by manual, mechanical, electronic, magnetic, photographic, or other means, as well as audio, video or other recordings of communications, oral statements, conversations, or events.

This definition includes, but is not limited to, any and all of the following: correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, facsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained.

Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is a part of another document, is to be considered a separate document.

2.    "Person" means natural persons, corporations, firms, companies, partnerships, unincorporated associations, governmental or public agencies, joint ventures, and all other entities.

3.    "Adams", "you", and "your" refer to John Adams Associates, Inc., whose office is located at 807 National Press Building, Washington, D.C. 20045, and all of its present and former employees, agents, representatives, counsel, and all persons and entities acting or purporting to act under its control or on its behalf.

4.    "DuPont" refers to E.I. duPont de Nemours and Company, and any of its corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors-in-interest, successors, assignees, partners, directors, officers, agents, employees, counsel, or any other person or entity acting for or on its behalf.

5.    "Communications" means any and all of the following: writings, oral communications, conversations by telephone, meetings, and any contract, oral or written, formal or informal, at any time or place, and under any circumstances whatsoever in which information of any nature was transmitted or exchanged in any form.

6.    "Relating to" means constituting or evidencing and directly or indirectly mentioning, describing, referring to, pertaining to, being connected with or reflecting upon the stated subject matter.

7.    The words "any" and "all" shall be considered to include "each" and "each and every."

8.    "Perfluorinated Materials" or "PFC" or "PFCs" means the following: perfluorinated compounds C-4 through C-16, whether in salt, acid, sulfonated form, such as perfuorooctanoic acid ("PFOA")(a/k/a ammonium perfluorooctanoate, APFO, PFO, C-8, DFS-1, DFS-2, and FC-143); fluoropolymers and fluorotelomers, such as Zonyl, TBS (or equivalent acronyms), and FS-62; materials that contain perfluorinated compounds; PFCs that are used in the manufacture of any material or product; PFCs that are produced as byproducts or waste of any process; and PFCs that result from degradation, treatment, storage, or disposal of any products, materials, or waste.

9.    Each and every request for a document or documents to be produced requires production of the document, in its entirety, without abbreviation or expurgation, and without redacting any portions of it.

10.    More than one paragraph of this request may ask for the same document. The presence of such duplication is not to be interpreted to narrow or limit the normal interpretation placed upon each individual request. Where a document is requested in more than one numbered paragraph, only one copy of it need be produced.

11.    If any document is withheld under claim of privilege, furnish a list identifying each document for which the privilege is claimed, together with the following information for each such document: date, sender, recipient, persons to whom copies were furnished, job titles of each of these persons, subject matter of the documents, number of pages in the document, the basis on which the privilege is claimed, the paragraph or paragraphs of this request to which the document responds, the subject matter of the document and the person in whose custody the document is presently located, and whether any matter that is not privileged is discussed or mentioned in that document.

12.    Responsive documents stored in the ordinary course of business as hard copies may be produced as hard copies. Electronic information, whether documents, emails, or databases, stored in the ordinary course of business as electronically stored information ("ESI") must be produced electronically in its native format, i.e., the original software in which it was created.

## DOCUMENTS TO BE PRODUCED

1.    Produce any and all documents and/or ESI in your possession or control relating to the collection, storage, management, analysis and/or testing of samples for PFCs for, at the request of, or on behalf of DuPont.

2.    Produce any and all documents in your possession or control relating to any and all sampling and/or testing of biological material, water and soil, including but not limited to all samples of tissue (whether animal or human), blood, surface water, groundwater, drinking water,

storm water, sludge, soils, sediments and/or vegetation for PFCs for, at the request of, or on behalf of DuPont.

3.    Produce any and all documents, including but not limited to scientific and clinical literature, you received and/or reviewed at the request of, or on behalf of DuPont relating to PFCs.

4.    Produce any and all correspondence between Adams and DuPont which relate to or reference PFCs.

5.    Produce any and all documents or notes that evidence communications between Adams and DuPont that relate to or reference PFCs.

6.    Produce any and all communications and records of communications between Adams and any consultant, contractor and/or contract laboratory(ies) relating to the collection, sampling, analysis and/or testing of samples for PFCs.

7.    Produce any and all documents relating to work which was done for, at the request of, or on behalf of DuPont relating to DuPont's Chambers Works plant in New Jersey and/or any associated water supply.

8.    Produce any and all documents relating to samples analyzed for PFCs taken by or on behalf of DuPont relating to DuPont's DuPont's Chambers Works plant in New Jersey and/or any associated water supply, whether onsite or off-site, including but not limited to all samples of biologic tissue, blood, surface water, groundwater, drinking water, storm water, sludge, soils, sediments, and/or vegetation.

9.    Produce any and all documents relating to the use, toxicity (including but not limited to exposure and health data), characteristics, testing, storage, release, disposal, and/or destruction of PFCs relating to DuPont.

10.    Produce any and all documents relating to any and all communications between Adams and any local, state, and/or federal regulatory agency regarding PFCs found in any source including but not limited to water, soil, biologic tissue and/or blood samples.

11.    Produce any and all risk assessments and/or advice you provided to DuPont relating to actual or suspected health effects, diseases, treatments and/or treatment risks relating to PFCs.

12.    Produce any and all documents relating to or which reference PFCs that you disseminated, or planned to disseminate, in a public and/or private forum.

13.    Produce any and all documents and tangible things you provided to any and all vendors, contractors and/or consultants you retained and/or consulted in order to commence, perform, and/or complete any and all work relating to PFCs which was done for, at the request of, or on behalf of DuPont.

14.    Produce any and all documents you received from any and all vendors, contractors and/or consultants you retained to sample, test and/or analyze PFCs that was done for, at the request of, or on behalf of DuPont.

15.    Produce any and all documents relating to any and all action you took to study, analyze, and/or investigate the effects and/or potential effects on humans or animals of any PFC, including any actual or potential health effects on humans or animals from exposure to any product containing or made with a PFC and/or PFC byproduct.

16.    Produce any and all documents relating to each and every epidemiological study and/or outcome you designed, conducted and/or analyzed in a real life and/or clinical setting relating to PFCs.

17.    Produce any and all documents relating to any and all post-market surveillance programs, studies and/or registries you designed, conducted and/or analyzed relating to PFCs.

18.    Produce any and all documents and/or reports relating to any and all analysis and/or interpretation you made of any published or unpublished clinical data relating to PFCs.

19.    Produce any and all documents, including articles, abstracts, manuscripts, webpages and/or other documents, which you prepared for, at the request of, or on behalf of DuPont for publication, peer review, and/or for any media source.

20.    Produce any and all documents you drafted, reviewed, amended and/or analyzed relating to proposed legislation addressing, discussing and/or referencing PFCs.

21.    Produce any and all documents relating to your scope of work and payment of same, including but not limited to, service contracts, invoices, letters of intent, and/or engagement letters, between you and DuPont relating to the collection, storage, management, analysis and/or testing of PFCs.

22.    Produce any and all documents relating to videos, media footage, slideshows and/or software, in any format which was created, developed, improved, studied and/or implemented for, at the request of, or on behalf of DuPont relating to PFCs.

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

WILLIAM R. RHODES, et al.

V.

E.I. DUPONT DE NEMOURS AND COMPANY

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

TO:  John Adams Associates, Inc.
807 National Press Building
Washington, D.C. 20045

PENDING IN U.S. DISTRICT COURT,
SOUTHERN DISTRICT OF WEST VIRGINIA,
CIVIL ACTION NO.: 6-06-0530

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT A.

| PLACE | John Adams Associates,Inc., 807 National Press Building, Washington, D.C. 20045 | DATE AND TIME 8/23/2007 10:00 am |
|---|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiffs | DATE 8/3/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
J. Steven Justice, Taft Stettinius & Hollister LLP, 110 North Main Street, Suite 900, Dayton, Ohio 45402-1786
(937) 641-1720

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS

1.      For purposes of this subpoena, the term "document" or "documents" is used in the broadest possible sense. It refers, without limitation, to the original and all copies, prior drafts and translations, written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications, data compilations, or representations of every kind, whether comprised of letters, words, numbers, pictures, sounds, or symbols, whether prepared by manual, mechanical, electronic, magnetic, photographic, or other means, as well as audio, video or other recordings of communications, oral statements, conversations, or events.

This definition includes, but is not limited to, any and all of the following: correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, facsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained.

Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is a part of another document, is to be considered a separate document.

2.      "Person" means natural persons, corporations, firms, companies, partnerships, unincorporated associations, governmental or public agencies, joint ventures, and all other entities.

3.      "Adams", "you", and "your" refer to John Adams Associates, Inc., whose office is located at 807 National Press Building, Washington, D.C. 20045, and all of its present and former employees, agents, representatives, counsel, and all persons and entities acting or purporting to act under its control or on its behalf.

4.      "DuPont" refers to E.I. duPont de Nemours and Company, and any of its corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors-in-interest, successors, assignees, partners, directors, officers, agents, employees, counsel, or any other person or entity acting for or on its behalf.

5.      "Communications" means any and all of the following: writings, oral communications, conversations by telephone, meetings, and any contract, oral or written, formal or informal, at any time or place, and under any circumstances whatsoever in which information of any nature was transmitted or exchanged in any form.

6.    "Relating to" means constituting or evidencing and directly or indirectly mentioning, describing, referring to, pertaining to, being connected with or reflecting upon the stated subject matter.

7.    The words "any" and "all" shall be considered to include "each" and "each and every."

8.    "Perfluorinated Materials" or "PFC" or "PFCs" means ammonium perfluorooctanoate and perfluorooctanoic acid "PFOA" (a/k/a APFO, PFO, C-8 (not PFOS), DFS-1, DFS-2, and FC-143) and any material that does or is suspected to contain, degrade, or otherwise form or produce PFOA.

9.    Each and every request for a document or documents to be produced requires production of the document, in its entirety, without abbreviation or expurgation, and without redacting any portions of it.

10.    More than one paragraph of this request may ask for the same document. The presence of such duplication is not to be interpreted to narrow or limit the normal interpretation placed upon each individual request. Where a document is requested in more than one numbered paragraph, only one copy of it need be produced.

11.    If any document is withheld under claim of privilege, furnish a list identifying each document for which the privilege is claimed, together with the following information for each such document: date, sender, recipient, persons to whom copies were furnished, job titles of each of these persons, subject matter of the documents, number of pages in the document, the basis on which the privilege is claimed, the paragraph or paragraphs of this request to which the document responds, the subject matter of the document and the person in whose custody the document is presently located, and whether any matter that is not privileged is discussed or mentioned in that document.

12.    Responsive documents stored in the ordinary course of business as hard copies may be produced as hard copies. Electronic information, whether documents, emails, or databases, stored in the ordinary course of business as electronically stored information ("ESI") must be produced electronically in its native format, i.e., the original software in which it was created.

## DOCUMENTS TO BE PRODUCED

1.    Produce any and all documents and/or ESI in your possession or control relating to the collection, storage, management, analysis and/or testing of samples for PFCs for, at the request of, or on behalf of DuPont.

2.    Produce any and all documents in your possession or control relating to any and all sampling and/or testing of biological material, water and soil, including but not limited to all samples of tissue (whether animal or human), blood, surface water, groundwater, drinking water, storm water, sludge, soils, sediments and/or vegetation for PFCs for, at the request of, or on behalf of DuPont.

3.    Produce any and all documents, including but not limited to scientific and clinical literature, you received and/or reviewed at the request of, or on behalf of DuPont relating to PFCs.

4.    Produce any and all correspondence between Adams and DuPont which relate to or reference PFCs.

5.    Produce any and all documents or notes that evidence communications between Adams and DuPont that relate to or reference PFCs.

6.    Produce any and all communications and records of communications between Adams and any consultant, contractor and/or contract laboratory(ies) relating to the collection, sampling, analysis and/or testing of samples for PFCs.

7.    Produce any and all documents relating to work which was done for, at the request of, or on behalf of DuPont relating to DuPont's Washington Works plant in West Virginia and/or the Parkersburg City water supply.

8.    Produce any and all documents relating to samples analyzed or PFCs taken by or on behalf of DuPont and relating to DuPont's Washington Works plant in West Virginia and/or the Parkersburg City water supply, whether onsite or off-site, including but not limited to all samples of biologic tissue, blood, surface water, groundwater, drinking water, storm water, sludge, soils, sediments, and/or vegetation.

9.    Produce any and all documents relating to the use, toxicity (including but not limited to exposure and health data), characteristics, testing, storage, release, disposal, and/or destruction of PFCs relating to DuPont.

10.    Produce any and all documents relating to any and all communications between Adams and any local, state, and/or federal regulatory agency regarding PFCs found in any source including but not limited to water, soil, biologic tissue and/or blood samples.

11.    Produce any and all risk assessments and/or advice you provided to DuPont relating to actual or suspected health effects, diseases, treatments and/or treatment risks relating to PFCs.

12.    Produce any and all documents relating to or which reference PFCs that you disseminated, or planned to disseminate, in a public and/or private forum.

13.    Produce any and all documents and tangible things you provided to any and all vendors, contractors and/or consultants you retained and/or consulted in order to commence, perform, and/or complete any and all work relating to PFCs which was done for, at the request of, or on behalf of DuPont.

14.    Produce any and all documents you received from any and all vendors, contractors and/or consultants you retained to sample, test and/or analyze PFCs that was done for, at the request of, or on behalf of DuPont.

15.    Produce any and all documents relating to any and all action you took to study, analyze, and/or investigate the effects and/or potential effects on humans or animals of any PFC, including any actual or potential health effects on humans or animals from exposure to any product containing or made with a PFC and/or PFC byproduct.

16.    Produce any and all documents relating to each and every epidemiological study and/or outcome you designed, conducted and/or analyzed in a real life and/or clinical setting relating to PFCs.

17.    Produce any and all documents relating to any and all post-market surveillance programs, studies and/or registries you designed, conducted and/or analyzed relating to PFCs.

18.    Produce any and all documents and/or reports relating to any and all analysis and/or interpretation you made of any published or unpublished clinical data relating to PFCs.

19.    Produce any and all documents, including articles, abstracts, manuscripts, webpages and/or other documents, which you prepared for, at the request of, or on behalf of DuPont for publication, peer review, and/or for any media source.

20.    Produce any and all documents you drafted, reviewed, amended and/or analyzed relating to proposed legislation addressing, discussing and/or referencing PFCs.

21.    Produce any and all documents relating to your scope of work and payment of same, including but not limited to, service contracts, invoices, letters of intent, and/or engagement letters, between you and DuPont relating to the collection, storage, management, analysis and/or testing of PFCs.

22.    Produce any and all documents relating to videos, media footage, slideshows and/or software, in any format which was created, developed, improved, studied and/or implemented for, at the request of, or on behalf of DuPont relating to PFCs.

**EXHIBIT 2**



Nadira Clarke
1350 I Street, N.W.
Suite 700
Washington, D.C. 20005-3311
Direct: (202) 789-6069
Fax: (202) 789-6190
nclarke@bdlaw.com

October 8, 2007

**VIA FEDEX**

J. Steven Justice, Esq.
Taft, Stettinius & Hollister, LLP
110 North Main Street, Suite 900
Dayton, OH 45402

    Re:    *Rhodes, et al. v. E.I. duPont De Nemours and Co.*
            Civil Action No. 06-1810 (S.D. WV)
            *Rowe, et al. v. E.I. duPont De Nemours and Co.*
            Civil Action No. 06-1810-RMB-AMD (D. NJ)

Dear Mr. Justice:

    In response to the third-party subpoenas issued by plaintiffs in the above-referenced proceedings on August 3, 2007, John Adams Associates, Inc. ("JAA") and the Environmental Health Research Foundation ("EHRF") hereby produce a CD containing bate-stamp images of the responsive documents from JAA and EHRF's hard-copy files.[1] Previously, in correspondence dated August 20, 2007, while represented by other counsel, JAA and EHRF objected to the subpoenas on a number of grounds, including the unnecessary breadth of the requests, and the undue expense. In correspondence dated October 1, 2007, you were informed that notwithstanding the objections, we would produce all responsive hard-copy documents. We further informed you that in the interest of compromise, JAA and EHRF would cover the costs associated with the production of the hard-copy files, including the photo-copying and imaging of the documents, and the associated legal review.

    This production does not include any of the electronically stored information ("ESI") retrieved from two desktop computers and one server utilized by JAA and EHRF. As I have informed you in previous correspondence, the breadth of the third-party subpoenas and plaintiffs' unwillingness to narrow the scope in any manner poses a particular problem with

---

[1] Also provided are copies of 20 CDs from JAA and EHRF's files which contain electronic copies of various submissions to the Environmental Protection Agency.

