UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re JOHN ADAMS ASSOCIATES, INC., ) ) ) WILLIAM R. RHODES, et al. ) ) Plaintiffs, ) ) v. ) ) JOHN ADAMS ASSOCIATES, INC., ) ) Defendant. ) ) | Miscellaneous Case No. 07-577 (RBW) |

ORDER

On December 28, 2007, the plaintiffs in two civil suits pending in different jurisdictions, Rhodes v. E.I. Dupont Demours and Co., Civil Action Case No. 6:06-530 (S.D. W. Va.) (the "West Virginia Proceeding"), and Rowe v. E.I. Dupont Demours and Co., Civil Action Case No. 06-1810-RMB-AMD (D.N.J.) (the "New Jersey Proceeding"),[1] filed a motion to compel John Adams Associates, Inc. ("John Adams") "to produce documents and electronically stored information responsive to subpoenas issued" in the West Virginia and New Jersey Proceedings. Plaintiffs' Motion to Compel Production Pursuant to a Subpoena and Memorandum of Law in Support at 1. On January 11, 2008, John Adams filed a joint opposition to the plaintiffs' motion

---

[1] The plaintiffs in the West Virginia Proceeding are William R. Rhodes, Russell H. Miller, and Valori A. Mace. The plaintiffs in the New Jersey Proceeding are Richard Rowe, Mary L. Carter, Michelle E. Tomarchio, Regina M. Trout, Allen K. Moore, Catherine A. Lawrence, and Kathleen K. Lemke on behalf of DJL, Jr.

with 3M Company ("3M"), which "retained [John Adams] in 1998 as a litigation consultant to assist in preparing for anticipated regulatory proceedings and litigation related to perflourochemicals"–the subject of the plaintiffs' subpoenas.  Joint Opposition of John Adams Associates Inc. and 3M Company to Plaintiffs' Motion to Compel Production of Privileged Documents at 2.  3M also filed a motion to intervene in this miscellaneous case on that same day.  3M Company's Motion to Intervene at 1.

Pursuant to this Court's local rules, and taking into account the three additional days afforded by Federal Rule of Civil Procedure 6(d) for motions served by mail, the plaintiffs' opposition to 3M's motion was due on or before January 25, 2008.  See Local Civ. R. 7(b) (providing that the Court may "treat as conceded" a motion to which no opposition is filed "[w]ithin 11 days of the date of service" of that motion).  That deadline has expired, yet no opposition has been filed.  The Court will therefore treat 3M's motion as conceded and grant 3M permission to intervene in this case pursuant to Federal Rule of Civil Procedure 24.

The plaintiffs' motion to compel, however, is not so easily resolved.  The Court cannot rule on the substance of the motion until it has determined whether it should review the documents at issue in camera and, if so, how that review should proceed as a logistical matter.  The Court will therefore set a hearing on the plaintiffs' motion to address that threshold issue.

Accordingly, it is

**ORDERED** that 3M Company's Motion to Intervene is **GRANTED**.  It is further

**ORDERED** that the parties shall appear before this Court on February 19, 2008, at 10:30 a.m for a hearing on the Plaintiffs' Motion to Compel Production Pursuant to a Subpoena.

**SO ORDERED** this 30th day of January, 2008.

                                        REGGIE B. WALTON
                                        United States District Judge