## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: JOHN ADAMS ASSOCIATES, INC. | Case No. 1:07-mc-00577 |
| | (Judge Reggie B. Walton) |
| **Related Cases:** | |
| WILLIAM R. RHODES; RUSSELL H. MILLER; and VALORI A. MACE, | Civil Action Case No. 6:06-530 |
| | S.D. W. Va. (Parkersburg Division) |
| Plaintiffs, | |
| v | |
| E.I. DUPONT DEMOURS AND COMPANY, | |
| Defendant. | |
| and | |
| RICHARD ROWE; MARY L. CARTER; MICHELLE E. TOMARCHIO; REGINA M. TROUT; ALLEN K. MOORE; CATHERINE A. LAWRENCE; and KATHLEEN K. LEMKE, as Parent and Personal Guardian of DJL, Jr., | Civil Action Case No. 06-1810-RMB-AMD |
| | D.N.J. (Camden Vicinage) |
| Plaintiffs, | |
| v | |
| E.I. DUPONT DEMOURS AND COMPANY, | |
| Defendant. | |

**PLAINTIFFS' NOTICE OF FILING OF SUPPLEMENTAL AUTHORITY RELEVANT TO MOTION TO COMPEL PRODUCTION PURSUANT TO A SUBPOENA**

Attached hereto for the Court's consideration in assessing the pending Motion to Compel is a recent decision from a State Court in Minnesota (in a case where 3M is a party) which bears directly on the withheld documents at issue in said Motion. (Ex. A, 2/07/08 Order Providing Guidance on Attorney-Client and Work Product Issues Pursuant to *In Camera* Review.) This decision was issued after the parties' briefing on the Motion had been completed.

On December 28, 2007, Plaintiffs filed a Motion to Compel requesting that the Court order Defendant John A. Adams Associates, Inc. ("JAA") to disclose several documents on Defendant's privilege log and/or review such documents in camera and thereafter determine if such disclosure was appropriate. At issue in the Motion were several documents concerning public relations work JAA performed for 3M Company ("3M"). On January 11, 2008, along with Intervening Defendant 3M, JAA filed its opposition to Plaintiffs' Motion. On January 18, 2008, Plaintiffs filed a Reply Brief in response to JAA's and 3M's opposition and in further support of the Motion.

Concurrent with this action, 3M is a defendant in a state court action pending in Minnesota. *See Terry Maslowski*, *et al. v. 3M Company*, Tenth Judicial District, Civil File No. C2-04-6309 (Hannon, J.; Lebedoff, Special Master). On February 7, 2008, Special Master Lebedoff issued an Order with respect to several of 3M's allegedly privileged public relations documents – including many of the same or same type of documents contained on 3M's privilege log in the instant matter – ruling that the same are not covered by the work product doctrine or the attorney-client privilege. (Ex. A at 4-5.)

Subsequent to and in light of this ruling, counsel for 3M informed Plaintiffs in this matter that most of the challenged privilege log entries would be produced. Given the few remaining challenges on the privilege log, 3M also indicated that it will not oppose the Court's *in camera*

review of the remaining challenged entries.  This information was conveyed by 3M to all parties and the Court's clerk during a phone conference on or about February 15, 2008.  The Court may find the attached decision helpful, therefore, not only in assessing why 3M has now elected to produce, voluntarily, most of the challenged entries, but also in assessing whether it is appropriate to order production of the remaining challenged entries.

                Respectfully submitted,

/s/ Karen J. Marcus
Karen J. Marcus (D.C. Bar # 486435)
Mila F. Bartos   (D.C. Bar #464227)
Finkelstein Thompson LLP
The Duvall Foundry
1050 30th Street N.W.
Washington, D.C.  20007
(Tel) (202) 337-8000
(Fax)   (202) 337-8090
kmarcus@finkelsteinthompson.com
mbartos@finkelsteinthompson.com


 /s/  J. Steven Justice
J. Steven Justice (OSB# 0063719)
Taft Stettinius & Hollister LLP
110 North Main Street, Suite 900
Dayton, OH  45402
(Tel)    937-228-2816
(Fax)   937-228-2816
justice@taftlaw.com

