### UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| *In Re*: **John Adam Associates, Inc.**<br>    John Adams Associates, Inc.<br>        Subpoena Recipient,<br>        850 National Press Building<br>        Washington, D.C. 20045<br><br>    3M Company,<br>        Intervenor,<br>        3M Center<br>        St. Paul, MN 55144 | )<br>)<br>)<br>)<br>) **Civil Action No. 1:07-mc-00577 (RBW)**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE REGARDING FILING OF ADDITIONAL SEALED DOCUMENT

On February 19, 2008, Judge Walton entered an order directing 3M Company to submit under seal to the Court for an *in camera* review documents subject to the Plaintiffs' Motion to Compel Production Pursuant to a Subpoena to the Court. Plaintiffs' motion is set for hearing on April 18, 2008.

Intervenor 3M Company previously submitted to the Court a compact disk containing the documents for review. Notice is hereby given that one additional document, identified as JAA0021742-JAA0021752, is being filed under seal with the Court for *in camera* review. 3M Company identified this document as having been inadvertently produced by John Adams Associates when it should have been withheld on the basis of attorney-client privilege and attorney work product. 3M asked Plaintiffs to return the document pursuant to Fed. R. Civ. P. 26(b)(5)(B), and Plaintiffs requested that the document be added to the pending motion and submitted for *in camera* review.

The additional document submitted herewith is now listed as the first entry on the March 28, 2008 Amended Privilege Log of 3M, a copy of which is provided with this Notice. 3M is providing to the Court under seal a supplemental compact disk that contains all of the 25 documents for *in camera* review, including JAA0021742-JAA0021752. A supplemental Affidavit from Dr. John Heinze is also being provided to the Court with this Notice. The supplemental Affidavit addresses the one additional document, and for the Court's convenience, also sets forth verbatim the testimony from Dr. Heinze's prior affidavit relative to the documents still at issue on plaintiffs' motion. Thus, all pertinent affidavit testimony and the 25 documents for *in camera* review are contained in this single submission to the Court.

_/s/_____
Katherine L. Rhyne, D.C. Bar No. 339010
King & Spalding LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737


Michael C. McCarthy, admitted *pro hac vice*
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
Telephone: (612) 672-8200
Facsimile: (612) 672-8397

*COUNSEL FOR 3M COMPANY*

## CERTIFICATE OF SERVICE

I certify that on April 2, 2008, I caused a copy of 3M Company's Notice Regarding

Filing of Additional Sealed Document to be filed electronically with the Clerk of the Court using

the CM/ECF system, which will send notice of the filing to the following:

Karen J. Marcus
Finkelstein Thompson LLP
The Duvall Foundry
1050 30th Street NW
Washington, D.C.  20007
*COUNSEL FOR PETITIONERS*

Thomas Richichi
Nadira Clarke
Beveridge & Diamond
1350 I Street NW
Suite 700
Washington, DC 20005
*COUNSEL FOR JOHN ADAMS ASSOCIATES, INC.*

and I served via U.S. mail the following:

J. Steven Justice
Taft Stettinius & Hollister LLP
110 North Main Street, Suite 900
Dayton, OH  45402
*COUNSEL FOR PETITIONERS*

\_\_\_/s/_____
Katherine L. Rhyne

**Affidavit of John E. Heinze, Ph.D.**

**Regarding 3M's Filing Of An Additional**

**Document For In Camera Review**

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

```
————————————————————————————————  )
                                   )
In Re: John Adam Associates, Inc.  )
   John Adams Associates, Inc.     )
      Subpoena Recipient,          )  Civil Action No. 1:07-mc-00577 (RBW)
      850 National Press Building  )
      Washington, D.C. 20045       )
                                   )
   3M Company,                     )
      Intervenor,                  )
      3M Center                    )
      St. Paul, MN 55144           )
————————————————————————————————  )
```

## AFFIDAVIT OF JOHN E. HEINZE, Ph.D.,
## REGARDING 3M'S FILING OF AN
## ADDITIONAL DOCUMENT FOR IN CAMERA REVIEW

John E. Heinze, Ph.D., being first duly sworn upon oath, states the following:

I am Senior Vice President for Science in the firm of John Adams Associates Inc.

("JAA") in Washington, D.C.   I make this Affidavit, based on my personal knowledge, in

support of 3M Company's Filing of an Additional Document for Review.

3M previously submitted to this Court my "Affidavit Regarding the Subpoena for 3M

Company Privileged Documents" (Docket Entry No. 3-10).   Since that time, some of the

documents addressed in my affidavit were produced.  I understand that 24 documents are now

pending before the Court for review on plaintiffs' motion to compel, and that the parties have

identified one additional document on which plaintiffs challenge 3M's assertion of privilege,

JAA0021742-JAA0021752.   The purpose of this affidavit is to incorporate, without change,

those portions of my initial affidavit that apply to the currently-challenged documents, and to

provide my testimony regarding the one additional document 3M is filing for review.  Thus, this

affidavit addresses all 25 of the documents now before the Court with respect to 3M's privilege claims. I understand that 3M is providing the documents on a compact disk that cross-references the paragraph numbers from my prior affidavit. Exhibit A to this Affidavit is a copy of 3M's current privilege log as provided to John Adams Associates.

