IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: JOHN ADAMS ASSOCIATES, INC. : : : : : | |
| WILLIAM R. RHODES, et al. : : Plaintiffs, : v : : JOHN ADAMS ASSOCIATES, INC., : : Defendant. : : | Case No. 07-577 (RBW) |

### MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Plaintiffs hereby move the Court, pursuant to LCvR 5.1(j), for an Order permitting Plaintiffs to file under seal Exhibits C-H to Plaintiffs' Motion To Compel Removal Of Defendant's Confidentiality Designations On Certain Produced Documents. The specified Exhibits were produced by Defendant in their productions in *Rowe, et al. v. E.I. DuPont de Nemours and Company*, Civil Action Case No. 06-1810-RMB-AMD (D.N.J.), *Coles, et al. v. E.I. DuPont de Nemours and Company*, Civil Action Case No. 06-3080-RMB-AMD (D.N.J.) and *Rhodes, et al. v. E.I. DuPont de Nemours and Company*, Civil Action Case No. 6:06-530 (S.D. W. Va.). Defendant marked the documents comprising Exhibits C-H as "Confidential" under the Protective Orders in place in the *Rowe* and *Coles* matters, which were consolidated for the purposes of discovery, and the Protective Order in place in the *Rhodes* matter.[1] *See Rowe*

---

[1] While the Protective Order issued in *Rhodes* does not extend its coverage to third parties who produce documents for the case, the parties in the instant action have stipulated that confidentiality designations may be made pursuant to the Protective Order.

Discovery Confidentiality Order, attached hereto as Exhibit A; Rhodes Protective Order, attached hereto as Exhibit B.

Plaintiffs move for leave to file Exhibits C-H to Plaintiffs' Motion To Compel Removal Of Defendant's Confidentiality Designations On Certain Produced Documents to be accepted and filed under seal pursuant to LCvR 5.1(j), and that the exhibits not be entered on PACER until further rulings by the Court.

Respectfully submitted,

/s/ Karen J. Marcus
Karen J. Marcus (D.C. Bar # 486435)
Finkelstein Thompson LLP
The Duvall Foundry
1050 30th Street N.W.
Washington, D.C.  20007
(Tel) (202) 337-8000
(Fax)   (202) 337-8090
kmarcus@finkelsteinthompson.com


 /s/  J. Steven Justice
J. Steven Justice (OSB# 0063719)
Taft Stettinius & Hollister LLP
110 North Main Street, Suite 900
Dayton, OH  45402
(Tel)   937-228-2816
(Fax)   937-228-2816
justice@taftlaw.com

# UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: JOHN ADAMS ASSOCIATES, INC. | : : : : | |
| WILLIAM R. RHODES, <u>et al.</u> | : : | Miscellaneous Case No. 07-577 (RBW) |
| Plaintiffs, | : : | |
| v | : : | |
| JOHN ADAMS ASSOCIATES, INC., | : : | |
| Defendant. | : **:** | |

## [PROPOSED] ORDER

WHEREAS the Court has considered Plaintiffs' Motion For Leave to File Under Seal.

IT IS ORDERED that the Motion For Leave to File Under Seal is hereby GRANTED.

IT IS ORDERED that Exhibits C-H to Plaintiffs' Motion To Compel Removal Of Defendant's Confidentiality Designations On Certain Produced Documents be accepted and filed under seal pursuant to LCvR 5.7(j);

Dated this ____ day of _____ 2008

_____
Judge Reggie B. Walton

## CERTIFICATE OF SERVICE

I certify that on April 7, 2008, I caused a copy of Plaintiffs' Motion For Leave to File Under Seal to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following:

    Katherine L. Rhyne
    King & Spalding LLP
    1700 Pennsylvania Avenue, NW
    Washington, DC  20006

    Thomas Richichi
    Nadira Clarke
    Beveridge & Diamond, P.C.
    1350 I Street, N.W., Suite 700
    Washington, D.C.  20005

Notice will be sent to the following via First Class Mail:

    Michael C. McCarthy
    Maslon Edelman Borman & Brand, LLP
    3300 Wells Faro Center
    90 South Seventh Street
    Minneapolis, MN  55402-4140


Dated:  April 7, 2008        /s/ Karen J. Marcus
                                         Karen J. Marcus

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Richard A. Rowe and Nicholas R. Dagostino, Mary L. Carter, Michelle E. Tomarchio, Regina M. Trout, Allen K. Moore, Marva E. Johnson, Catherine A. Lawrence, and Kathleen K. Lemke, as parent and personal representative of DJL, Jr., a minor, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>E. I. du Pont de Nemours and Company,<br><br>Defendant. | Civil Action No. 06-1810 (RMB) |
| Donald Coles and Misty Scott, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>E. I. du Pont de Nemours & Company<br><br>Defendant. | Civil Action No. 06-3080 (RMB-AMD) |