EXHIBIT

PENGAD 800-631-6989

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 2

respect to our review of the ESI. Even using a key word search and Boolean based search software such as DT Search, the number of potentially responsive documents is enormous. The search terms we initially proposed identified as many as 7,700 documents as responsive. The search terms that you proposed were even more burdensome – 17,483 documents were identified as responsive. Consistent with the guidelines set forth in Fed. R. Civ. P. 45(c)(1) and applicable case law which seeks to protect third-parties from any undue burden and expense of complying with subpoenas, we will review and produce all responsive ESI as soon as we have your assurance that plaintiffs will cover the costs associated with the ESI, including the production and legal review.

All privileged documents responsive to the third-party subpoenas have been removed from this production and will be listed in a separate privilege log to be provided at a later date. Those documents which constitute confidential business information are marked as such and are produced pursuant to, and consistent with the requirements set forth in the respective confidentiality orders: the Discovery Confidentiality Order, dated March 5, 2007, in *Rowe, et al. v. E.I. duPont De Nemours and Co.* (D. NJ); and the Protective Order, dated November 28, 2006, in *Rhodes, et al. v. E.I. duPont De Nemours and Co.* (S.D. WV). As we discussed today, in identifying confidential documents, we have generally relied on the definition of "confidential information" contained in the Discover Confidentiality Order in the *Rowe* case. In addition, pursuant to our conversation, while the protective order in the *Rhodes* case does not specifically refer to third- parties, we have agreed that the terms obviously extend to JAA and EHRF. The inadvertent production or disclosure of any privileged, confidential or otherwise protected document shall not be deemed either a general waiver of privilege, confidentiality or work product protection as to the document inadvertently produced or disclosed.

In producing information responsive to the third-party subpoenas, JAA and EHRF re-assert the objections set forth in their correspondence dated August 20, 2007. They further objects as follows:

### GENERAL OBJECTIONS

1.  The subpoenas on JAA and EHRF are overly broad, unreasonably burdensome and onerous, and not designed to lead to the discovery of admissible evidence in the proceedings at issue.

2.  The subpoenas seek information protected by the attorney-client privilege, work product privilege, executive privilege, confidential business information, or other applicable privilege.

3.  JAA and EHRF object to the subpoenas to the extent that they seek confidential business information and trade secrets.

4.  JAA and EHRF object to the subpoenas to the extent that they violate Fed. R. Civ. P. 26(b)(1).

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 3

5.  JAA and EHRF object to use of the term "PFCs" in the subpoenas as overly broad, confusing, and ambiguous.

6.  JAA objects each of the definitions and requests for production contained in the subpoenas as JAA was not retained by E.I. du Pont de Nemours and Co. as described in the subpoenas.

7.  JAA and EHRF reserve the right to raise additional objections to the definitions and production requests contained in plaintiffs' subpoenas, and to amend and/or supplement the objections set forth herein.


## EHRF's OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS

1.  Produce any and all documents and/or ESI in your possession or control relating to the collection, storage, management, analysis and/or testing of samples for PFCs for, at the request of, or on behalf of DuPont.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time.  Subject to and without waiving these objections, see attached documents.**

2.  Produce any and all documents in your possession or control relating to any and all sampling and/or testing of biological material, water and soil, including but not limited to all samples of tissue (whether animal or human), blood, surface water, groundwater, drinking water,

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 4

storm water, sludge, soils, sediments and/or vegetation for PFC for, at the request of, or on behalf of DuPont.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

3. Produce any and all documents, including but not limited to scientific and clinical literature, you received and/or reviewed at the request of, or on behalf of DuPont relating to PFCs.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 5

impose on EHRF duties and/or responsibilities over and above what is required by the
Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to
speculate as to the meaning of definitions, instructions, or production requests; (11) would
require EHRF to respond to requests for production that are more appropriately directed
to parties and non-parties other than EHRF; and (12) seeks production in less than a
reasonable amount of time. Subject to and without waiving these objections, see attached
documents.

4.  Produce any and all correspondence between Environmental Health Research Foundation
    and DuPont which relate to or reference PFCs.

RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised
in correspondence dated August 20, 2007 and the general objections above. Furthermore,
EHRF objects to this request on the grounds that it: (1) seeks information that is not
relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is
not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is
unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4)
seeks to elicit confidential business information, competition-sensitive proprietary
information, and trade secrets; (5) seeks information protected by any rule, agreement, or
duty of confidentiality which precludes or limits the disclosure of such information; (6)
seeks information subject to the attorney-client privilege, attorney work-product doctrine,
and any other applicable privilege or protection; (7) seeks documents that are not within
EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of
Civil Procedure and the applicable case law; (8) seeks information that may be obtained
from publicly available sources or otherwise equally available to plaintiffs; (9) purports to
impose on EHRF duties and/or responsibilities over and above what is required by the
Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to
speculate as to the meaning of definitions, instructions, or production requests; (11) would
require EHRF to respond to requests for production that are more appropriately directed
to parties and non-parties other than EHRF; and (12) seeks production in less than a
reasonable amount of time. Subject to and without waiving these objections, see attached
documents.

5.  Produce any and all documents or notes that evidence communications between
    Environmental Health Research Foundation and DuPont that relate to reference PFCs.

RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised
in correspondence dated August 20, 2007 and the general objections above. Furthermore,
EHRF objects to this request on the grounds that it: (1) seeks information that is not
relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is
not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is
unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4)

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 6

seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time.  Subject to and without waiving these objections, see attached documents.

6.  Produce any and all communications and records of communications between Environmental Health Research Foundation and any consultant, contractor and/or contract laboratory(ies) relating to the collection, sampling, analysis and/or testing of samples for PFCs.

RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above.  Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time.  Subject to and without waiving these objections, see attached documents.

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 7

7. Produce any and all documents relating to work which was done for, at the request of, or on behalf of DuPont relating to DuPont's Chambers Works plant in New Jersey and/or any associated water supply.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

8. Produce any and all documents relating to samples analyzed for PFCs taken by or on behalf of DuPont relating to DuPont's Chamber Works plant in New Jersey and/or any associated water supply, whether onsite or off-site, including but not limited to all samples of biologic tissue, blood, surface water, groundwater, drinking water, storm water, sludge, soils, sediments, and/or vegetation.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine,**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 8

and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

9. Produce any and all documents relating to the use, toxicity (including but not limited to exposure and health data), characteristics, testing, storage, release, disposal, and/or destruction of PFCs relating to DuPont.

RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

10. Produce any and all documents relating to any and all communications between Environmental Health Research Foundation and any local, state, and/or federal regulatory agency regarding PFCs found in any source including but not limited to water, soil, biologic tissue and/or blood samples.

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 9

**RESPONSE:** EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

11. Produce any and all risk assessments and/or advice you provided to DuPont relating to actual or suspected health effects, diseases, treatments and/or treatment risks relating to PFCs.

**RESPONSE:** EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would

**BEVERIDGE & DIAMOND** PC

J. Steven Justice, Esq.
October 8, 2007
Page 10

require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

12. Produce any and all documents relating to or which reference PFCs that you disseminated, or planned to disseminate, in a public and/or private forum.

**RESPONSE:** EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

13. Produce any and all documents and tangible things you provided to any and all vendors, contractors and/or consultants you retained and/or consulted in order to commence, perform, and/or complete any and all work relating to PFCs which was done for, at the request of, or on behalf of DuPont.

**RESPONSE:** EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 11

information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

14. Produce any and all documents you received from any and all vendors, contractors and/or consultants you retained to sample, test and/or analyze PFCs that was done for, at the request of, or on behalf of DuPont.

RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

**BEVERIDGE & DIAMOND** PC

J. Steven Justice, Esq.
October 8, 2007
Page 12

15. Produce any and all documents relating to any and all action you took to study, analyze, and/or investigate the effects and/or potential effects on humans or animals of any PFC, including any actual or potential health effects on humans or animals from exposure to any product containing or made with a PFC and/or PFC by-products.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

16. Produce any and all documents relating to each and every epidemiological study and/or outcome you designed, conducted and/or analyzed in a real life and/or clinical setting relating to PFCs.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 13

EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

17. Produce any and all documents relating to any and all post-market surveillance programs, studies and/or registries you designed, conducted and/or analyzed relating to PFCs.

RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

18. Produce any and all documents and/or reports relating to any and all analysis and/or interpretation you made of any published or unpublished clinical data relating to PFCs.

RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 14

relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

19. Produce any and all documents, including articles, abstracts, manuscripts, webpages and/or other documents, which you prepared for, at the request of, or on behalf of DuPont for publication, peer review, and/or for any media source.

RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 15

reasonable amount of time. **Subject to and without waiving these objections, see attached documents.**

20. Produce any and all documents you drafted, reviewed, amended and/or analyzed relating to proposed legislation addressing, discussing and/or referencing PFCs.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

21. Produce any and all documents relating to your scope of work and payment of same, including but not limited to, service contracts, invoices, letters of intent, and/or engagement letters, between you and DuPont relating to the collection, storage, management, analysis and/or testing of PFCs.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6)**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 16

seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

22. Produce any and all documents relating to videos, media footage, slideshows and/or software, in any format which was created, developed, improved, studied and/or implemented for, at the request of, or on behalf of DuPont relating to PFCs.

**RESPONSE:** EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 17

## JAA's OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS

1.  Produce any and all documents and/or ESI in your possession or control relating to the collection, storage, management, analysis and/or testing of samples for PFCs for, at the request of, or on behalf of DuPont.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

2.  Produce any and all documents in your possession or control relating to any and all sampling and/or testing of biological material, water and soil, including but not limited to all samples of tissue (whether animal or human), blood, surface water, groundwater, drinking water, storm water, sludge, soils, sediments and/or vegetation for PFC for, at the request of, or on behalf of DuPont.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 18

confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

3.   Produce any and all documents, including but not limited to scientific and clinical literature, you received and/or reviewed at the request of, or on behalf of DuPont relating to PFCs.

RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

**BEVERIDGE & DIAMOND** PC

J. Steven Justice, Esq.
October 8, 2007
Page 19

4.  Produce any and all correspondence between Adams and DuPont which relate to or reference PFCs.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above.  Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time.  Subject to and without waiving these objections, see attached documents.**

5.  Produce any and all documents or notes that evidence communications between Adam and DuPont that relate to reference PFCs.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above.  Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 20

impose on JAA duties and/or responsibilities over and above what is required by the
Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to
speculate as to the meaning of definitions, instructions, or production requests; (11) would
require JAA to respond to requests for production that are more appropriately directed to
parties and non-parties other than JAA; and (12) seeks production in less than a
reasonable amount of time.  Subject to and without waiving these objections, see attached
documents.

6.  Produce any and all communications and records of communications between Adam and any
consultant, contractor and/or contract laboratory(ies) relating to the collection, sampling,
analysis and/or testing of samples for PFCs.

RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in
correspondence dated August 20, 2007 and the general objections above.  Furthermore,
JAA objects to this request on the grounds that it: (1) seeks information that is not relevant
to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not
reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is
unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks
to elicit confidential business information, competition-sensitive proprietary information,
and trade secrets; (5) seeks information protected by any rule, agreement, or duty of
confidentiality which precludes or limits the disclosure of such information; (6) seeks
information subject to the attorney-client privilege, attorney work-product doctrine, and
any other applicable privilege or protection; (7) seeks documents that are not within JAA's
"custody, control, or possession" as such terms are defined by the Federal Rules of Civil
Procedure and the applicable case law; (8) seeks information that may be obtained from
publicly available sources or otherwise equally available to plaintiffs; (9) purports to
impose on JAA duties and/or responsibilities over and above what is required by the
Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to
speculate as to the meaning of definitions, instructions, or production requests; (11) would
require JAA to respond to requests for production that are more appropriately directed to
parties and non-parties other than JAA; and (12) seeks production in less than a
reasonable amount of time.  Subject to and without waiving these objections, see attached
documents.

7.  Produce any and all documents relating to work which was done for, at the request of, or on
behalf of DuPont relating to DuPont's Washington Works plant in West Virginia and/or the
Parkersburg City water supply.

RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in
correspondence dated August 20, 2007 and the general objections above.  Furthermore,
JAA objects to this request on the grounds that it: (1) seeks information that is not relevant
to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 21

reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

8.  Produce any and all documents relating to samples analyzed for PFCs taken by or on behalf of DuPont relating to DuPont's Washington Works plant in West Virginia and/or the Parkersburg City water supply, whether onsite or off-site, including but not limited to all samples of biologic tissue, blood, surface water, groundwater, drinking water, storm water, sludge, soils, sediments, and/or vegetation.

RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 22

parties and non-parties other than JAA; and (12) seeks production in less than a
reasonable amount of time. Subject to and without waiving these objections, see attached
documents.

9.  Produce any and all documents relating to the use, toxicity (including but not limited to
    exposure and health data), characteristics, testing, storage, release, disposal, and/or
    destruction of PFCs relating to DuPont.

RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in
correspondence dated August 20, 2007 and the general objections above. Furthermore,
JAA objects to this request on the grounds that it: (1) seeks information that is not relevant
to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not
reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is
unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks
to elicit confidential business information, competition-sensitive proprietary information,
and trade secrets; (5) seeks information protected by any rule, agreement, or duty of
confidentiality which precludes or limits the disclosure of such information; (6) seeks
information subject to the attorney-client privilege, attorney work-product doctrine, and
any other applicable privilege or protection; (7) seeks documents that are not within JAA's
"custody, control, or possession" as such terms are defined by the Federal Rules of Civil
Procedure and the applicable case law; (8) seeks information that may be obtained from
publicly available sources or otherwise equally available to plaintiffs; (9) purports to
impose on JAA duties and/or responsibilities over and above what is required by the
Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to
speculate as to the meaning of definitions, instructions, or production requests; (11) would
require JAA to respond to requests for production that are more appropriately directed to
parties and non-parties other than JAA; and (12) seeks production in less than a
reasonable amount of time. Subject to and without waiving these objections, see attached
documents.

10. Produce any and all documents relating to any and all communications between Adam and
    any local, state, and/or federal regulatory agency regarding PFCs found in any source
    including but not limited to water, soil, biologic tissue and/or blood samples.

RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in
correspondence dated August 20, 2007 and the general objections above. Furthermore,
JAA objects to this request on the grounds that it: (1) seeks information that is not relevant
to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not
reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is
unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks
to elicit confidential business information, competition-sensitive proprietary information,
and trade secrets; (5) seeks information protected by any rule, agreement, or duty of

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 23

confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

11. Produce any and all risk assessments and/or advice you provided to DuPont relating to actual or suspected health effects, diseases, treatments and/or treatment risks relating to PFCs.

RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 24

12. Produce any and all documents relating to or which reference PFCs that you disseminated, or planned to disseminate, in a public and/or private forum.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

13. Produce any and all documents and tangible things you provided to any and all vendors, contractors and/or consultants you retained and/or consulted in order to commence, perform, and/or complete any and all work relating to PFCs which was done for, at the request of, or on behalf of DuPont.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 25

Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

14. Produce any and all documents you received from any and all vendors, contractors and/or consultants you retained to sample, test and/or analyze PFCs that was done for, at the request of, or on behalf of DuPont.

RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

15. Produce any and all documents relating to any and all action you took to study, analyze, and/or investigate the effects and/or potential effects on humans or animals of any PFC, including any actual or potential health effects on humans or animals from exposure to any product containing or made with a PFC and/or PFC by-products.

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 26

**RESPONSE:** JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

16. Produce any and all documents relating to each and every epidemiological study and/or outcome you designed, conducted and/or analyzed in a real life and/or clinical setting relating to PFCs.

**RESPONSE:** JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to

**BEVERIDGE & DIAMOND**PC

J. Steven Justice, Esq.
October 8, 2007
Page 27

speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time.  Subject to and without waiving these objections, see attached documents.

17. Produce any and all documents relating to any and all post-market surveillance programs, studies and/or registries you designed, conducted and/or analyzed relating to PFCs.

**RESPONSE:** JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above.  Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time.  Subject to and without waiving these objections, see attached documents.

18. Produce any and all documents and/or reports relating to any and all analysis and/or interpretation you made of any published or unpublished clinical data relating to PFCs.

**RESPONSE:** JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above.  Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 28

confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

19. Produce any and all documents, including articles, abstracts, manuscripts, webpages and/or other documents, which you prepared for, at the request of, or on behalf of DuPont for publication, peer review, and/or for any media source.

RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 29

20. Produce any and all documents you drafted, reviewed, amended and/or analyzed relating to proposed legislation addressing, discussing and/or referencing PFCs.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

21. Produce any and all documents relating to your scope of work and payment of same, including but not limited to, service contracts, invoices, letters of intent, and/or engagement letters, between you and DuPont relating to the collection, storage, management, analysis and/or testing of PFCs.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 30

Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time.  Subject to and without waiving these objections, see attached documents.

22. Produce any and all documents relating to videos, media footage, slideshows and/or software, in any format which was created, developed, improved, studied and/or implemented for, at the request of, or on behalf of DuPont relating to PFCs.

RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the general objections above.  Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time.  Subject to and without waiving these objections, see attached documents.

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 31

Sincerely,

Nadira Clarke
Of Counsel

cc:    John Heinze (w/ enclosures)

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
October 8, 2007
Page 32

bcc:  Rowan C. Seidel
      Thomas Richichi

658573v1  Washington 0000DC

**EXHIBIT 3**



BEVERIDGE
& DIAMOND PC

Nadira Clarke
1350 I Street, N.W.
Suite 700
Washington, D.C. 20005-3311
Direct: (202) 789-6069
Fax: (202) 789-6190
nclarke@bdlaw.com

November 13, 2007

**VIA FEDEX**

J. Steven Justice, Esq.
Taft, Stettinius & Hollister, LLP
110 North Main Street, Suite 900
Dayton, OH 45402

      Re:    *Rhodes, et al. v. E.I. duPont De Nemours and Co.*
              Civil Action No. 06-1810 (S.D. WV)
              *Rowe, et al. v. E.I. duPont De Nemours and Co.*
              Civil Action No. 06-1810-RMB-AMD (D. NJ)

Dear Mr. Justice:

      In response to the third-party subpoenas issued by plaintiffs in the above-referenced proceedings on August 3, 2007, John Adams Associates, Inc. ("JAA") and the Environmental Health Research Foundation ("EHRF") hereby produce two (2) DVDs containing bate-stamp images of the responsive electronically stored information ("ESI") retrieved from the computers of JAA and EHRF.[1]  Previously, in correspondence dated August 20, 2007 (authored by JAA and EHRF's previous counsel) and October 8, 2007, JAA and EHRF objected to the subpoenas on a number of grounds, including the unnecessary breadth of the requests, and the undue production expense.  You were advised that notwithstanding the objections, and without waiving them, we would produce all responsive documents and ESI.

      The responsive hard-copy documents were produced to plaintiffs on October 8, 2007, at the expense of JAA and EHRF.  Pursuant to our written agreement on October 24, 2007, the

---

[1] In addition to the two DVDs produced today, JAA and EHRF will be producing CDs containing documents from their hardcopy files.  These documents were originally withheld due to questions of attorney-client privilege.  It is my understanding that SPI does not wish to assert privilege on these documents.  These documents will be produced in their entirety.  It is also my understanding that 3M does not wish to assert privilege as to all of the documents withheld.  3M will be contacting you with a privilege log for the documents withheld.  Due to restrictions on IT resources these CDs will be produced in the three days.

EXHIBIT
3

PENGAD 800-631-6989

NOV 13 2007

4

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 2

responsive ESI provided herewith is being produced with the express understanding that plaintiffs will provide reimbursement for half of the Information Technology (IT) costs and legal review costs associated with the production. In light of the rapidly approaching discovery deadline in the above-referenced proceedings you requested that JAA and EHRF produce complete their response to the subpoenas, including all responsive ESI, as quickly as possible. With those concerns in mind, I agreed to produce the ESI before the final costs are calculated, and without receipt of up-front payment. I will provide an invoice containing documentation of the relevant costs within fourteen days. I trust that you will act in good faith and provide payment for one-half of those costs within thirty days of receipt of the invoice.

As you are aware, the ESI maintained by JAA and EHRF constituted an enormous amount of information. Using a key word search of plaintiffs' choice, 17, 350 documents were identified as potentially responsive. JAA and EHRF's production provided herewith contains .pdf images of all documents generated by the key word search which we deemed responsive. As agreed, the ESI is not being provided in native format, but instead in .pdf images.

All privileged documents responsive to the third-party subpoenas have been removed from this production and will be listed in a separate privilege log and provided at a later date by the entity asserting the privilege. Documents which constitutes confidential business information are marked as such and are produced pursuant to, and consistent with, the requirements set forth in the respective confidentiality orders: the Discovery Confidentiality Order, dated March 5, 2007, in *Rowe, et al. v. E.I. duPont De Nemours and Co.* (D. NJ); and the Protective Order, dated November 28, 2006, in *Rhodes, et al. v. E.I. duPont De Nemours and Co.* (S.D. WV). As previously agreed, in identifying confidential documents, we have generally relied on the definition of "confidential information" contained in the Discovery Confidentiality Order in the *Rowe* case. While the protective order in the *Rhodes* case does not specifically refer to third-parties, we have also agreed that the terms obviously extend to JAA and EHRF. The inadvertent production or disclosure of any privileged, confidential or otherwise protected document shall not be deemed either a general waiver of privilege, confidentiality or work product protection as to the document inadvertently produced or disclosed.

In producing information responsive to the third-party subpoenas, JAA and EHRF re-assert the objections set forth in their correspondence dated August 20, 2007 and October 8, 2007. They further objects as follows:

## GENERAL OBJECTIONS

1. The subpoenas on JAA and EHRF are overly broad, unreasonably burdensome and onerous, and not designed to lead to the discovery of admissible evidence in the proceedings at issue.

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 3

2. The subpoenas seek information protected by the attorney-client privilege, work product privilege, executive privilege, confidential business information, or other applicable privilege.

3. JAA and EHRF object to the subpoenas to the extent that they seek confidential business information and trade secrets.

4. JAA and EHRF object to the subpoenas to the extent that they violate Fed. R. Civ. P. 26(b)(1).

5. JAA and EHRF object to use of the term "PFCs" in the subpoenas as overly broad, confusing, and ambiguous.

6. JAA objects each of the definitions and requests for production contained in the subpoenas as JAA was not retained by E.I. du Pont de Nemours and Co. as described in the subpoenas.[2]

7. JAA and EHRF reserve the right to raise additional objections to the definitions and production requests contained in plaintiffs' subpoenas, and to amend and/or supplement the objections set forth herein.

## EHRF's OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS

1. Produce any and all documents and/or ESI in your possession or control relating to the collection, storage, management, analysis and/or testing of samples for PFCs for, at the request of, or on behalf of DuPont.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client**

---

[2] This objection merits emphasis as plaintiffs have repeatedly misunderstood JAA and EHRF's relationship with Dupont.

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 4

privilege, attorney work-product doctrine, and any other applicable privilege or
protection; (7) seeks documents that are not within EHRF's "custody, control, or
possession" as such terms are defined by the Federal Rules of Civil Procedure and the
applicable case law; (8) seeks information that may be obtained from publicly available
sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties
and/or responsibilities over and above what is required by the Federal Rules of Civil
Procedure and applicable case law; (10) would require EHRF to speculate as to the
meaning of definitions, instructions, or production requests; (11) would require EHRF to
respond to requests for production that are more appropriately directed to parties and
non-parties other than EHRF; and (12) seeks production in less than a reasonable amount
of time. Subject to and without waiving these objections, see attached documents.

2. Produce any and all documents in your possession or control relating to any and all sampling
   and/or testing of biological material, water and soil, including but not limited to all samples
   of tissue (whether animal or human), blood, surface water, groundwater, drinking water,
   storm water, sludge, soils, sediments and/or vegetation for PFC for, at the request of, or on
   behalf of DuPont.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised
in correspondence dated August 20, 2007 and October 8, 2007 and the general objections
above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks
information that is not relevant to, or reasonably calculated to lead to the discovery of,
admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague,
ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or
disruptive of EHRF's operations; (4) seeks to elicit confidential business information,
competition-sensitive proprietary information, and trade secrets; (5) seeks information
protected by any rule, agreement, or duty of confidentiality which precludes or limits the
disclosure of such information; (6) seeks information subject to the attorney-client
privilege, attorney work-product doctrine, and any other applicable privilege or
protection; (7) seeks documents that are not within EHRF's "custody, control, or
possession" as such terms are defined by the Federal Rules of Civil Procedure and the
applicable case law; (8) seeks information that may be obtained from publicly available
sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties
and/or responsibilities over and above what is required by the Federal Rules of Civil
Procedure and applicable case law; (10) would require EHRF to speculate as to the
meaning of definitions, instructions, or production requests; (11) would require EHRF to
respond to requests for production that are more appropriately directed to parties and
non-parties other than EHRF; and (12) seeks production in less than a reasonable amount
of time. Subject to and without waiving these objections, see attached documents.**

3. Produce any and all documents, including but not limited to scientific and clinical literature,
   you received and/or reviewed at the request of, or on behalf of DuPont relating to PFCs.