## CERTIFICATE OF SERVICE

      I certify that on February 22, 2008, I caused a copy of Plaintiffs' Notice of Filing of Supplemental Authority to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following:

    Katherine L. Rhyne
    King & Spalding LLP
    1700 Pennsylvania Avenue, NW
    Washington, DC  20006

    Thomas Richichi
    Nadira Clarke
    Beveridge & Diamond, P.C.
    1350 I Street, N.W., Suite 700
    Washington, D.C.  20005

Notice will be sent to the following via First Class Mail:

    Michael C. McCarthy
    Maslon Edelman Borman & Brand, LLP
    3300 Wells Faro Center
    90 South Seventh Street
    Minneapolis, MN  55402-4140

Dated:  February 22, 2008

                                                          Karen J. Marcus

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF WASHINGTON | TENTH JUDICIAL DISTRICT |

| | |
|---|---|
| Terry Maslowski, Pamela Maslowski, Gary A. Paulson and Karen Paulson, William Henry, and Bradley Krank, individually | **ORDER PROVIDING "GUIDANCE" ON ATTORNEY-CLIENT AND WORK PRODUCT ISSUES PURSUANT TO *IN CAMERA* REVIEW** |
| Plaintiffs, | Case Type:    Other Civil<br>Civil File No. C2-04-6309<br>Hon. Mary E. Hannon<br>Special Master Jonathan G. Lebedoff |
| v. | |
| 3M Company, | |
| Defendant. | |

The above-entitled matter came on for hearing before Special Master Jonathan G. Lebedoff on November 12, 2007, on Plaintiffs' Renewed Motion Relating to 3M's Privilege Claims. Appearances are noted in the record.

On December 3, 2007, the Undersigned ordered an *in camera* review of select documents being withheld from production by Defendant on the grounds of attorney-client privilege and/or work product. This Special Master has completed a detailed review of the first phase of documents provided to it with affidavit support[1] and hopes that the guidance provided herein regarding those documents will assist the parties in determining much of the status of the

---

[1] This first phase consists of all of the documents that have affidavit support on the CD entitled "Selected Category 1, 2, 4, 5, and 12 Documents from 3M's Privilege Log for In Camera Review by Special Master December 21, 2007." The Undersigned was also able to review and address "Non-Affiant Category 12", and those rulings are included in this Order.
    The Undersigned also began a review of documents for which there was no affidavit support in categories 1, 2, 4, and 5, but found it generally unproductive given the information available. While some additional direction on those documents will be forthcoming when this Special Master provides the upcoming rulings on the "clawback" documents, the Undersigned hopes and expects that the guidance obtained from this Order will obviate the need for additional orders on those documents.

1

remainder of the withheld documents. The Undersigned expects to continue reviewing documents in order to advise on the bulk of the "clawback" documents, as well as a portion of the second phase of documents provided by Defendant, and an order providing guidance on those documents will be forthcoming shortly. However, in order to begin moving the parties and process forward, the Undersigned is providing this interim "guidance" as requested by the parties.[2]

## I.   LEGAL STANDARDS

Everyone can agree on the general, hornbook principle of attorney-client privilege: a client's confidential communications relating to legal advice, pursuant to a request for legal advice from a professional legal adviser, are protected from disclosure unless waived. *Kobluk v. University of Minnesota*, 574 N.W.2d 436, 440 (Minn. 1998). The definition of "work product" is similarly non-controversial, being defined at Minnesota Rule of Civil Procedure 26.02(c) as documents "prepared in anticipation of litigation or for trial."