Following below are those portions of my initial affidavit, set forth verbatim, that address the documents that remain at issue, with subheadings, paragraph numbers, and text taken from my initial affidavit:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## John Adams Associates

3.      I am a principal and Senior Vice President for Science in the firm of John Adams Associates Inc. ("JAA"), located in Washington, D.C. I joined JAA in 1995. Prior to that, I received a Ph.D. degree in microbiology, and completed post-doctorate research in molecular biology at the National Institutes of Health. I then worked for Dial Corporation in Phoenix, Arizona, and Vista Chemical Company in Austin, Texas, where my responsibilities included ingredient and product safety evaluations.

4.      JAA provides public affairs and issue management advice, with emphasis on issues related to health and the environment. JAA advises clients on science-based, factual and understandable communications given that matters related to health and environment are technically complex.

## 3M's Retention of JAA

5.      My firm was retained to assist counsel for 3M in providing legal advice and preparing for litigation regarding its perfluorochemical products in the fall of 1998. Our firm had no relationship with 3M at the time. 3M's chief litigation attorney, John Allison, and

members of 3M's communications staff, Mark Fenner and Mike Dougherty, interviewed us in

September 1998, at the suggestion of outside counsel. At that meeting, 3M attorney Allison

asked us about our firm's experience, but did not provide us with any information about the

issues of concern.

6.      Following that visit, JAA was retained to assist counsel for 3M. 3M outside

counsel Dale Larson provided an engagement letter. Mr. Larson's September 29, 1998,

engagement letter to JAA asked us to provide consulting services to 3M's defense team with

respect to chemical, product or workplace-related legal claims. The letter states that we are to be

responsible for assisting 3M's legal defense team in the communication of balanced and accurate

information concerning such claims and 3M products to audiences that directly or indirectly

affect 3M's defense.

7.      As part of our engagement, JAA was asked to execute a written confidentiality

agreement protecting 3M privileged and work product documents. My colleague John Adams,

President of JAA, signed the engagement letter. We both signed the confidentiality agreement.

Copies of these documents are attached as Exhibit B.

8.      On October 2, 1998, John Adams and I met with 3M in-house litigation counsel

John Allison about the purposes of our engagement. Mr. Allison described the background of

issues, including why 3M anticipated litigation and regulatory proceedings. In particular, Mr.

Allison explained to us that a particular perfluorochemical known as PFOS had been found in the

blood of the general population of the United States, although at levels not expected to result in

any adverse effects. On information and belief, at the time, 3M was the only U.S. manufacturer

of PFOS or chemicals that degrade to PFOS. 3M products at issue included Scotchgard® fabric

protector used on carpet, textiles, upholstery and other materials, grease-resistant food packaging

products, fire-fighting foam, and a number of other products.   At that time, the data had been reported to EPA and other regulatory agencies, but 3M had not yet received any response from EPA.

9.     Mr. Allison told us that he had managed mass tort litigation on other issues in the course of his career.  He noted that in his experience, ensuring forthcoming and accurate communication -- whether with exposed workers, customers, regulatory agencies or others -- was the best way to head off any potential litigation.  He indicated to us that our advice and assistance was important to 3M's litigation team and asked us to assist him in carrying out this objective of ensuring accurate communications.  My colleague John Adams and I shared our experience and insights with Mr. Allison, drawing on our scientific expertise and regulatory experience, as well as experience in dealing with situations that are potential triggers for media attention and the attendant filing of litigation.

10.     In our discussion, as memorialized in my handwritten notes of the meeting which are listed in the privilege log, JAA0022854 - JAA0022858 (10/2/98), 3M attorney John Allison identified several initial specific assignments on which JAA would assist him.  Among those assignments were the monitoring of media coverage related to 3M's perfluorochemical products, advising counsel and 3M regulatory staff regarding agency trends, and identifying potential experts who might serve as litigation consultants.   Mr. Allison also requested that JAA offer recommendations, including thoughts on what measures the company might take to prevent litigation in response to the discovery of the presence of low levels of perfluorochemicals in blood bank samples from the general population.   Mr. Allison asked JAA to participate in reviewing scientific literature and in developing a short-term work plan that 3M could use for responding accurately should 3M's products become the focus of media attention.

. . .

### Conduct of the Engagement

15.     From time to time, I attended meetings with outside counsel Dale Larson.  For

instance, JAA0023255- JAA0023259 (12/16/98) are my notes of a meeting reflecting discussions

with outside counsel Larson, in-house attorney John Allison, in-house attorney Tom DiPasquale,

Dave Sanders (a 3M regulatory manager), Mike Dougherty (3M communications) and myself.

16.     On occasion I also met with or talked by telephone with King & Spalding partner

Katherine L. Rhyne, who provided litigation and regulatory advice to 3M.  For instance, one of

the documents on the privilege log (JAA0023876, 1/27/2000) is my handwritten notes of a

meeting with Ms. Rhyne at King & Spalding regarding litigation preparation activities.  I also

recall that Ms. Rhyne sent a lawyer from her office to review the files at our office, I believe

some time in 2000, to ensure that JAA was complying with the confidentiality requirements and

directions by Mr. Allison.

. . .