## DISCOVERY CONFIDENTIALITY ORDER

Upon stipulation of Plaintiffs Richard A. Rowe and Nicholas R. Dagostino, individually and on behalf of themselves and all others similarly situated (hereinafter collectively "Rowe Plaintiffs"), and Donald Coles, on behalf of himself and all others similarly situated (hereinafter

1093863

"Coles Plaintiffs"), and Defendant E. I. duPont de Nemours & Co., Inc. (hereinafter "DuPont") for the entry of this Protective Order (hereinafter "Protective Order"), and on submission of an attorney certification in accordance with New Jersey Local Civil Rule 5.3(b)(2), for good cause shown,

IT IS ORDERED on this 5th day of March, 2007, as follows:

1. The Parties recognize that each may possess certain information that may be produced or disclosed in connection with this action and that may constitute confidential information. The parties may designate in accordance with Paragraph 4 of this Stipulated Protective Order any document or thing, including but not limited to, answers to interrogatories, deposition testimony, exhibits, or other material, that contains confidential information and that will be produced by that party through the discovery proceedings herein, as confidential information (hereinafter "Confidential Information").

2. As used herein, the term "Confidential Information" means only the following information:

    (a) That information not in the public domain, including a formula, pattern, compilation, program, device, method, technique, or process, that is either entitled to protection from public disclosure on the basis of "business confidentiality" under 40 C.F.R. Part 2, Subpart B, or satisfies both of the following:

        (i) It derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

        (ii) It is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

    (b) That information not in the public domain that reveals the specific, individual identity of any person in connection with their particular medical status, history, disease, or condition; provided, however, that none of the underlying data with respect to such medical status, history, disease,

1083863

or condition shall be deemed "Confidential Information" under this Stipulated Protective Order, to the extent that information does not reveal the specific identity of any particular individual.

3. The designation of a document as Confidential Information will be without prejudice to the rights of the Parties to apply to the Court for a determination of whether said designation is proper. The party claiming that the information is confidential shall bear the burden of proof in the event that another party applies to the Court for a determination of whether said designation is proper.

4. The designation of Confidential Information for purposes of this Protective Order shall be made as follows:

(a) Except as to documents described in Paragraphs (b) and (c) below, by stamping each page of such Confidential Information, when copies are delivered to the requesting party, with the term: **"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER IN ROWE/COLES"**.

(b) In the case of depositions, other pretrial testimony, the transcripts thereof, and exhibits thereto, by a statement on the record of counsel for the party making the disclosure at the time of such disclosure; and

(c) Where a document is produced that has been provided to a regulatory agency and a designation of "business confidential" or similar claim has been made with regard to such document before such regulatory agency, such document shall be treated as Confidential Information under this Protective Order.

5. Confidential Information produced by the Parties shall not be disclosed by the opposing parties, their counsel, employees, and contractors, except as follows: (a) to the Court under such safeguards as the Court may require; (b) to the other parties, their counsel,

1083863

contractors, and employees under their supervision who have signed the Confidentiality Agreement set forth in Attachment A; (c) to the parties' insurance carriers who have signed the Confidentiality Agreement set forth in Attachment A; (d) to court reporters and their staff recording proceedings in this action who have signed the Confidentiality Agreement set forth in Attachment A; (e) to any witness or prospective witness who has signed the Confidentiality Agreement set forth in Attachment A; and (f) to such persons as are utilized by counsel to act as experts at trial or otherwise for expert consultation in this action who have signed the Confidentiality Agreement set forth in Attachment A.

6. The provisions of this Protective Order shall not apply to any document, data, other information or material that is in the rightful possession of another party to this Protective Order, or is otherwise in the public domain.

7. At the final termination of this litigation and upon the request of counsel for the producing party made within sixty (60) days of the termination of this action and all appeals, any document containing Confidential Information and any copies or extracts thereof shall be returned to the producing party, at the producing party's expense, except those documents or copies of documents filed with or admitted into the record of this case.

8. Nothing in this Protective Order, or any action taken in compliance with it, shall (a) operate as an admission by any party that any particular Confidential Information is, or is not, confidential, (b) prejudice in any way the right of any party to seek a determination that Confidential Information is required to be disclosed, or (c) prejudice in any way the right of any party to seek a determination that Confidential Information was not properly designated. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any Confidential Information.