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 5

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

4.  Produce any and all correspondence between Environmental Health Research Foundation and DuPont which relate to or reference PFCs.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 6

production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

5.  Produce any and all documents or notes that evidence communications between Environmental Health Research Foundation and DuPont that relate to reference PFCs.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

6.  Produce any and all communications and records of communications between Environmental Health Research Foundation and any consultant, contractor and/or contract laboratory(ies) relating to the collection, sampling, analysis and/or testing of samples for PFCs.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 7

protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

7.  Produce any and all documents relating to work which was done for, at the request of, or on behalf of DuPont relating to DuPont's Chambers Works plant in New Jersey and/or any associated water supply.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

8.  Produce any and all documents relating to samples analyzed for PFCs taken by or on behalf of DuPont relating to DuPont's Chamber Works plant in New Jersey and/or any associated

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 8

water supply, whether onsite or off-site, including but not limited to all samples of biologic tissue, blood, surface water, groundwater, drinking water, storm water, sludge, soils, sediments, and/or vegetation.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

9. Produce any and all documents relating to the use, toxicity (including but not limited to exposure and health data), characteristics, testing, storage, release, disposal, and/or destruction of PFCs relating to DuPont.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 9

possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

10. Produce any and all documents relating to any and all communications between Environmental Health Research Foundation and any local, state, and/or federal regulatory agency regarding PFCs found in any source including but not limited to water, soil, biologic tissue and/or blood samples.

RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and the October 8, 2007 and general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

11. Produce any and all risk assessments and/or advice you provided to DuPont relating to actual or suspected health effects, diseases, treatments and/or treatment risks relating to PFCs.

RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections

BEVERIDGE & DIAMOND pc

J. Steven Justice, Esq.
November 13, 2007
Page 10

above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

12. Produce any and all documents relating to or which reference PFCs that you disseminated, or planned to disseminate, in a public and/or private forum.

RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and

# BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 11

non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. **Subject to and without waiving these objections, see attached documents.**

13. Produce any and all documents and tangible things you provided to any and all vendors, contractors and/or consultants you retained and/or consulted in order to commence, perform, and/or complete any and all work relating to PFCs which was done for, at the request of, or on behalf of DuPont.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

14. Produce any and all documents you received from any and all vendors, contractors and/or consultants you retained to sample, test and/or analyze PFCs that was done for, at the request of, or on behalf of DuPont.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 12

protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

15. Produce any and all documents relating to any and all action you took to study, analyze, and/or investigate the effects and/or potential effects on humans or animals of any PFC, including any actual or potential health effects on humans or animals from exposure to any product containing or made with a PFC and/or PFC by-products.

RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

BEVERIDGE & DIAMOND pc

J. Steven Justice, Esq.
November 13, 2007
Page 13

16. Produce any and all documents relating to each and every epidemiological study and/or outcome you designed, conducted and/or analyzed in a real life and/or clinical setting relating to PFCs.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

17. Produce any and all documents relating to any and all post-market surveillance programs, studies and/or registries you designed, conducted and/or analyzed relating to PFCs.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the**

BEVERIDGE & DIAMOND PC

applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

18. Produce any and all documents and/or reports relating to any and all analysis and/or interpretation you made of any published or unpublished clinical data relating to PFCs.

RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of EHRF's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

19. Produce any and all documents, including articles, abstracts, manuscripts, webpages and/or other documents, which you prepared for, at the request of, or on behalf of DuPont for publication, peer review, and/or for any media source.

RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of,

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 15

admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague,
ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or
disruptive of EHRF's operations; (4) seeks to elicit confidential business information,
competition-sensitive proprietary information, and trade secrets; (5) seeks information
protected by any rule, agreement, or duty of confidentiality which precludes or limits the
disclosure of such information; (6) seeks information subject to the attorney-client
privilege, attorney work-product doctrine, and any other applicable privilege or
protection; (7) seeks documents that are not within EHRF's "custody, control, or
possession" as such terms are defined by the Federal Rules of Civil Procedure and the
applicable case law; (8) seeks information that may be obtained from publicly available
sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties
and/or responsibilities over and above what is required by the Federal Rules of Civil
Procedure and applicable case law; (10) would require EHRF to speculate as to the
meaning of definitions, instructions, or production requests; (11) would require EHRF to
respond to requests for production that are more appropriately directed to parties and
non-parties other than EHRF; and (12) seeks production in less than a reasonable amount
of time. Subject to and without waiving these objections, see attached documents.

20. Produce any and all documents you drafted, reviewed, amended and/or analyzed relating to
proposed legislation addressing, discussing and/or referencing PFCs.

RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised
in correspondence dated August 20, 2007 and October 8, 2007 and the general objections
above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks
information that is not relevant to, or reasonably calculated to lead to the discovery of,
admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague,
ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or
disruptive of EHRF's operations; (4) seeks to elicit confidential business information,
competition-sensitive proprietary information, and trade secrets; (5) seeks information
protected by any rule, agreement, or duty of confidentiality which precludes or limits the
disclosure of such information; (6) seeks information subject to the attorney-client
privilege, attorney work-product doctrine, and any other applicable privilege or
protection; (7) seeks documents that are not within EHRF's "custody, control, or
possession" as such terms are defined by the Federal Rules of Civil Procedure and the
applicable case law; (8) seeks information that may be obtained from publicly available
sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties
and/or responsibilities over and above what is required by the Federal Rules of Civil
Procedure and applicable case law; (10) would require EHRF to speculate as to the
meaning of definitions, instructions, or production requests; (11) would require EHRF to
respond to requests for production that are more appropriately directed to parties and
non-parties other than EHRF; and (12) seeks production in less than a reasonable amount
of time. Subject to and without waiving these objections, see attached documents.

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 16

21. Produce any and all documents relating to your scope of work and payment of same,
    including but not limited to, service contracts, invoices, letters of intent, and/or engagement
    letters, between you and DuPont relating to the collection, storage, management, analysis
    and/or testing of PFCs.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised
in correspondence dated August 20, 2007 and October 8, 2007 and the general objections
above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks
information that is not relevant to, or reasonably calculated to lead to the discovery of,
admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague,
ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or
disruptive of EHRF's operations; (4) seeks to elicit confidential business information,
competition-sensitive proprietary information, and trade secrets; (5) seeks information
protected by any rule, agreement, or duty of confidentiality which precludes or limits the
disclosure of such information; (6) seeks information subject to the attorney-client
privilege, attorney work-product doctrine, and any other applicable privilege or
protection; (7) seeks documents that are not within EHRF's "custody, control, or
possession" as such terms are defined by the Federal Rules of Civil Procedure and the
applicable case law; (8) seeks information that may be obtained from publicly available
sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties
and/or responsibilities over and above what is required by the Federal Rules of Civil
Procedure and applicable case law; (10) would require EHRF to speculate as to the
meaning of definitions, instructions, or production requests; (11) would require EHRF to
respond to requests for production that are more appropriately directed to parties and
non-parties other than EHRF; and (12) seeks production in less than a reasonable amount
of time. Subject to and without waiving these objections, see attached documents.**

22. Produce any and all documents relating to videos, media footage, slideshows and/or
    software, in any format which was created, developed, improved, studied and/or
    implemented for, at the request of, or on behalf of DuPont relating to PFCs.