### A.   General Privilege Scope

Despite general acceptance of the basic definitions of privilege and work product, there can be substantial variation in their application, depending on the circumstances and the reviewing court. Plaintiffs urge the wholesale adoption of the principles set forth in *In re: Vioxx Prods. Liability Litig.*, 501 F.Supp.2d 789 (E.D. La. 2007). Although *In re: Vioxx* reflects an exhaustive

---

[2] Parties withholding documents on the basis of privilege make determinations as to what should properly be withheld based on a number of factors, including the risk that disclosure of one borderline-privilege document may unintentionally result in a waiver of privilege as to more validly-claimed privileged documents. In this case, it appears that the extensive and undoubtedly difficult "meet and confer" process has motivated Defendant to withdraw a number of its documents from the privilege log, in part based on Plaintiffs' agreement that disclosure of such documents will not result in subject-matter waiver as to other documents. The Undersigned applauds both parties' efforts in this respect. Pursuant to Plaintiffs' request, the Undersigned has reviewed some of the recently-disclosed documents. In order to ease the continuing, laborious process of determining the appropriate lines of privilege, the parties should understand that this Special Master is not inclined to find that a party has waived privilege by disclosing related documents, where the disclosure is made in a good faith effort to provide the requesting party with responsive documents.

and detailed review of both the documents in that case and its applicable law, the Undersigned has determined that most of the issues raised by the *in camera* review may be appropriately addressed by applying existing Minnesota state and federal law on privilege and work product.

In reviewing the documents, the Undersigned generally first questioned whether the document contained a communication in which legal advice was "sought or rendered." *Kobluk*, 574 N.W.2d at 444. Because of the large volume of documents involving a few in-house lawyers and a large number of non-lawyer corporate employees, it was also important to question whether the communications were made primarily for ordinary business purposes or for seeking and rendering legal advice. *See, e.g., Mission Nat'l v. Lilly*, 112 F.R.D. 160, 163-64 (D. Minn. 1986).

The Undersigned understands the importance of preserving the privilege and the difficulty in designating documents for inclusion on the privilege log; in review of the documents, however, it was determined that Defendant has, in some instances, been excessively zealous in protecting the boundaries of privilege. In reviewing the documents and supporting affidavits, the Undersigned has found withheld documents that appear simply too far-removed from legal advice or analysis to merit protection. In many such cases, several non-lawyers appear on the documents, and from the face of the documents, the discussions contained therein are primarily business-related, as opposed to communications relating to legal advice or services. It is the Undersigned's hope that, by reviewing the determinations made by the Undersigned on the documents, the parties will be provided with the "guidance" they need in assisting them in determining where to draw the line on privilege.

    **B.**    **Consultants**

Many of the documents being withheld relate to consultants retained by Defendant's counsel, purportedly to assist Defendant in anticipation of possible litigation with either governmental authorities or Plaintiffs. Although a significant dispute exists between the parties as to whether documents relating to communications with outside consultants retained by counsel may be privileged or work product, the Undersigned finds some direction from Minnesota federal court cases relating to the role of consultants. The United States District Court for the District of Minnesota has found that communications with independent consultants hired to do investigative work in anticipation of litigation may be considered work product. *Bituminous Casualty Corp. v. Tonka Corp.*, 140 F.R.D. 381, 389 (D. Minn. 1992). Moreover, where a consultant works so closely with a client that the consultant is considered the "functional equivalent" of an employee of the client, legal communications with that consultant may be covered by the attorney-client privilege. *In re Beiter*, 16 F.3d 929, 938-40 (8th Cir. 1994).

Although the work product doctrine and attorney-client privilege may apply to communications with certain consultants, the Undersigned is less inclined to apply these protective doctrines as broadly as Defendant has. First, Defendant has withheld several documents in which non-lawyers and/or outside public relations professionals are seeking feedback from lawyers on public statements. In many of these instances, feedback is being sought from business people and lawyers simultaneously. It is this Special Master's opinion that general commentary by lawyers on public relations documents is simply not privileged or work product. Moreover, many of these communications were made with third-party public relations professionals. Defendant has not proffered sufficient proof that such third-party firms were acting as the "functional equivalent" of an employee of Defendant, as detailed and described in *In re Beiter*. Nor has Defendant proffered sufficient factual or legal support for the notion that

public relations professionals provide counsel with the kind of investigative assistance in litigation which has merited work product protection under *Bituminous*. Accordingly, many of the documents that are being released with this Order relate to public relations communications.

For documents that relate to third-party consultants' investigative efforts in apparent anticipation of litigation with government authorities or with Plaintiffs, the Undersigned is allowing the documents to remain protected by the work product doctrine. However, in most such instances, the Undersigned did not find the attorney-client privilege to attach to the communications. Accordingly, a number of documents that may remain protected by the work product doctrine may not be appropriately designated as privileged.