18.     From time to time, 3M would forward to JAA copies of documents prepared by

counsel.  For example, one of the documents on the privilege log from my files is an opinion

letter from Robert Sussman and Julie Hatcher at Latham & Watkins addressed to 3M in-house

counsel Tom DiPasquale regarding an analysis of the applicability of statutory and regulatory

provisions under the Toxic Substances Control Act ("TSCA"), evaluating whether 3M should

report particular data to EPA.  See JAA0023245-JAA0023249 (12/14/98), and a copy containing

a fax stamp at the top, JAA0023250-JAA0023254.   JAA0023593 (5/24/99) is a copy of a letter

from Robert Sussman at Latham to 3M in-house counsel Tom DiPasquale, also related to TSCA

8(e) submissions.  The documents were provided to keep JAA informed so that we could assist counsel.

19.    JAA0023938 is a letter dated January 22, 2001 from 3M in-house attorney Tom DiPasquale forwarding a draft risk assessment for PFOS prepared by the EPA acting through the OECD (Organisation for Economic Cooperation and Development, an organization of representatives from 31 developed countries who coordinate the review and risk assessment of chemicals) to Bob Sussman and Julie Hatcher at Latham & Watkins, Kathy Rhyne at King & Spalding, and John Quarles, 3M outside counsel at Morgan Lewis & Bockius.  The following entry on the privilege log, JAA0023939 - JAA0023947, contains material prepared by 3M summarizing the draft risk assessment and evaluating what comments 3M should make in response to the draft.  These documents were provided to me so that I could assist the legal team in rendering advice and responding to the regulatory proceedings.

20.    JAA0023916 - JAA0023930 is an e-mail and attachment forwarded to me by Mike Dougherty dated November 15, 2000.  The attachment is a draft document prepared by Bob Sussman and Julie Hatcher at Latham & Watkins providing 3M's comments on an EPA proposed regulation, on which 3M sought my input.  A number of entries on the privilege log relate to correspondence in which 3M in-house environmental attorney Michael Nash enlisted JAA's assistance in preparing a draft submission to EPA.   JAA0023608 (7/6/99), JAA0023607 (7/13/99), JAA0023662- JAA0023664 (8/3/99), JAA0023673 (8/26/99), and JAA0023766 (9/22/99).  (In each of these cases, the final 3M submission is in EPA's public docket.)

. . .

**Additional Discussions with Counsel**

25.    JAA0023237-JAA0023241 (11/30/98) contains my handwritten notes of a conversation with John Allison in which he described key facts and additional assignments for JAA. (The privilege log incorrectly identifies this handwriting as that of my colleague John Adams; the document actually sets forth my thoughts and impressions.) JAA0023399-JAA0023402 (2/17/99) is my handwritten notes of a visit to 3M in which I met with Mr. Allison and at his request with several 3M scientists, to gather information.

26.    JAA0023825 - JAA0023826 (11/12/98) and JAA0023822 - JAA0023824 (11/6/03) are agendas sent from 3M in-house counsel Tom Dipasquale to me for meetings at which 3M's lawyers (including John Allison, Mike Nash and Mr. DiPasquale) and management discussed perfluorochemical issues. These documents include my handwritten notes from the meetings.

. . .

**Communication Planning**

32.    JAA0022859 - JAA0022874 (10/19/98) is an outline for a meeting I participated in with 3M Management in October 1998 to discuss the development of a fluorochemicals communications plan. . . . All of these documents reflect JAA's assistance to counsel in planning appropriate communications.

. . .

**Identification of Scientific Experts or Information**

34.    As part of the communications planning with which 3M attorney Allison tasked us, JAA made a number of efforts to identify scientists with relevant expertise who might advise or speak on behalf of 3M, but not in a testifying capacity. Some of the persons we recommended

were retained by 3M inside or outside counsel as litigation consultants. . . . JAA0023394-JAA0023398 (2/16/99) is a draft memorandum containing my handwritten notes of my conversation with 3M attorney John Allison regarding this project.  JAA0023335 (2/12/99) contains my notes of a conversation with Mr. Allison and John Adams' thoughts in response. . . .

35.     Several documents on the privilege log are various copies of a chart summarizing PFOS issues I prepared in February 1999 to assist Mr. Allison. . . . [Document no longer at issue] is a letter transmitting the chart and other documents my firm prepared to another 3M litigation consultant.  Mr. Allison asked us to share this work with the other consultant, who had similarly been retained to assist Mr. Allison. . . JAA0023403- JAA0023404 is a copy of the transmittal letter to the other litigation consultant that contains my handwritten notes from a call with that consultant.

**Scientific Publications**

38.     On several occasions, JAA also advised 3M on possible responses to forthcoming scientific publications by others, or on possible reactions to 3M's scientific publications.  Documents generated in the course of these activities are among the documents listed on the 3M privilege log for JAA's files. . . . JAA0023912-JAA0023915 (10/6/2000) is an e-mail chain forwarded from Mike Dougherty to me containing correspondence between 3M in-house attorney Tom DiPasquale, Bob Sussman and Julie Hatcher of Latham & Watkins, and 3M management personnel discussing responses to a publication concerning fluorochemicals.