1063803

9. Documents produced by DuPont to plaintiffs in *Leach, et al. v. E.I. du Pont de Nemours & Co.*, No. 010-C-608 (Cir. Ct. W. Va.), which were labeled as confidential by DuPont in that matter pursuant to the protective order entered in that matter and for which DuPont did not withdraw the designation of confidential in that matter, shall be considered as "Confidential Information" under the terms of this Order and shall be protected by this Order.

10. Non-parties who produce information in response to subpoenas served in this matter also may designate responsive information as "Confidential Information," subject to the terms and protection of this Order.

11. The obligations of confidentiality set forth in this Protective Order shall continue in effect after the termination of this litigation.

12. ~~Each undersigned attorney hereby represents~~ that he or she is acting with authorization from each and every co-counsel to bind each and every co-counsel to the terms of this Stipulated Protective Order. All counsel of record, and their agents, representatives and employees, are hereby bound by the terms of this Order.

13. This Order is subject to modification by the court at any time in accordance with New Jersey Local Civil Rule 5.3.

_____
Magistrate Judge Ann Marie Donio

1083863

# ATTACHMENT "A"

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| Richard A. Rowe and Nicholas R. Dagostino, Mary L. Carter, Michelle E. Tomarchio, Regina M. Trout, Allen K. Moore, Marva E. Johnson, Catherine A. Lawrence, and Kathleen K. Lemke, as parent and personal representative of DJL, Jr., a minor, individually and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> E. I. du Pont de Nemours and Company, <br><br> Defendant. | Civil Action No. 06-1810 (RMB) |
| Donald Coles and Misty Scott, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> E. I. du Pont de Nemours & Company <br><br> Defendant. | Civil Action No. 06-3080 (RMB-AMD) |

1083863

## CONFIDENTIALITY AGREEMENT

1.  I hereby acknowledge that I am about to receive information subject to a Stipulated Protective Order governing the restricted use of confidential information in the above-captioned litigation.

2.  I will not utilize any documents marked in the above-captioned case as **"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER IN ROWE/COLES"**. As a result of this designation, this document is subject to Protective Orders entered in the Rowe/Coles (U.S.D.C.-NJ)" and may not be copied or disseminated except by Order of this Court or any information contained therein for any purpose other than this litigation. I further affirm that I will neither reveal any such designated information to or discuss it with any other persons except in accordance with the terms of the Stipulated Protective Order.

_____        _____
Name                                  Date

STATE OF _____

COUNTY OF _____

Taken, subscribed and sworn to before
the undersigned notary public
this ____ day of _____, 2007.


_____
Notary Public

My Commission expires: _____

1083863

**Justice, J. Steven**

**From:** njdefiling@njd.uscourts.gov
**Sent:** Monday, March 05, 2007 4:49 PM
**To:** ecfhelp@njd.uscourts.gov
**Subject:** Activity in Case 1:06-cv-01810-RMB-AMD ROWE et al v. E.I. DUPONT DE NEMOURS AND COMPANY "Discovery Confidentiality Order"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing. DO NOT RESPOND TO THIS EMAIL, it is sent from an unattended mailbox. Send questions to ecfhelp@njd.uscourts.gov

### U.S. District Court

### District of New Jersey [LIVE]

Notice of Electronic Filing

The following transaction was received from gn, entered on 3/5/2007 at 4:49 PM EST and filed on 3/5/2007

**Case Name:** ROWE et al v. E.I. DUPONT DE NEMOURS AND COMPANY
**Case Number:** 1:06-cv-1810
**Filer:**
**Document Number:** 30

**Docket Text:**
Discovery Confidentiality Order . Signed by Judge Ann Marie Donio on 3/5/07. (gn )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=3/5/2007] [FileNumber=1846006-0]
[0365b5d3e8b9126c93df79fe4fcf704618b406188d4c8cc2604bfd5842fe11ee2ccf
9ae864a17c037cf08ed35205c34a76904e9b82aa7ff45ddf14ae7a4f98b7]]

**1:06-cv-1810 Notice will be electronically mailed to:**

ROBERT A. BILOTT     bilott@taftlaw.com,

SHARI M. BLECHER    info@liebermanblecher.com, sblecher@liebermanblecher.com

DAVID B. BYRNE, III    David.byrne@beasleyallen.com

ANTHONY F. CAVANAUGH    acavanaugh@steptoe.com

3/5/2007

ROY ALLAN COHEN     racohen@pbnlaw.com, jacutchis@pbnlaw.com

R. EDISON HILL     Rehill@hpcbd.com

LAWRENCE F. JANSSEN     LJanssen@steptoe.com

DAVID D. JOHNSON     ssmith@wjh-law.com

RHON E. JONES     Rhon.jones@beasleyallen.com

JOSEPH S. JUSTICE     justice@taftlaw.com,

GERALD J. RAPIEN     Rapien@taftlaw.com

LIBRETTA STENNES     lstennes@steptoe.com

LARRY A. WINTER     lwinter@wjh-law.com

**1:06-cv-1810 Notice will be delivered by other means to:**

3/5/2007

# **EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT PARKERSBURG

WILLIAM R. RHODES,
RUSSELL H. MILLER, and
VALORI A. MACE,

      Plaintiffs,

v.                               CIVIL ACTION NO. 6:06-0530
                               (Honorable Joseph Robert Goodwin)

E.I. DU PONT DE NEMOURS
AND COMPANY

      Defendant.

## PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry. It is hereby **ORDERED** as follows:

1. If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "**CONFIDENTIAL**."

2. If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

3. No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Protective Order.

4. Any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, as evidence at trial, or at any deposition taken in this action. The parties, attorneys, and other persons to whom disclosure is made shall take appropriate measures at trial and at depositions to protect the confidentiality of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof. Such measures may include filing a motion requesting the court to seal a document or a portion thereof. The parties and attorneys shall not file documents under seal.

5. If a party wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

   a. Provide a copy of the Protective Order to the person to whom disclosure is made;
   b. Inform the person to whom disclosure is made that s/he is bound by this Protective Order;
   c. Require that the person to whom disclosure is made to sign an acknowledgement and receipt of this Protective Order;
   d. Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material;
   e. Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person;

  f.  At the conclusion of the action, gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

  6.  <u>Inadvertent or Unintentional Production</u>.  The inadvertent or unintentional production of documents containing, or otherwise disclosing, confidential, privileged, private, proprietary or trade secret information without being designated "**CONFIDENTIAL**" at the time of production or disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Any error in designation shall be corrected within a reasonable time after the producing party becomes aware of the error.

  7.  <u>Inadvertent Disclosures</u>.  The inadvertent production or disclosure of any privileged, confidential or otherwise protected document shall not be deemed either a general waiver of privilege, confidentiality or work product protection as to the document inadvertently produced or disclosed.  In the event of inadvertent disclosure of any document, promptly upon discovery of such inadvertent disclosure the producing party may notify any party receiving the document that production was inadvertent, and that the producing party may notify any party receiving the document that production was inadvertent, and that the producing party intends to move the court for a protective order with respect thereto. Upon receipt of such notification, the receiving party shall treat the document as confidential, and shall not disclose the document to any other person or use the document for any purpose in this litigation. Upon finding that the document is privileged, confidential, or otherwise protected and that its production was inadvertent, the court may direct the return of the document and all copies thereof to the producing party, preclude the use of the document and any information contained therein for any

purpose in this litigation, and order such other relief as the court deems necessary and appropriate. Before making application to the court for such relief, the producing party shall confer with the receiving party in an attempt to resolve informally any dispute regarding the inadvertent production.

ENTER: November 28, 2006

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge

| PRESENTED BY: | REVIEWED BY AND AGREED TO BY: |
|---|---|
| Defendant E. I. du Pont de Nemours and Company | Plaintiffs |
| /s/ Niall A. Paul<br>Niall A. Paul (WV Bar. #5622)<br>Karen L. Weingart (WV Bar #8911)<br>Alexander M. Macia (WV Bar #6077)<br>Spilman Thomas & Battle, PLLC<br>300 Kanawha Boulevard, East<br>P.O. Box 273<br>Charleston, WV 25321<br>304-340-3800 | /s/ Larry A. Winter<br>Larry A. Winter (WVSB #4094)<br>Winter Johnson & Hill PLLC<br>United Center<br>500 Virginia Street, East<br>P.O. Box 2187<br>Charleston, WV 25328<br>304-345-7800 |
| Libretta Porta Stennes<br>Anthony F. Cavanaugh<br>Steptoe & Johnson LLP<br>1330 Connecticut Avenue, NW<br>Washington, DC 20036-1795<br>202-429-3902 | R. Edison Hill (WV Bar #1734)<br>Harry G. Deitzler (WV Bar #981)<br>Hill, Peterson, Carper, Bee & Deitzler, PLLC<br>NorthGate Business Park<br>500 Tracy Way<br>Charleston, WV 25311<br>304-345-5667 |
| Laurence F. Janssen<br>Steptoe & Johnson, LLP<br>633 West Fifth Street, Suite 700<br>Los Angeles, CA 90071<br>213-439-9427 | Gerald J. Rapien<br>Robert A. Bilott<br>Taft, Stettinius & Hollister LLP<br>425 Walnut Street, Suite 1800<br>Cincinnati, OH 45202 |