**RESPONSE: EHRF directs plaintiffs to every objection to plaintiffs' subpoenas as raised
in correspondence dated August 20, 2007 and October 8, 2007 and the general objections
above. Furthermore, EHRF objects to this request on the grounds that it: (1) seeks
information that is not relevant to, or reasonably calculated to lead to the discovery of,
admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague,
ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or
disruptive of EHRF's operations; (4) seeks to elicit confidential business information,
competition-sensitive proprietary information, and trade secrets; (5) seeks information
protected by any rule, agreement, or duty of confidentiality which precludes or limits the
disclosure of such information; (6) seeks information subject to the attorney-client
privilege, attorney work-product doctrine, and any other applicable privilege or**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 17

protection; (7) seeks documents that are not within EHRF's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on EHRF duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require EHRF to speculate as to the meaning of definitions, instructions, or production requests; (11) would require EHRF to respond to requests for production that are more appropriately directed to parties and non-parties other than EHRF; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

## JAA's OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS

1. Produce any and all documents and/or ESI in your possession or control relating to the collection, storage, management, analysis and/or testing of samples for PFCs for, at the request of, or on behalf of DuPont.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 18

2. Produce any and all documents in your possession or control relating to any and all sampling and/or testing of biological material, water and soil, including but not limited to all samples of tissue (whether animal or human), blood, surface water, groundwater, drinking water, storm water, sludge, soils, sediments and/or vegetation for PFC for, at the request of, or on behalf of DuPont.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

3. Produce any and all documents, including but not limited to scientific and clinical literature, you received and/or reviewed at the request of, or on behalf of DuPont relating to PFCs.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 19

protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

4. Produce any and all correspondence between Adams and DuPont which relate to or reference PFCs.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

5. Produce any and all documents or notes that evidence communications between Adam and DuPont that relate to reference PFCs.

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 20

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

6. Produce any and all communications and records of communications between Adam and any consultant, contractor and/or contract laboratory(ies) relating to the collection, sampling, analysis and/or testing of samples for PFCs.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 21

and applicable case law; (10) would require JAA to speculate as to the meaning of
definitions, instructions, or production requests; (11) would require JAA to respond to
requests for production that are more appropriately directed to parties and non-parties
other than JAA; and (12) seeks production in less than a reasonable amount of time.
Subject to and without waiving these objections, see attached documents.

7.  Produce any and all documents relating to work which was done for, at the request of, or on
    behalf of DuPont relating to DuPont's Washington Works plant in West Virginia and/or the
    Parkersburg City water supply.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in
correspondence dated August 20, 2007 and October 8, 2007 and the general objections
above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks
information that is not relevant to, or reasonably calculated to lead to the discovery of,
admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague,
ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or
disruptive of JAA's operations; (4) seeks to elicit confidential business information,
competition-sensitive proprietary information, and trade secrets; (5) seeks information
protected by any rule, agreement, or duty of confidentiality which precludes or limits the
disclosure of such information; (6) seeks information subject to the attorney-client
privilege, attorney work-product doctrine, and any other applicable privilege or
protection; (7) seeks documents that are not within JAA's "custody, control, or possession"
as such terms are defined by the Federal Rules of Civil Procedure and the applicable case
law; (8) seeks information that may be obtained from publicly available sources or
otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or
responsibilities over and above what is required by the Federal Rules of Civil Procedure
and applicable case law; (10) would require JAA to speculate as to the meaning of
definitions, instructions, or production requests; (11) would require JAA to respond to
requests for production that are more appropriately directed to parties and non-parties
other than JAA; and (12) seeks production in less than a reasonable amount of time.
Subject to and without waiving these objections, see attached documents.**

8.  Produce any and all documents relating to samples analyzed for PFCs taken by or on behalf
    of DuPont relating to DuPont's Washington Works plant in West Virginia and/or the
    Parkersburg City water supply, whether onsite or off-site, including but not limited to all
    samples of biologic tissue, blood, surface water, groundwater, drinking water, storm water,
    sludge, soils, sediments, and/or vegetation.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in
correspondence dated August 20, 2007 and October 8, 2007 and the general objections
above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks
information that is not relevant to, or reasonably calculated to lead to the discovery of,**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 22

admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

9.  Produce any and all documents relating to the use, toxicity (including but not limited to exposure and health data), characteristics, testing, storage, release, disposal, and/or destruction of PFCs relating to DuPont.

RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 23

other than JAA; and (12) seeks production in less than a reasonable amount of time.
**Subject to and without waiving these objections, see attached documents.**

10. Produce any and all documents relating to any and all communications between Adam and
    any local, state, and/or federal regulatory agency regarding PFCs found in any source
    including but not limited to water, soil, biologic tissue and/or blood samples.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in
correspondence dated August 20, 2007 and October 8, 2007 and the general objections
above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks
information that is not relevant to, or reasonably calculated to lead to the discovery of,
admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague,
ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or
disruptive of JAA's operations; (4) seeks to elicit confidential business information,
competition-sensitive proprietary information, and trade secrets; (5) seeks information
protected by any rule, agreement, or duty of confidentiality which precludes or limits the
disclosure of such information; (6) seeks information subject to the attorney-client
privilege, attorney work-product doctrine, and any other applicable privilege or
protection; (7) seeks documents that are not within JAA's "custody, control, or possession"
as such terms are defined by the Federal Rules of Civil Procedure and the applicable case
law; (8) seeks information that may be obtained from publicly available sources or
otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or
responsibilities over and above what is required by the Federal Rules of Civil Procedure
and applicable case law; (10) would require JAA to speculate as to the meaning of
definitions, instructions, or production requests; (11) would require JAA to respond to
requests for production that are more appropriately directed to parties and non-parties
other than JAA; and (12) seeks production in less than a reasonable amount of time.
Subject to and without waiving these objections, see attached documents.**

11. Produce any and all risk assessments and/or advice you provided to DuPont relating to actual
    or suspected health effects, diseases, treatments and/or treatment risks relating to PFCs.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in
correspondence dated August 20, 2007 and October 8, 2007 and the general objections
above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks
information that is not relevant to, or reasonably calculated to lead to the discovery of,
admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague,
ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or
disruptive of JAA's operations; (4) seeks to elicit confidential business information,
competition-sensitive proprietary information, and trade secrets; (5) seeks information
protected by any rule, agreement, or duty of confidentiality which precludes or limits the
disclosure of such information; (6) seeks information subject to the attorney-client**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 24

privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

12. Produce any and all documents relating to or which reference PFCs that you disseminated, or planned to disseminate, in a public and/or private forum.

**RESPONSE:** JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

13. Produce any and all documents and tangible things you provided to any and all vendors, contractors and/or consultants you retained and/or consulted in order to commence, perform,

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 25

and/or complete any and all work relating to PFCs which was done for, at the request of, or on behalf of DuPont.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

14. Produce any and all documents you received from any and all vendors, contractors and/or consultants you retained to sample, test and/or analyze PFCs that was done for, at the request of, or on behalf of DuPont.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case**

BEVERIDGE & DIAMONDᴘᴄ

J. Steven Justice, Esq.
November 13, 2007
Page 26

law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

15. Produce any and all documents relating to any and all action you took to study, analyze, and/or investigate the effects and/or potential effects on humans or animals of any PFC, including any actual or potential health effects on humans or animals from exposure to any product containing or made with a PFC and/or PFC by-products.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

16. Produce any and all documents relating to each and every epidemiological study and/or outcome you designed, conducted and/or analyzed in a real life and/or clinical setting relating to PFCs.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 27

above. **Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

17. Produce any and all documents relating to any and all post-market surveillance programs, studies and/or registries you designed, conducted and/or analyzed relating to PFCs.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 28

other than JAA; and (12) seeks production in less than a reasonable amount of time. **Subject to and without waiving these objections, see attached documents.**

18. Produce any and all documents and/or reports relating to any and all analysis and/or interpretation you made of any published or unpublished clinical data relating to PFCs.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

19. Produce any and all documents, including articles, abstracts, manuscripts, webpages and/or other documents, which you prepared for, at the request of, or on behalf of DuPont for publication, peer review, and/or for any media source.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 29

privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

20. Produce any and all documents you drafted, reviewed, amended and/or analyzed relating to proposed legislation addressing, discussing and/or referencing PFCs.

**RESPONSE:** JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

21. Produce any and all documents relating to your scope of work and payment of same, including but not limited to, service contracts, invoices, letters of intent, and/or engagement

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 30

letters, between you and DuPont relating to the collection, storage, management, analysis and/or testing of PFCs.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.**

22. Produce any and all documents relating to videos, media footage, slideshows and/or software, in any format which was created, developed, improved, studied and/or implemented for, at the request of, or on behalf of DuPont relating to PFCs.