C. **Drafts**

The Supreme Court of Minnesota has determined that the attorney-client privilege may attach to preliminary drafts of a document, exchanged between a lawyer and a client, when the final version is provided to a third party. *Kobluk*, 574 N.W.2d 436. As such, Defendant has withheld a number of draft documents that were circulated to counsel, on the grounds that comparing the draft document with the final form could reveal legal advice. In *Kobluk*, only the lawyer and the document's author saw the draft document before it was published, a fact that the Minnesota Supreme Court specifically noted in finding that the confidentiality of the drafts was maintained. *Id.* at 445. On review of the documents in issue here, however, it appeared that draft documents were typically circulated amongst several people, lawyers and non-lawyers alike. On the record before the Undersigned, then, it would seem impossible to determine what changes to a draft, if any, were made by lawyers for the purpose of legal advice as opposed to ordinary business edits by lawyers or others. Accordingly, the Undersigned finds several of the draft documents to be unprotected by the attorney-client privilege.

## II. DOCUMENTS TO BE RECLASSIFIED

Based on this Special Master's *in camera* review, the following documents, listed by beginning Bates number, shall be reclassified as noted:

*Removal of attorney-client privilege and work product designations*

3MP00006810
3MP00006964
3MP00007758
3MP00012247
3MP00019324
3MP00019873
3MP00019874
3MP00030902
3MP00030903
3MP00033772
3MP00048227
3MP00050634
3MP00069836
3MP00069844
3MP00070855
3MP00070867
3MP00086737
3MP00061828
3MP00014851
3MP00014863
3MP00014869
3MP00014905
3MP00014920
3MP00014926
3MP00014938
3MP00014962
3MP00014966
3MP00015167
3MP00015218
3MP00015248
3MP00074905
3MP00002092
3MP00006740
3MP00009213
3MP00012856
3MP00012860
3MP00012966
3MP00012976
3MP00012977

3MP00017715
3MP00020001
3MP00033575
3MP00036001
3MP00036025
3MP00049133
3MP00056557
3MP00060769
3MP00060824
3MP00068534
3MP00032014
3MP00048232
3MP00085304
3MP00005191
3MP00060598
3MP00012849
3MP00019405
3MP00019428
3MP00019610
3MP00032853
All documents attached to the Affidavit of William Nelson
3MP00012856
3MP00012859
3MP00013467
3MP00018809
3MP00035391
3MP00037050
3MP00053497

*Removal of attorney-client privilege designation, but documents retain work product designation*
3MP00020423
3MP00052331
3MP00052332
3MP00052335
3MP00052336
3MP00052340
3MP00052342
3MP00052346
3MP00052348
3MP00052352
3MP00052353
3MP00052518
3MP00052534
3MP00052611
3MP00052617
3MP00052721

3MP00052722
3MP00052790
3MP00052865
3MP00052870
3MP00053167
3MP00053182
3MP00053183
3MP00053231
3MP00054263
3MP00058649
3MP00058658
3MP00069587
3MP00069588
3MP00069711
3MP00070019
3MP00070043
3MP00070044
3MP00070053
3MP00070949
3MP00071268
3MP00071269
3MP00071339
3MP00071340
3MP00071390
3MP00071680
3MP00071702
3MP00071734
3MP00071759
3MP00071761
3MP00071787
3MP00086811
3MP00037745
3MP00037796
3MP00039369
3MP00042721
3MP00053922
3MP00053932
3MP00053940
3MP00066021
3MP00086811

*Documents which can be redacted to protect privilege and then produced in redacted form*
3MP00015997
3MP00032124

Based upon all memoranda, arguments of counsel, and all the files, records and proceedings herein:

**IT IS HEREBY ORDERED** that Defendant reclassify the documents on its privilege log pursuant to the guidance provided in this Order and produce to Plaintiffs, within 20 days of the date of this Order, documents listed in this Order as having no attorney-client privilege or work product protection.

BY THE COURT:

DATED: Feb 7, 2008

_____
Special Master Jonathan G. Lebedoff