**Communications Materials**

39. As part of our effort to assist 3M counsel regarding communications, JAA drafted a number of key messages and "talking points" to ensure that persons speaking on behalf of the company could communicate accurately and effectively.  We also drafted questions that might be

posed to 3M by the media or interested parties, so that 3M could be prepared to respond

accurately to any inquiries.  We assisted counsel by preparing or evaluating drafts of

communications in connection with 3M's announcement that it would phase out production of

certain perfluorochemicals.  Documents related to these activities are among the documents

listed in 3M's privilege log.

. . .

41.    JAA0023081 (11/23/98) is a list of discussion topics for a conference call with

3M during which perfluorochemicals issues were discussed.  The document contains my

handwritten notes, revealing my thoughts and mental impressions on these issues.  I

subsequently used these notes to carry out work commissioned by Mr. Allison.

**********************


Testimony with Regard to One Additional Document

I have reviewed JAA0021742-JAA0021752, the additional document 3M is filing for

review, on which plaintiffs challenge 3M's assertion of attorney-client privilege and attorney

work product.  Like several of the documents discussed in my initial affidavit, this document

contains my handwritten notes from a meeting with 3M attorneys.  Specifically, JAA0021742-

JAA0021752 consists of my handwritten notes from discussions I participated in with 3M

management and several attorneys representing 3M, including Mr. Sussman and Ms. Hatcher of

Latham & Watkins, Mr. Quarles of Morgan Lewis, and Mr. Davis of Patton Boggs.

This concludes my affidavit.

_John E. Heinze, Ph.D._

Sworn and subscribed before me this _2_ day of _April_ 2008:

_Notary Public_
My commission expires: _April 14, 2011_

**EXHIBIT A**

As Amended March 28, 2008
Response of John Adams Associates Inc. to Subpoenas -- Privilege Log of 3M Company
Rhodes, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810 (S.D. WV)
Rowe, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810-RMB-AMD (D. NJ)

| Bates No. | Date | From | To | Copy | Description | Doc. Type | Privilege |
|---|---|---|---|---|---|---|---|
| JAA0021742 JAA0021752 | 05/09/2000 | Heinze-J (John Adams Associates, 3M Outside Consultant) | | | Confidential handwritten notes by 3M Outside Consultant summarizing a meeting between 3M Outside Consultant, 3M Management, and 3M Outside Counsel to facilitate the rendition of legal advice regarding 3M's dealings with US EPA | Handwritten Notes | AC; WP |
| JAA0022854 JAA0022858 | 10/2/1998 | Heinze-J (John Adams Associates, 3M Outside Consultant) | | | Confidential handwritten notes by 3M Outside Consultant summarizing a meeting between 3M Outside Consultant, 3M Management, and 3M In-house Counsel (John Allison) to facilitate the rendition of legal advice regarding proposed communications concerning fluorochemicals. | Handwritten Notes | AC; WP |

1

As Amended March 28, 2008
Response of John Adams Associates Inc. to Subpoenas -- Privilege Log of 3M Company
Rhodes, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810 (S.D. WV)
Rowe, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810-RMB-AMD (D. NJ)

| Bates No. | Date | From | To | Copy | Description | Doc. Type | Privilege |
|-----------|------|------|-----|------|-------------|-----------|-----------|
| JAA0023825 JAA0023826 | 11/12/98 | DiPasquale-TJ (3M Assistant General Counsel) | Nash-MA (3M Senior Counsel); Zobel-LR (3M Medical Staff Vice President); Mandel -JH (3M Occupational Medicine); Bacon-DL (3M Technical Director Environmental Lab); Weppner-WA (3M Director, Environmental Health Safety Regulatory Affairs); Boyd-J and Smith-L (3M PCP Environmental Health Safety and Regulatory Affairs); 3M Outside Consultant (Heinze-J, John Adams Associates) | | Confidential communication bearing the legend, "Attorney Client and Work Product Privileged," prepared by 3M In-House Counsel and sent to 3M Management, In-House Counsel and 3M Outside Consultant providing information to facilitate the rendition of legal advice regarding fluorochemical issues and in anticipation of regulatory proceedings and litigation. | Agenda with Handwritten Notes | AC; WP |
| JAA0023081 | 11/23/1998 | Dougherty-MI (3M Communications Manager) | Heinze-J (John Adams Associates, 3M Outside Consultant) | | Confidential communication bearing the legend, "Attorney-client and work product privileged," prepared by 3M Management and sent to 3M Outside Consultant providing information to facilitate the rendition of legal advice regarding proposed communications regarding fluorochemicals. | Agenda with Handwritten Notes | AC; WP |

2

As Amended March 28, 2008
Response of John Adams Associates Inc. to Subpoenas -- Privilege Log of 3M Company
Rhodes, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810 (S.D. WV)
Rowe, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810-RMB-AMD (D. NJ)