**RESPONSE: JAA directs plaintiffs to every objection to plaintiffs' subpoenas as raised in correspondence dated August 20, 2007 and October 8, 2007 and the general objections above. Furthermore, JAA objects to this request on the grounds that it: (1) seeks information that is not relevant to, or reasonably calculated to lead to the discovery of, admissible evidence; (2) is not reasonably limited in scope, is overly broad, vague, ambiguous, and confusing; (3) is unreasonably or unduly burdensome, onerous, or disruptive of JAA's operations; (4) seeks to elicit confidential business information, competition-sensitive proprietary information, and trade secrets; (5) seeks information protected by any rule, agreement, or duty of confidentiality which precludes or limits the disclosure of such information; (6) seeks information subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege or protection; (7) seeks documents that are not within JAA's "custody, control, or possession" as such terms are defined by the Federal Rules of Civil Procedure and the applicable case**

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 13, 2007
Page 31

law; (8) seeks information that may be obtained from publicly available sources or otherwise equally available to plaintiffs; (9) purports to impose on JAA duties and/or responsibilities over and above what is required by the Federal Rules of Civil Procedure and applicable case law; (10) would require JAA to speculate as to the meaning of definitions, instructions, or production requests; (11) would require JAA to respond to requests for production that are more appropriately directed to parties and non-parties other than JAA; and (12) seeks production in less than a reasonable amount of time. Subject to and without waiving these objections, see attached documents.

Sincerely,

Nadira Clarke
Of Counsel

cc:   John Heinze (w/ enclosures)
      John Adams (w/ enclosures)
      Rob Bilott (w/enclosures)

# EXHIBIT 4



**BEVERIDGE & DIAMOND** PC

Nadira Clarke
1350 I Street, N.W.
Suite 700
Washington, D.C. 20005-3311
Direct: (202) 789-6069
Fax: (202) 789-6190
nclarke@bdlaw.com

November 16, 2007

**VIA FEDEX**

J. Steven Justice, Esq.
Taft, Stettinius & Hollister, LLP
110 North Main Street, Suite 900
Dayton, OH 45402

      Re:    *Rhodes, et al. v. E.I. duPont De Nemours and Co.*
              Civil Action No. 06-1810 (S.D. WV)
              *Rowe, et al. v. E.I. duPont De Nemours and Co.*
              Civil Action No. 06-1810-RMB-AMD (D. NJ)

Dear Mr. Justice:

    Enclosed is a supplemental production of documents in response to the August 3, 2007 subpoenas served on John Adams Associates, Inc. ("JAA") and Environmental Health Research Foundation ("EHRF"). These documents consist of both hard-copy documents from the files and electronically stored information retrieved from the computers of JAA and EHRF. These documents were originally withheld from the original production due to attorney-client privilege concerns on behalf of 3M and the Society of Plastics Industry ("SPI"). We understand that 3M and SPI are not claiming privilege as to these documents. There are a number of document for which 3M will be asserting privilege. As soon as we receive a log of those documents from 3M's counsel we will produce the log to you. We expect to receive the log no later than Monday, November 19, 2007 and will forward it to you the same day we receive it.

EXHIBIT

4

PENGAD 800-631-6989

NOV 1 9 2007

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 16, 2007
Page 2


We incorporate by reference all defenses and objections made during the November 13, 2007 and October 8, 2007 productions as if fully restated here.

Thank you for understanding the considerable amount of time it took to review and produce a production this size.  As far as we are aware, these documents complete JAA's and EHRF's obligations under the August 3, 2007 subpoenas.



Sincerely,

Nadira Clarke
Of Counsel



cc:    John Heinze (w/ enclosures)
       John Adams (w/ enclosures)
       Rob Bilott (w/enclosures)

**EXHIBIT 5**



BEVERIDGE
& DIAMOND PC

Nadira Clarke
1350 I Street, N.W.
Suite 700
Washington, D.C. 20005-3311
Direct: (202) 789-6069
Fax: (202) 789-6190
nclarke@bdlaw.com

November 20, 2007

**VIA FEDEX**

J. Steven Justice, Esq.
Taft, Stettinius & Hollister, LLP
110 North Main Street, Suite 900
Dayton, OH 45402

Re:    *Rhodes, et al. v. E.I. duPont De Nemours and Co.*
        Civil Action No. 06-1810 (S.D. WV)
        *Rowe, et al. v. E.I. duPont De Nemours and Co.*
        Civil Action No. 06-1810-RMB-AMD (D. NJ)

Dear Mr. Justice:

Enclosed please find correspondence and a privilege log pertaining to approximately 100 hard-copy and electronic documents in the possession of John Adams Associates, Inc. ("JAA") and the Environmental Health Research Foundation ("EHRF"), and which are responsive to the third-party subpoenas in the above-referenced proceedings, dated August 3, 2007. JAA and EHRF provided counsel for 3M Company the opportunity to review all hard copy documents and electronically stored information (ESI) responsive to the subpoenas in order to determine whether any documents were subject to the attorney-client or work product privilege. The attached privilege log sets forth those documents which 3M Company intends to claim as privileged. The attached correspondence dated November 19, 2007, provides additional information related to the documents and directs JAA and EHRF to produce the privilege log to counsel for plaintiffs.



EXHIBIT
5
PENGAD 800-631-6989

NOV 2 1 2007

BEVERIDGE & DIAMOND PC

J. Steven Justice, Esq.
November 20, 2007
Page 2

      With this final production of the privilege log related to 3M Company documents, JAA and EHRF have completed their response to the subpoenas. A copy of the invoice outlining the charges for which you agreed to provide reimbursement will be provided shortly. Please do not hesitate to contact me if you have any questions.

Sincerely,

Nadira Clarke
Of Counsel

cc:   John Heinze (w/attachment)
       John Adams (w/attachment)

# KING & SPALDING

King & Spalding LLP
1700 Pennsylvania Avenue, N.W
Washington, DC 20006-4706
www.kslaw.com

Direct Dial: (202) 626-3743
Direct Fax:  (202) 626-3737
KRhyne@kslaw.com

November 19, 2007

**VIA COURIER**

Nadira Clarke, Esq.
Beveridge & Diamond
1350 I Street, NW
Suite 700
Washington, DC 20005-3311
(202) 789-6069

> **Re:     Privilege Log of 3M Company for John Adams Associates Inc. Response to Subpoenas in *Rhodes, et al. v. E.I. duPont De Nemours and Co.*, Civil Action No. 06-1810 (S.D. WV), and *Rowe, et al. v. E.I. duPont de De Nemours and Co.*, Civil Action No. 06-1810-RMB-AMD (D. NJ)**

Dear Ms. Clarke:

On behalf of our client 3M Company, thank you for giving us the opportunity to review those documents that relate to 3M in the response of John Adams Associates Inc. to third party subpoenas issued in the *Rhodes* and *Rowe* litigation against DuPont.

As you know, 3M is not a party to those cases, and objects to the use of subpoenas in those cases as a means to conduct discovery related to 3M. The discovery sought with respect to 3M is not relevant in either of those cases. Rather, it appears to be an improper effort by the law firms suing 3M in an unrelated case pending in state court in Minnesota, *Maslowski, et al. v. 3M*, No. C2-04-6309 (Washington County, Minnesota), to conduct discovery related to 3M having nothing to do with the *Rhodes* and *Rowe* litigation.

Nevertheless, we understand that your client is responding to the subpoenas, and we appreciate your consideration in allowing us to review the John Adams production for potential privilege and attorney work product claims by 3M.

Outside counsel for 3M retained John Adams Associates in September 1998, and has assisted both inside and outside counsel to 3M in rendering legal advice and preparing for litigation and regulatory proceedings regarding fluorochemicals. We have identified approximately 100 documents in the hardcopy documents and electronically stored information you have made available to us through November 16, 2007 with respect to which 3M asserts attorney-client privilege or attorney work product claims. We ask that you withhold these documents from production on that basis. The individual documents are identified on the

Nadira Clarke, Esq.
November 19, 2007
Page 2

enclosed privilege log marked as Attachment A to this letter.   We ask that you please provide
this letter and the enclosed privilege log in lieu of the listed documents in response to the
subpoena.

       Please let me know if you have any questions.

                      Sincerely yours,

                      *Katherine L. Rhyne*

                      Katherine L. Rhyne
                      Counsel for 3M Company

Enclosure

cc:  Cooper S. Ashley, Esq.
     Michael C. McCarthy, Esq.
       (Counsel for 3M)