| Bates No. | Date | From | To | Copy | Description | Doc. Type | Privilege |
|---|---|---|---|---|---|---|---|
| JAA0023237 JAA0023241 | 11/30/1998 | Adams-J (John Adams Associates, 3M Outside Consultant) | | | Confidential handwritten notes prepared by 3M Outside Consultant to facilitate the rendition of legal advice regarding proposed communications concerning fluorochemicals. | Handwritten Notes | AC; WP |
| JAA0023245 JAA0023249 | 12/14/1998 | Sussman-RM (Latham & Watkins, 3M Outside Counsel); Hatcher-JA (Latham & Watkins, 3M Outside Counsel) | DiPasquale-TJ (3M Assistant General Counsel) | Heinze-J (John Adams Associates, 3M Outside Consultant) | Confidential communication providing legal advice regarding application of the Toxic Substances Control Act Section 8(e), prepared in anticipation of regulatory proceedings by 3M Outside Counsel and sent to 3M In-house Counsel. | Letter | AC; WP |
| JAA0023250 JAA0023254 | 12/14/1998 | Sussman-RM (Latham & Watkins, 3M Outside Counsel); Hatcher-JA (Latham & Watkins, 3M Outside Counsel) | DiPasquale-TJ (3M Assistant General Counsel) | Heinze-J (John Adams Associates, 3M Outside Consultant) | Confidential communication providing legal advice regarding application of the Toxic Substances Control Act Section 8(e), prepared in anticipation of regulatory proceedings by 3M Outside Counsel and sent to 3M In-house Counsel. | Letter | AC; WP |

3

As Amended March 28, 2008
Response of John Adams Associates Inc. to Subpoenas -- Privilege Log of 3M Company
Rhodes, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810 (S.D. WV)
Rowe, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810-RMB-AMD (D. NJ)

| Bates No. | Date | From | To | Copy | Description | Doc. Type | Privilege |
|---|---|---|---|---|---|---|---|
| JAA0023255 JAA0023259 | 12/16/1998 | Heinze-J (John Adams Associates, 3M Outside Consultant) | | | Confidential handwritten notes prepared by 3M Outside Consultant summarizing a meeting between 3M Outside Consultant, 3M Management, and 3M In-house Counsel John Allison and Tom DiPasquale and 3M Outside Counsel Dale Larson providing information to facilitate the rendition of legal advice regarding proposed communications concerning fluorochemicals. | Handwritten Notes | AC; WP |
| JAA0023335 | 2/12/1999 | Heinze-J (John Adams Associates, 3M Outside Consultant) | | | Confidential handwritten notes by 3M Outside Consultant summarizing discussions between 3M Outside Consultant and 3M In-house Counsel John Allison, in anticipation of regulatory proceedings and litigation and to facilitate the rendition of legal advice regarding proposed communications regarding fluorochemicals. | Handwritten Notes | AC; WP |
| JAA0023399 JAA0023402 | 2/17/1999 | Heinze-J (John Adams Associates, 3M Outside Consultant) | | | Confidential handwritten notes prepared by 3M Outside Consultant summarizing a meeting between 3M Outside Consultant, 3M Management, and 3M In-house Counsel John Allison in anticipation of regulatory proceedings and litigation and to facilitate the rendition of legal advice regarding fluorochemicals. | Handwritten Notes | AC; WP |

4

As Amended March 28, 2008
Response of John Adams Associates Inc. to Subpoenas -- Privilege Log of 3M Company
Rhodes, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810 (S.D. WV)
Rowe, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810-RMB-AMD (D. NJ)

| Bates No. | Date | From | To | Copy | Description | Doc. Type | Privilege |
|-----------|------|------|-----|------|-------------|-----------|-----------|
| JAA0023593 | 5/24/1999 | Sussman-RM (Latham & Watkins, 3M Outside Counsel); Hatcher-JA (Latham & Watkins, 3M Outside Counsel) | DiPasquale-TJ (3M Assistant General Counsel) | | Confidential communication prepared in anticipation of regulatory proceedings by 3M Outside Counsel and sent to 3M In-house Counsel to facilitate the rendition of legal advice regarding submissions to the Toxic Substances Control Act Section 8(e) docket. | Letter | AC; WP |
| JAA0023608 | 7/6/1999 | Reiner-VL (3M Environmental Technology & Safety Services Laboratory Manager) | Nash-MA (3M Senior Counsel); Santoro-MA (3M Director Environmental, Health, Safety & Regulatory Affairs) | | Confidential communication bearing the legend, "Attorney/client work product privileged," prepared in anticipation of regulatory proceedings and litigation and sent to 3M Management and 3M In-house Counsel providing information to facilitate the rendition of legal advice regarding a draft communication prepared for EPA. Stamped received by M.A.Nash Jul 08 1999. | Memorandum | AC; WP |
| JAA0023607 | 7/13/1999 | Nash-MA (3M Senior Counsel) | Weppner-WA (3M Director Environmental Health Safety Regulatory Affairs); Bacon-DL (3M Environmental Laboratory Manager); Allison-JR (3M Senior Counsel); Sanders-DA (3M Director Life Cycle Management); Dougherty-MI (3M Communications Manager) | | Confidential communication bearing the legend, "Attorney-client and work product privileged," prepared in anticipation of regulatory proceedings and litigation by 3M In-house Counsel and sent to 3M Management and 3M In-house Counsel providing information to facilitate the rendition of legal advice regarding a draft communication to EPA on fluorochemicals. | Memorandum | AC; WP |

5

As Amended March 28, 2008
Response of John Adams Associates Inc. to Subpoenas -- Privilege Log of 3M Company
Rhodes, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810 (S.D. WV)
Rowe, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810-RMB-AMD (D. NJ)

| Bates No. | Date | From | To | Copy | Description | Doc. Type | Privilege |
|---|---|---|---|---|---|---|---|
| JAA0023662 JAA0023664 | 8/3/1999 | Heinze-J (John Adams Associates, 3M Outside Consultant) | Dougherty-MI (3M Communications Manager) | | Confidential communication bearing the legend, "Attorney-client and work product privileged," prepared in anticipation of regulatory proceedings and litigation by 3M Outside Consultant and sent to 3M Management providing information in response to Mr. Nash's request of July 13, 1999 to facilitate the rendition of legal advice. | Memorandum | AC; WP |
| JAA0023673 | 8/26/1999 | Nash-MA (3M Senior Counsel) | Weppner-WA (3M Director Environmental Health Safety Regulatory Affairs); Bacon-DL (3M Environmental Laboratory Manager); Allison-JR (3M Senior Counsel); Sanders-DA (3M Director Life Cycle Management); Dougherty-MI (3M Communications Manager); Wendling-LA (3M Vice President); Zobel-LR (3M Medical Staff Vice President); Hakes-DC (3M Regulatory Affairs Specialist) | | Confidential communication bearing the legend, "Attorney-client and work product privileged," prepared in anticipation of regulatory proceedings and litigation by 3M In-house Counsel and sent to 3M Management and 3M In-house Counsel providing information to facilitate the rendition of legal advice. | Memorandum | AC; WP |

6

As Amended March 28, 2008
Response of John Adams Associates Inc. to Subpoenas -- Privilege Log of 3M Company
Rhodes, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810 (S.D. WV)
Rowe, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810-RMB-AMD (D. NJ)

| Bates No. | Date | From | To | Copy | Description | Doc. Type | Privilege |
|---|---|---|---|---|---|---|---|
| JAA0023766 | 9/22/1999 | Heinze-J (John Adams Associates, 3M Outside Consultant) | Dougherty-MI (3M Communications Manager) | | Confidential communication bearing the legend, "Attorney Client Work Product Privileged," prepared in anticipation of regulatory proceedings and litigation by 3M Outside Consultant and sent to 3M Management discussing legal advice and providing information to facilitate the rendition of legal advice regarding proposed submission to EPA. | Memorandum | AC; WP |
| JAA0023876 | 1/27/2000 | Heinze-J (John Adams Associates, 3M Outside Consultant) | | | Confidential handwritten notes by 3M Outside Consultant summarizing discussion with 3M Outside Counsel Kathy Rhyne (King & Spalding) prepared in anticipation of regulatory proceedings and litigation and to facilitate the rendition of legal advice concerning fluorochemicals. | Handwritten Notes | AC; WP |

As Amended March 28, 2008
Response of John Adams Associates Inc. to Subpoenas -- Privilege Log of 3M Company
Rhodes, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810 (S.D. WV)
Rowe, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810-RMB-AMD (D. NJ)

| Bates No. | Date | From | To | Copy | Description | Doc. Type | Privilege |
|---|---|---|---|---|---|---|---|
| JAA0023912 JAA0023915 | 10/6/2000 | Sussman-RM (Latham & Watkins, 3M Outside Counsel) | DiPasquale-TJ (3M Assistant General Counsel); Reich-CC (3M Executive Vice President) | Bacon-DL (3M Environmental Laboratory Manager); Santoro-MA (3M Director Environmental, Health, Safety & Regulatory Affairs); Reed-KE (3M Staff Vice President); Zobel-LR (3M Medical Staff Vice President); Sanders-DA (3M Director Life Cycle Management); Weppner-WA (3M Director Environmental Health Safety Regulatory Affairs); Hatcher-JA (Latham & Watkins, 3M Outside Counsel); Heinze-J (John Adams Associates, 3M Outside Consultant) | Confidential communication prepared in anticipation of regulatory proceedings and litigation by 3M Outside Counsel and sent to 3M In-house Counsel, 3M Management, 3M Outside Counsel and 3M Outside Consultant providing legal advice regarding regulatory proceedings and communications related to fluorochemicals. | E-Mail Chain | AC; WP |

8

As Amended March 28, 2008
Response of John Adams Associates Inc. to Subpoenas -- Privilege Log of 3M Company
Rhodes, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810 (S.D. WV)
Rowe, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810-RMB-AMD (D. NJ)

| Bates No. | Date | From | To | Copy | Description | Doc. Type | Privilege |
|-----------|------|------|-----|------|-------------|-----------|-----------|
| JAA0023916 JAA0023930 | 11/15/2000 | DiPasquale-TJ (3M Assistant General Counsel) | Harnetty-MC (3M Division Vice President); Ihlenfeld-JV (3M Vice President); Walker-JL (3M General Manager); Wendling-LA (3M Vice President); Turner-FR (3M Management); Carson-JF (3M Management); Sanders-DA (3M Director Life Cycle Management); Weppner-WA (3M Director Environmental Health Safety Regulatory Affairs); Reed-KE (3M Staff Vice President); Santoro-MA (3M Director Environmental, Health, Safety & Regulatory Affairs); Dougherty-MI (3M Communications Manager); Zobel-LR (3M Medical Staff Vice President); Reich-CC (3M Executive Vice President) | Heinze-J (John Adams Associates, 3M Outside Consultant) | Confidential communication prepared in anticipation of regulatory proceedings and litigation by 3M In-house Counsel and sent to 3M Management, providing draft submission to EPA prepared by 3M Outside Counsel Hatcher-JA (Latham & Watkins) and reflecting privileged request for and provision of legal advice. | Electronic Mail and Attachment | AC; WP |

9

As Amended March 28, 2008
Response of John Adams Associates Inc. to Subpoenas -- Privilege Log of 3M Company
Rhodes, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810 (S.D. WV)
Rowe, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810-RMB-AMD (D. NJ)

| Bates No. | Date | From | To | Copy | Description | Doc. Type | Privilege |
|---|---|---|---|---|---|---|---|
| JAA0023938 | 1/22/2001 | DiPasquale-TJ (3M Assistant General Counsel) | Sussman-RM (Latham & Watkins, 3M Outside Counsel); Rhyne-KL (King & Spalding, 3M Outside Counsel); Hatcher-JA (Latham & Watkins, 3M Outside Counsel); Quarles-J (Morgan Lewis & Bockius, 3M Outside Counsel) | Nash-MA (3M Senior Counsel); Santoro-MA (3M Director Environmental, Health, Safety & Regulatory Affairs); Scanlon-JJ (3M Assistant General Counsel); Dougherty-MI (3M Communications Manager); Heinze-J (John Adams Associates, 3M Outside Consultant) | Confidential communication bearing the legend, "Attorney-Client privileged," prepared in anticipation of regulatory proceedings and litigation by 3M In-house Counsel and sent to 3M Outside Counsel and 3M Management summarizing and requesting legal advice. | Letter | AC; WP |

10

As Amended March 28, 2008
Response of John Adams Associates Inc. to Subpoenas -- Privilege Log of 3M Company
Rhodes, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810 (S.D. WV)
Rowe, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810-RMB-AMD (D. NJ)

| Bates No. | Date | From | To | Copy | Description | Doc. Type | Privilege |
|-----------|------|------|-----|------|-------------|-----------|-----------|
| JAA0023939 JAA0023947 | 1/19/2001 | Arndt-LA (3M Administrative) on behalf of Santoro-MA (3M Director Environmental, Health, Safety & Regulatory Affairs) | DiPasquale-TJ (3M Assistant General Counsel) | Santoro-MA (3M Director Environmental, Health, Safety & Regulatory Affairs); Bacon-DL (3M Environmental Laboratory Manager); Dougherty-MI (3M Communications Manager) Heinze-J (John Adams Associates, 3M Outside Consultant) | Confidential communication prepared in anticipation of regulatory proceedings and litigation by 3M Management and sent to 3M In-House Counsel and 3M Management providing information to facilitate the rendition of legal advice regarding EPA and OECD proceedings. | E-mail chain and attached slides | AC; WP |

11

As Amended March 28, 2008
Response of John Adams Associates Inc. to Subpoenas -- Privilege Log of 3M Company
Rhodes, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810 (S.D. WV)
Rowe, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810-RMB-AMD (D. NJ)

| Bates No. | Date | From | To | Copy | Description | Doc. Type | Privilege |
|-----------|------|------|----|----|-------------|-----------|-----------|
| JAA0023822 JAA0023824 | 11/06/2003 | DiPasquale-TJ (3M Assistant General Counsel) | Allison-JR (3M Assistant General Counsel); Ziegler-RF (3M Senior Vice President, Legal Affairs and General Counsel); Ihlenfeld-JV (3M Vice President); Palensky-FJ (3M Division Vice President); Santoro-MA (3M Director Environmental, Health, Safety & Regulatory Affairs); Gahlon-DE (3M Staff Vice President); Zobel-LR (3M Medical Staff Vice President); Larson-GM (3M Associate General Counsel and Corporate Secretary) | Heinze-J (John Adams Associates, 3M Outside Consultant) | Confidential communication bearing the legend, "Attorney-client privileged attorney work product," prepared by 3M In-House Counsel and sent to 3M Management, 3M In-House Counsel and 3M Outside Consultant providing information to facilitate the rendition of legal advice regarding fluorochemical issues and in anticipation of regulatory proceedings and litigation. | Agenda with Handwritten Notes | AC; WP |

12

As Amended March 28, 2008
Response of John Adams Associates Inc. to Subpoenas -- Privilege Log of 3M Company
Rhodes, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810 (S.D. WV)
Rowe, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810-RMB-AMD (D. NJ)

## DOCUMENTS PRODUCED IN A REDACTED FORM

| Bates No. | Date | From | To | Copy | Description | Doc. Type | Privilege |
|---|---|---|---|---|---|---|---|
| JAA0022859 JAA0022874 | 10/19/1998 | Heinze-J (John Adams Associates, 3M Outside Consultant) | | | Document containing handwritten notes of Outside Consultant retained by counsel. Handwritten notes on page JAA0022867 referring to legal advice by 3M attorneys redacted. | Draft Outline with Handwritten Notes; handwritten notes reflecting communications of 3M attorneys redacted | AC; WP |
| JAA0023394 JAA0023398 | 2/16/1999 | Heinze-J (John Adams Associates, 3M Outside Consultant) | | | Document containing handwritten notes of Outside Consultant retained by counsel. Handwritten notes reflecting discussion with 3M In-House Counsel John Allison redacted throughout. | Draft Memorandum with Handwritten Notes; handwritten notes from conversation with 3M in-house counsel redacted | AC; WP |

13

As Amended March 28, 2008
Response of John Adams Associates Inc. to Subpoenas -- Privilege Log of 3M Company
Rhodes, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810 (S.D. WV)
Rowe, et al. v. E.I. du Pont De Nemours and Co., Civil Action No. 06-1810-RMB-AMD (D. NJ)

| Bates No. | Date | From | To | Copy | Description | Doc. Type | Privilege |
|-----------|------|------|----|----|-------------|-----------|-----------|
| JAA0023403 JAA0023404 | 2/16/1999 | Heinze-J (John Adams Associates, 3M Outside Consultant) | | | Document containing handwritten notes of Outside Consultant retained by counsel.  Handwritten notes on page JAA0023403 referring to legal advice by 3M attorneys redacted. | Memorandum with Handwritten Notes; handwritten notes reflecting communicat-ions of 3M attorneys redacted | AC; WP |

14

**EXHIBIT B**

# LARSON & COUNSEL, L.L.C.

MINNEAPOLIS
612/339-2020

350 ST. PETER STREET
SUITE 400
SAINT PAUL, MINNESOTA 55102

ST. PAUL
612/223-5501

612/336-9102
FAX 612-336-9100

DALE I. LARSON
612/223-6423
FAX 612/221-9178

September 29, 1998

**CONFIDENTIAL ATTORNEY CLIENT
PRIVILEGE/WORK PRODUCT**

Mr. A. John Adams
John Adams Associates
655 National Press Building
Washington, DC  20045

Re:    F.C. Legal/Communication Defense Consulting Agreement

Dear Mr. Adams:

As you know, the national defense protection of 3M in anticipation and preparation for litigation requires 3M defense counsel, such as Larson & Counsel and/or Zelle & Larson, to retain numerous experts in a number of disciplines to help with the enormous work, ranging from scientific to communications expertise.

Today, the necessity for expertise that can assure the communication of balanced and accurate information is high on the list of important defense resources.  The environs that impact and have an interest in such claims have grown dramatically to include both public and private institutions and the public and specialized media.  3M's proper defense requires the resources that can help defense counsel assure balanced and accurate information in this expanded legal environment.

Accordingly, by this letter of understanding, Larson & Counsel hereby retains John Adams Associates to provide professional defense consulting services concerning 3M products involved in so-called chemical or other industrial workplace claims against 3M.  Specifically, John Adams Associates will be responsible to Larson & Counsel and other members of 3M's defense team for the communication of balanced and accurate information concerning such claims and 3M products to the expanded audiences that directly or indirectly impact 3M's defense.

Mr. A. John Adams
September 29, 1998
Page 2


Billing should occur on a monthly basis to Larson & Counsel. Fees should be based on your customary preferred rates until you and we can accurately predict the scope and length of efforts required for a payment schedule.

As part of its retention, John Adams Associates has executed the attached Confidentiality Agreement and all entities and persons involved will protect the privileged and work product nature of all materials and documents created or used in the course of this defense effort, excluding only those finally developed for public distribution.

Very truly yours,

LARSON & COUNSEL, LLC

Dale L. Larson

Agreed To:

By: _____
A. John Adams
John Adams Associates

Date: 10/2/98

## CONFIDENTIALITY AGREEMENT

In consideration of the agreement by the undersigned to provide various legal/communication services to Larson & Counsel, LLC regarding 3M chemical products, whereby the undersigned may necessarily be provided documents, some of which may contain trade secrets, attorney work product and other confidential and privileged information which should not be disclosed to anyone (apart from 3M, Larson & Counsel, and such others as may be specifically designated by them), the undersigned agrees to treat such documents in accordance with the following conditions:

- The undersigned agrees to execute any Confidentiality Orders which may be prescribed by order of any court presiding over any of the lawsuits or legal claims which involve the above referenced matters;

- No document produced by a party pursuant to this agreement and no notes concerning such documents (hereafter referred to as "Document(s)") will be copied, shown to or otherwise revealed to any third person or entity (other than at the direction of 3M or Larson & Counsel) prior to the execution of this Agreement and of any applicable court ordered Confidentiality Agreement;

- No disclosure whatsoever of any Documents provided to the undersigned will be permitted to be seen, reviewed, copied, produced or otherwise made known to any person or persons who have not agreed to and execute a copy this Confidentiality Agreement;

- Any and all copies of every Document provided to the undersigned will be returned to Larson & Counsel or to 3M upon the termination of the defense work referenced above or earlier upon demand by Larson & Counsel and/or 3M or upon agreement of the undersigned. Any and all notes concerning said Documents will likewise be destroyed or surrendered to Larson & Counsel or to 3M. In the event of the destruction of such notes, written notification of the occasion and method of destruction will be supplied to Larson & Counsel and/or to 3M;

• Any and all copies of every Document provided by the undersigned to such other third party in accordance with the terms of this agreement, and any notes based upon such Documents, will be returned to the undersigned for disposition in accordance with the preceding paragraph, or destroyed (as the case may be) in accordance with that paragraph.

By: _____    John E. Heinze, Ph.D.
A. John Adams
John Adams Associates

Date: ___10/2/98___    10/2/98