IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE:  JOHN ADAMS ASSOCIATES, INC. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM R. RHODES, <u>et al.</u> | : | Case No. 07-577 (RBW) |
| | : | |
| Plaintiffs, | : | |
| v | : | |
| | : | |
| JOHN ADAMS ASSOCIATES, INC., | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFFS' MOTION TO COMPEL REMOVAL OF DEFENDANT'S
CONFIDENTIALITY DESIGNATIONS ON CERTAIN PRODUCED DOCUMENTS**

Pursuant to certain Orders, attached hereto and more particularly described below, entered in the cases related to this miscellaneous matter, Plaintiffs hereby challenge the confidentiality designations applied to several documents that Defendant John Adams Associates, Inc. ("JAA") has produced in this action pursuant to subpoena.  Plaintiffs move the Court to compel JAA to remove the confidentiality designations and reproduce the documents without said designations, and for an award of the reasonable expenses, including attorney's fees, that have been incurred in prosecuting this Motion.  A Memorandum in Support follows and the challenged documents are attached as exhibits hereto and are filed under seal.

<u>**MEMORANDUM IN SUPPORT**</u>

**I.     BACKGROUND**

On December 21, 2007, Plaintiffs initiated the instant miscellaneous action, seeking to compel JAA to produce documents relevant to pending litigation in federal courts in West Virginia and New Jersey.  *See Rowe, et al. v. E.I. DuPont de Nemours and Company*, Civil Action Case No. 06-1810-RMB-AMD (D.N.J.); *Rhodes, et al. v. E.I. DuPont de Nemours and Company*, Civil Action Case No. 6:06-530 (S.D. W. Va.).  The parties agreed that the responsive documents could be labeled "confidential" pursuant to the terms of the Confidentiality Order in place in the *Rowe* matter and the Protective Order in place in the *Rhodes* matter.[1]

JAA thereafter designated several of the documents responsive to the subpoena as confidential.  Plaintiffs challenge several of these designations.  The parties have met and conferred regarding the designations for all of the challenged documents, but have been unable to resolve their issues informally.  For purposes of cohesion and to avoid repetition, the particular designations which are challenged are detailed below.

**II.     STANDARD OF REVIEW**

While the Protective Order issued in *Rhodes*[2] provides no definition of "confidential," the Confidentiality Order in *Rowe* is rather specific and offers more guidance.  Particularly, it is modeled after the definition of a trade secret and provides the following in relevant part:

> . . . "Confidential Information" means only the following information:
>
> (a)     That information not in the public domain, including a formula, pattern, compilation, program,

---

[1]  While the Protective Order issued in *Rhodes* does not extend its coverage to third parties who produce documents for the case, the parties in the instant action have stipulated that confidentiality designations may be made pursuant to the Protective Order.
[2]  The *Rhodes* Protective Order was issued by the Court.  The parties to that matter did not draft, edit, or negotiate the same.

device, method, technique, or process, that is either
entitled to protection from public disclosure on the
basis of "business confidentiality" under 40 C.F.R.
Part 2, Subpart B, or satisfies both of the following:

    (i)      It derives independent economic
value, actual or potential, from not
being generally known to, and not
being readily ascertainable by proper
means by, other persons who can
obtain economic value from its
disclosure or use; and

    (ii)     It is the subject of efforts that are
reasonable under the circumstances
to maintain its secrecy.

(Ex. A, Confidentiality Order ¶ 2.)[3]  The Confidentiality Order provides that a confidentiality

designation may be challenged by "apply[ing] to the Court for a determination of whether said

designation is proper."  (*Id.* ¶ 3.)  "The party claiming that the information is confidential shall

bear the burden of proof in the event that another party applies to the Court for a determination

of whether said designation is proper."  (*Id.*)  Thus, while Plaintiffs are certainly the party

initiating the review of the challenged documents, the burden rests with JAA to establish why

such documents should be designated "confidential" pursuant to the *Rowe* Confidentiality Order.

       Plaintiffs respectfully submit that the definition set forth in the *Rowe* Confidentiality

Order should govern the determination of whether the confidential designations in the challenged

documents were proper.  As noted, the *Rhodes* Protective Order provides no definition of

"confidential."  (Ex. B, Protective Order.)  This would permit a party to designate as confidential

virtually any document it desires, thereby rendering the term meaningless and, more to the point,

---

[3] This definition of "confidential information" is derived from the Uniform Trade Secrets Act, § 1(4), which
provides a virtually identical definition.  Nearly every state in the country has adopted a version of the
UTSA that substantively encompasses this definition.

unhelpful in the event a designation is challenged.  The more prudent and logical course would be to utilize the legal and more meaningful standard set forth in the *Rowe* Confidentiality Order.

Case law also provides some additional guiding principles in analyzing whether a party acted properly pursuant to a protective order that permitted a confidential designation to be given to a properly discoverable document.  "The Federal Rules of Civil Procedure create a statutory presumption in favor of open discovery, extending even to those materials not used at trial." *John Does I-VI v. Yogi*, 110 F.R.D. 629, 632 (D.D.C. 1986) (discussing whether to issue protective order to protect alleged "trade secret" documents).  While protective orders can be utilized to somewhat relax this presumption, to even have a Court endorse such an order to protect the disclosure of "confidential business information" requires a party to satisfy a heavy burden.  *See United States v. Exxon Corp.*, 94 F.R.D. 250, 251 (D.D.C. 1981) (noting that party seeking protective order to protect confidential business information "must prove that disclosure will result in a clearly defined injury and very serious injury to its business").  It follows, then, that the use of the "confidential" designation permitted by a protective order "is governed by an overarching requirement of good faith" that prohibits "flagrant unwarranted designation."  *In re ULLICO Inc. Litig.*, 237 F.R.D. 314, 317-18 (D.D.C. 2006).

## III.    THE CHALLENGED DOCUMENTS

A majority of the challenged documents share one characteristic:  they were all communications JAA originated or in which JAA participated that were dispersed outside of JAA.  While Plaintiffs, again, do not bear the burden of proving whether the confidential designation attached to these documents is appropriate, the reasons for the instant challenge are largely the same for most of these documents.  The challenged documents have been broken down into the following categories:  (1) JAA Communications with the Society of the Plastics

4

Industry ("SPI"); (2) JAA Communications with 3M Company ("3M"); (3) JAA

Communications with SPI members and others; (4) JAA seminar/presentation materials; (5) JAA

draft/clean documents; and (6) internal JAA communications.

### A.    JAA Communications with SPI

Some of the challenged documents contain communications between JAA and SPI, an

alleged JAA client.  JAA bears the burden of proving that the following bates-numbered

documents fitting this description are "confidential" under the Protective Order and

Confidentiality Order:

| Document No. | Document Description |
|---|---|
| JAA0001132-JAA0001133 | email from JAA to SPI enclosing draft media summary regarding PFOA |
| JAA0001204 | email chain between JAA and SPI regarding PFOA |
| JAA002404 | email chain between JAA and SPI regarding public response to negative PFOA press |
| JAA003381-JAA0003383 | email enclosing draft "PFOA Talking Points, for Reactive Mode" |
| JAA0003586 | email chain including email from JAA to SPI providing link and article excerpts |
| JAA0010422 | email chain including email from JAA to SPI enclosing news items |
| JAA0010448 | email chain between JAA and SPI regarding response to negative press regarding PFOA |
| JAA0037838-JAA0037839 | email chain including email from JAA to SPI enclosing news items |
| JAA0041494-JAA0041495 | email chain between JAA and SPI regarding negative news story on PFOA |
| JAA0050216-JAA0050223 | email chain between JAA and SPI regarding response to negative PFOA press |

(Ex. C.)

While it is impossible for Plaintiffs to provide a full explanation of why the challenged

documents have been improperly designated as confidential in the absence of JAA attempting to

satisfy its burden regarding the same, based on the category of documents some observations are

appropriate.  It would appear that in designating these documents confidential, JAA is using

interchangeably principles related to the attorney-client privilege and principles related to the confidentiality definition. Ordinarily, confidential business information is treated as such because it is entirely contained within a business, and it would be harmful for that information to go beyond the walls of that business. With respect to these documents, JAA openly permitted communications to be sent to another party outside of and wholly independent of JAA.

Moreover, several of the documents, or communications within several of the documents, appear to merely be communications with no content other than the disclosure of the fact that an article or paper on PFOA had been publicly released. This type of information does not derive independent economic value to JAA and, certainly, is information that is already generally known due to the fact that it has been released publicly.

In addition, it is questionable how the communications in these documents constitute "a formula, pattern, compilation, program, device, method, technique, or process." Many of the challenged documents and/or communications within, again, simply relay that a response is needed or should be considered for negative press that has already been released or aired regarding PFOA. The remainder of the documents, even if they contain content that could be considered advice or strategy, were conveyed outside of the walls of JAA and, therefore, are no longer trade secret-like information that JAA sought to not share with others.

### B.    JAA Communications with 3M

There are also several challenged documents that contain communications between JAA and 3M Company, another alleged JAA client. JAA bears the burden of proving that the following bates-numbered documents fitting this description are "confidential" under the Protective Order and Confidentiality Order:

| Document No. | Document Description |
| --- | --- |
| JAA0007122 | email from JAA to 3M regarding meetings and communications plan |

| JAA0007124 | email from JAA to 3M regarding retention of another public relations firm or strategy |
|---|---|
| JAA0007127-<br>JAA0007128 | email chain between JAA and SPI and 3M regarding communications on PFOA |
| JAA0008168 | email between JAA and 3M and SPI regarding news article on PFOA |
| JAA0015797 | email chain including email from JAA to 3M regarding strategy |
| JAA0018924-<br>JAA0018936 | memo and enclosures from JAA to 3M regarding PFOA response strategy |
| JAA0019135-<br>JAA0019137 | email enclosing letter from JAA to 3M regarding PFOA response strategy |
| JAA0019166-<br>JAA0019167 | email chain between JAA and 3M regarding strategies |
| JAA0019540 | appears to be entirely internal 3M document asking for scientific paper submissions |
| JAA0021349-<br>JAA0021352 | memo from JAA to 3M |
| JAA0021663 | email from JAA to 3M regarding a US News employee |
| JAA0021721-<br>JAA0021723 | memo from JAA to 3M regarding 2001 media coverage |
| JAA0021763 | email from JAA to 3M regarding follow-up to conference call |
| JAA0023510 | memo from JAA to 3M concerning environmental messages |
| JAA0023513-<br>JAA0023514 | memo from JAA to 3M concerning comments on draft strategic document |
| JAA0023603-<br>JAA0023606 | memo from JAA to 3M enclosing negative press |
| JAA0031858-<br>JAA0031859 | email chain including emails between JAA and 3M concerning website content |
| JAA0032734-<br>JAA0032736 | email from JAA to 3M concerning public relations strategy, with attached draft document |
| JAA0033974-<br>JAA0033977 | letter from JAA to 3M regarding strategy |
| JAA0039366 | email from JAA to 3M concerning PFOA levels in Parkersburg, WV |
| JAA0040977 | email chain between JAA and SPI member regarding 3M response to negative press |
| JAA0041170-<br>JAA0041171 | email chain between JAA and 3M concerning a news release |
| JAA0023228-<br>JAA0023232 | memo from JAA to 3M enclosing draft communications documents |
| JAA0023260-<br>JAA0023261 | memo from JAA to government affairs representative, copied to 3M, regarding blood level comparisons |
| JAA0023326-<br>JAA0023328 | letter/memo from JAA to 3M regarding initial media outreach |
| JAA0023329-<br>JAA0023331 | enclosing memo from JAA to 3M regarding initial media outreach |
| JAA0023332- | enclosing memo from JAA to 3M regarding Media Positioning Talking Points |

| JAA0023334 | |
|---|---|
| JAA0022882 | memo from JAA to 3M of draft of possible EPA questions |
| JAA0023233-JAA0023236 | memo from JAA to 3M enclosing draft communications documents |
| JAA0021369-JAA0021375 | enclosing two memos from JAA to 3M |
| JAA0021376-JAA0021378 | enclosing memo from JAA to 3M |
| JAA0023377-JAA0023379 | enclosing memo from JAA to 3M regarding chemicals/packaging issues |
| JAA0023380-JAA0023381 | enclosing memo from JAA to 3M regarding McDonald's relationship with Environmental Defense Fund |
| JAA0023409-JAA0023416 | memo and enclosure of table assembled by 3M regarding PFOS as compared to other substances found in blood |
| JAA0023419-JA0023422 | fax and enclosure from 3M to JAA regarding information sent to 3M lab |
| JAA0023437-JAA0023440 | memo and enclosure from JAA to 3M regarding talking points response to issues raised in 3M employee open letter |
| JAA0023507-JAA0023509 | memo and enclosure from JAA to 3M regarding talking points response to 3M employee open letter |
| JAA0023598-JAA0023600 | memo and enclosure of draft document from JAA to 3M |
| JAA0023666-JA0023672 | memo and attachment from JAA to 3M regarding fire-fighting foams |
| JAA0023767 | memo from JAA to 3M regarding EPA RM1 Process |
| JAA0023783-JAA0023784 | memo and summary of publication strategy from JAA to 3M |
| JAA0023791 | memo from JAA to 3M regarding publications strategy |
| JAA0023976 | memo from JAA to 3M regarding publication strategy document |
| JAA0023798 | memo from JAA to 3M regarding publication strategy document |
| JAA0023800-JAA0023810 | memo and enclosed charts regarding children's health chemical testing requirements |
| JAA0023811-JAA0023817 | memo and enclosure from JAA to 3M regarding testing requirements |
| JAA0023827-JAA0023829 | letter from JAA to 3M regarding risk assessment and science article |
| JAA0023830-JAA0023832 | letter from JAA to 3M regarding risk assessment and science article |
| JAA0023860-JAA0023869 | memo from JAA to 3M enclosing Environmental Science Publications Strategy draft |
| JAA0023870-JAA0023875 | memo from JAA to 3M enclosing Health Science Publications Strategy update |
| JAA0023877-JA0023878 | memo from JAA to 3M regarding persistent organic pollutants |
| JAA0023886- | memo from JAA to 3M regarding Project Spring Messages |

| JAA0023888 | |
|---|---|
| JAA0023892 | memo from JAA to 3M regarding Key Messages |
| JAA0023896-JAA0023898 | memo from JAA to 3M regarding environmental questions and answers |
| JAA0023937 | email correspondence between JAA and 3M regarding environmental questions and answers |
| JAA0023937 | email correspondence between JAA and 3M regarding Purdy poster |

(Ex. D.)

Subject to JAA purporting to carry its burden of proving that the challenged documents have been properly designated, these challenged documents do not fit the definition of confidentiality for largely the same reasons that the communications with SPI, another JAA client, do not fit the definition of confidentiality. These are communications that are made outside of JAA, conveying information to another party which is not a part of JAA. There is no evidence that the information in these documents derives independent economic value by virtue of it not being known by or readily ascertainable by persons who could obtain value from its disclosure or use. There is no evidence that JAA took reasonable steps to maintain its secrecy.

### C.    JAA Communications With SPI Members and Others

Another portion of the challenged documents contain communications between JAA and SPI members and other companies. JAA bears the burden of proving that the following bates-numbered documents fitting this description are "confidential" under the applicable Orders:

| Document No. | Document Description |
|---|---|
| JAA00374 | email chain involving JAA and SPI members regarding a draft PFOA press release |
| JAA0006436-JAA0006438 | email chain including email from JAA to 3M Company enclosing article regarding Teflon |
| JAA0007590-JAA007591 | email chain between JAA and DuPont regarding Australian television report on PFOA |

| JAA0007601-<br>JAA0007603 | email from JAA to 3M enclosing transcript of ABC report on Teflon |
|---|---|
| JAA0010450-<br>JAA0010451 | email chain including JAA, SPI, and 3M regarding PFOA press |
| JAA0010896 | email from JAA to SPI and members concerning strategy for highlighting favorable PFOA study |
| JAA0011108-<br>JAA0011109 | email chain including JAA, SPI, and SPI members concerning response to negative press about PFOA |
| JAA0011131 | email chain between JAA and SPI members regarding response to negative paper on PFOA |
| JAA0014953 | email from JAA to SPI member attaching a draft letter on nonstick cookware |
| JAA0027896-<br>JAA0027900 | email chain between JAA and SPI members regarding public responses and PFOA issues |
| JAA0027946-<br>JAA0027948 | email chain between JAA and SPI members regarding public responses and PFOA issues |
| JAA0031655-<br>JAA0031657 | email chain between JAA and counsel for SPI or SPI members regarding FAQs for a website |
| JAA0031659-<br>JAA0031660 | email chain between JAA, counsel for SPI or SPI members, and SPI members regarding website FAQs |
| JAA0031897 | email from JAA to SPI members regarding website FAQs |
| JAA0031961-<br>JAA0031962 | email chain between JAA and SPI and SPI members regarding website FAQs |
| JAA0031995-<br>JAA0031996 | email chain between JAA and SPI and SPI members regarding website FAQs |
| JAA0033560-<br>JAA0033561 | draft of document regarding nonstick cookware |
| JAA0041708-<br>JAA0041079 | email chain between JAA and SPI and SPI members regarding a consumer reports news article |
| JAA0041391-<br>JAA0041395 | email chain between JAA and SPI and SPI members regarding news article on PFOA |
| JAA0041486-<br>JAA0041489 | email chain between JAA and SPI members regarding PFOA paper |
| JAA0043534-<br>JAA0043537 | email chain between JAA and SPI members regarding response to a PFOA paper |
| JAA0010424-<br>JAA0010427 | email correspondence between JAA and DuPont regarding negative PFOA press |

(Ex. E.)

   While, once again, JAA – and not Plaintiffs – bears the burden of demonstrating that a

confidentiality designation is appropriate, it should be noted that the communications within

these documents were afforded even less secrecy by JAA than were the communications JAA

had with its alleged clients SPI and 3M.  Whether it was speaking generally about responding to

negative press concerning PFOA, collectively gathering thoughts regarding how website FAQs

should read, or, as seems to often be the case with JAA's designations, merely enclosing links or

excerpts of publicly released items, it is clear that JAA was casting an even wider net in these

particular communications.  A majority of the documents, furthermore, would not constitute the

types of communications that have any independent economic value to JAA for not being known

generally.  Simply providing a link to an article or stating generally that a response to negative

press might be appropriate, is neither information not generally known to the public nor

information that can be considered JAA's confidential, internal processes or methods.

**D.    JAA Seminar/Presentation Materials**

JAA has also marked several documents "confidential" that appear to be seminar or

organizational meeting materials generated and presented by JAA to other persons or companies.

JAA bears the burden of proving that the following bates-numbered documents fitting this

description are "confidential" under the Protective Order and Confidentiality Order:

| Document No. | Document Description |
| --- | --- |
| JAA009318-JAA009328 | slide show about JAA, its abilities to act as public relations firm regarding PFOA, and general strategies therefore |
| JAA0016321-JAA0016326 | draft slides with comments, of progress report for The Fluoropolymer Information Center, presented by JAA |
| JAA0016409-JAA0016419 | Proposed Communication Plan for PFOA and the Fluoropolymers Industry, to be presented by JAA at conference meeting |
| JAA0041630-JAA0041639 | slides for presentation by the Fluoropolymer Information Center regarding science/regulatory update on PFOA |

(Ex. F.)

Similar to the documents containing communications to SPI members and others, these

challenged documents contain information that was conveyed at conferences and meetings where

several more entities or people were in attendance.  Little to no efforts to maintain the secrecy of

the information – certainly not within JAA, the relevant inquiry – were made.  In fact, this

information, once presented or transmitted to others, essentially became publicly released

information.  Information concerning JAA's capabilities and general strategies can be found

largely on the company's website (*see* http://johnadams.com) and, it appears, could be received

by any company in a position to require JAA's services, any member of various organizations, or

any attendee of various conferences or meetings.  Given the public nature of much of this

information, combined with the minimal efforts to secure the secrecy of the information, it

cannot be said that the information contained in these documents provided independent

economic value to JAA.

       **E.**       **Draft Documents and Clean Memoranda**

       JAA has designated confidential several documents that appear to be drafts of statements

to be released publicly, statements designed to ensure control of information, and other

communications-related documents.  JAA bears the burden of proving that the following bates-

numbered documents fitting this description are "confidential" under the Protective Order and

Confidentiality Order:

| Document No. | Document Description |
|---|---|
| JAA0003300-JAA0003304 | draft document of "Upcoming Action-Forcing Events" |
| JAA0003375-JAA0003380 | draft document of "PFOA-Health, Safety and Benefits, Master Message Track" |
| JAA0006149-JAA0006151 | "Responses to Frequent Misquoted, Misinterpreted, and Misinformed Media Statements" |
| JAA0014813-JAA0014952 | "DRAFT Initial Statement on Nonstick Cookware Safety, for Cookware Manufacturers' Project" |
| JAA0042289-JAA0042292 | draft letter to scientists concerned about or interested in the safety of PFOA |
| JAA0050196-JAA0050197 | "Proposal for Fluoropolymers Communications Program" |
| JAA0018889- | "Issues & Detractors Analysis" |

| JAA0018896 | |
|---|---|
| JAA0018906-JAA18912 | "Issues & Detractors Analysis"); JAA0018913-JAA0018917 ("Science Publication Strategy" |
| JAA0018918-JAA0018922 | "Communications Plan Checklist" |
| JAA0018923 | "Middle Drawer Statement" |
| JAA0018988 | "Advertorials – full page – a report to the public" |
| JAA0022699-JAA0022704 | draft of strategy points and issues concerning PFCs |
| JAA0022755-JAA0022756 | memo on media positioning talking points |
| JAA0022879 | draft of "General Standby Statement" |
| JAA0022881 | draft of "General Standby Statement" |
| JAA0023242-JAA0023244 | draft "Communications Strategy Considerations" |
| JAA0023340-JAA0023366 | draft "3M Data on PFOS Exceeds the Requirements of EPA's Voluntary High Production Volume Testing Program" with accompanying tables |
| JAA0023367-JAA0023376 | draft "3M Data on PFOS Exceeds the Requirements of EPA's Voluntary High Production Volume Testing Program" |
| JAA0023405-JAA0023408 | draft FC Customer letter for 3M employee signature |
| JAA0023441-JAA0023442 | draft talking points response to 3M employee open letter |
| JAA0023450-JAA0023457 | draft technical response to 3M employee open letter |
| JAA0023469-JAA0023476 | draft technical response to 3M employee open letter |
| JAA0023477-JAA0023484 | draft technical response to 3M employee open letter |
| JAA0023601-JAA0023602 | draft of "Key Messages" |
| JAA0023725 | "Notes on Health Science Publications Strategy" |
| JAA0023782 | "Human Health Publications Strategy" draft |
| JAA0023856-JAA0023859 | draft "Update of Health Science Publications Strategy" |
| JAA0023931-JAA0023936 | draft "Response to Environmental Safety Questions Regarding PFOS Raised by Mr. Rich Purdy in His SETAC Poster" |
| JAA0010428-JAA0010431 | article regarding DuPont's Teflon products |

(Ex. G.)

With the exception of the article regarding DuPont's Teflon products, for which a confidential designation is obviously inappropriate, these challenged documents were all "clean" (i.e., no handwritten or other notations or corrections) versions of documents created by JAA or created as a joint effort between JAA and other entities. To the extent that the documents were jointly created, it is difficult to discern how they could constitute confidential business information *of JAA*. With respect to all or nearly all of the documents, input was sought and/or received from and to entities outside of JAA. As is the case with all of the challenged documents that have already been discussed, this is not a situation where, for example, a lawyer's advice was conveyed to a client, thereby entitling it to attorney-client protection. This is a public relations firm and its relationship with its client, much less entities which are not its clients, are afforded no similar legal protection.

**F.      Internal JAA Communications**

Several challenged documents contain internal JAA communications or handwritten notes of meetings and conferences made by JAA employees. JAA bears the burden of proving that the following bates-numbered documents fitting this description are "confidential" under the Protective Order and Confidentiality Order:

| Document No. | Document Description |
|---|---|
| JAA0003586 | email chain including two internally transmitted emails regarding response to negative PFOA press |
| JAA0006436 | email chain including internally transmitted email commenting on a Teflon article that was forwarded on to 3M |
| JAA0010422 | email chain including internally transmitted emails offering strategy ideas to give to client |
| JAA0010423 | email chain including internally transmitted email regarding the content of a website |
| JAA0015097 | internally transmitted email regarding changes to website content |
| JAA0016442-JA0016444 | internal memorandum regarding prevention of "unwarranted deselection" |

| JAA0016502-<br>JAA0016518 | copy of paper written by UK public relations company regarding PFOA, with handwritten notes in margins |
|---|---|
| JAA0033970-<br>JAA0033972 | internal memorandum regarding prevention of "unwarranted deselection" |
| JAA0037838-<br>JAA0037839 | email chain including two internally transmitted emails concerning an AP news report |
| JAA0041486 | email chain including internally transmitted email regarding response to a negative PFOA paper |
| JAA0007121 | handwritten notes regarding conversations with 3M |
| JAA0015797 | email chain including internally transmitted email regarding response |
| JAA0018897-<br>JAA0018898 | handwritten notes regarding meeting with 3M |
| JAA0018889 | handwritten note regarding a rough draft |
| JAA0018902 | handwritten note regarding conference call details for 3M |
| JAA0018903-<br>JAA0018905 | notes regarding a 3M conference call |
| JAA0018985-<br>JAA0018987 | notes regarding meeting with 3M |
| JAA0019541-<br>JAA0019543 | notes of meeting attended by JAA and 3M |
| JAA0019544 | notes of meeting with JAA and 3M |
| JAA0019545 | notes concerning a joint paper by 3M and DuPont |
| JAA0019546 | internal 3M communication concerning a JAA visit |
| JAA0019547-<br>JAA0019551 | draft of Science Publication Strategy with handwritten notes by JAA |
| JAA0019569-<br>JAA0019570 | draft of page of Third Party Spokespersons, with handwritten notes |
| JAA0019571-<br>JAA0019577 | notes of meetings with 3M); JAA0021446-JAA0021456 (handwritten notes of meetings |
| JAA0021457-<br>JAA21459 | agenda and handwritten notes for meetings with 3M |
| JAA0021523-<br>JAA0021530 | handwritten notes of meetings |
| JAA0021742-<br>JAA0021762 | handwritten notes of meetings |
| JAA0031858-<br>JAA0031859 | email chain including internally transmitted email regarding 3M comments on website language |
| JAA0036413-<br>JAA0036414 | internal email chain regarding 3M employee |
| JAA0022875-<br>JAA0022877 | draft of Key Messages with handwritten notes |
| JA0022878 | draft of General Standby Statement with handwritten notes |

| JAA0022880 | draft of General Standby Statement with handwritten notes |
|---|---|
| JAA0022883 | draft of Possible EPA Questions with handwritten notes |
| JAA0023417-<br>JAA0023418 | memo and enclosure regarding scientific PFOA question |
| JAA0023336-<br>JAA0023339 | draft of Third Party Spokespersons with handwritten notes |
| JAA0023382-<br>JAA0023393 | PFOS Issues Summary with handwritten notes |
| JAA0023423-<br>JAA0023434 | draft communications documents with handwritten notes |
| JAA0023461-<br>JAA0023468 | draft response to technical issues raised by 3M employee open letter, with handwritten notes |
| JAA0023485-<br>JAA0023492 | draft response to technical issues raised by 3M employee open letter, with handwritten notes |
| JAA0023775-<br>JAA0023779 | draft of Update to Health Science Publication Strategy with handwritten notes |
| JAA0023780-<br>JAA0023781 | handwritten notes on cover page regarding publication strategy |
| JAA0023785 | handwritten memo regarding summary to send to 3M |
| JAA0023788-<br>JAA0023790 | draft of Environmental Science Publications Strategy with handwritten notes |
| JAA0023792-<br>JAA0023795 | draft of Environmental Science Publications Strategy with handwritten notes) |
| JAA0023797 | handwritten notes of meeting |
| JAA0023799 | notes regarding a compared document |
| JAA0023818-<br>JAA0023821 | draft science document with handwritten notes |
| JAA0023833-<br>JAA0023841 | drafts with handwritten notes of Environmental Science Publications Strategy |
| JAA0023842 | handwritten notes regarding analysis of issue |
| JAA0023843-<br>JAA0023848 | draft of Environmental Science Publications Strategy with handwritten notes |
| JAA0023849-<br>JAA0023855 | internal memo enclosing draft of Environmental Science Publications Strategy |
| JAA0023893-<br>JAA0023895 | handwritten notes on First Draft Questions and Answers on Persistence |

(Ex. H.)

These documents consist of communications or information that, on their face, appear to have been transmitted internally within JAA. Several of the documents are merely notes that were made of conferences with other parties, most prominently 3M. For the reasons set forth

above, such meetings or conferences do not by definition meet the confidentiality requirements

of the applicable Orders and are entitled to no protection from full disclosure.  Many other of

these documents are handwritten notes contained on drafts of documents that had been or were

shared with others, and that were eventually released taking into account such handwritten notes.

Given this transmission outside of JAA, there cannot have been reasonable efforts to maintain

the secrecy of this information.  This information also is not the type of process or method

ordinarily protected as confidential business information.

## IV.    AN AWARD OF EXPENSES IS APPROPRIATE

Rule 37 of the Federal Rules of Civil Procedure requires JAA to pay the reasonable

expenses of Plaintiffs unless Plaintiffs failed to seek informal resolution of the dispute in good

faith prior to filing the motion, the designations were substantially justified, or other

circumstances would make such a payment unjust.  See Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Where a party engages in mass, unjustified designation practice pursuant to a protective order,

the moving party is said to be "unfairly burdened" and the payment of reasonable expenses,

including attorney's fees, is appropriate.  See In re ULLICO Inc. Litig., 237 F.R.D. at 318

(ordering also that the nonmoving party must "re-do[] its entire confidentiality designations").

Here, as demonstrated above and by the sheer number of documents attached to this

Motion, JAA engaged in a massive campaign to designate documents confidential where there

was simply no reason, legal or otherwise, to do so.  It is difficult to envision any plausible reason

why a large number of the documents were so designated, such as publicly released items, emails

that simply enclosed public news items, or copies of slides for speeches or presentations that

were made to large numbers of entities and persons.  It would only be through the misuse of a

protective order that many other documents could have been designated confidential.  Thus,

pending JAA's explanation for its designation, it seems clear that an award of expenses is appropriate.

## V.    CONCLUSION

In sum, confidential designations pursuant to the terms of properly entered protective orders are typically an exception to the rule of open disclosure and filing.  Thus, documents should only be labeled "confidential" if they truly meet the scope of the definition of the protective order.  JAA has abused this exception by liberally applying the designation without regard for and in violation of the language of the applicable Orders.  Despite Plaintiffs' requests to the contrary, JAA has not been willing to remove the inappropriate designations and reproduce the documents without the designations, which necessitated the instant motion. Accordingly, Plaintiffs respectfully ask this Court to order JAA to remove the confidential designations applied to the above-referenced and attached documents and reproduce the documents without said designations.  Furthermore, Plaintiffs request that the Court award them their fees incurred in bringing the instant Motion.

Respectfully submitted,

/s/ Karen J. Marcus
Karen J. Marcus (D.C. Bar # 486435)
Finkelstein Thompson LLP
The Duvall Foundry
1050 30th Street N.W.
Washington, D.C.  20007
(Tel) (202) 337-8000
(Fax)   (202) 337-8090
kmarcus@finkelsteinthompson.com


 /s/  J. Steven Justice
J. Steven Justice (OSB# 0063719)
Taft Stettinius & Hollister LLP
110 North Main Street, Suite 900

Dayton, OH  45402
(Tel)   937-228-2816
(Fax)   937-228-2816
justice@taftlaw.com

## CERTIFICATE OF SERVICE

I certify that on April 7, 2008, I caused a copy of Plaintiffs' Motion To Compel Removal

Of Defendant's Confidentiality Designations On Certain Produced Documents to be filed

electronically with the Clerk of the Court using the CM/ECF system, which will send notice of

the filing to the following:

>Katherine L. Rhyne
>King & Spalding LLP
>1700 Pennsylvania Avenue, NW
>Washington, DC  20006

>Thomas Richichi
>Nadira Clarke
>Beveridge & Diamond, P.C.
>1350 I Street, N.W., Suite 700
>Washington, D.C.  20005

Notice will be sent to the following via First Class Mail:

>Michael C. McCarthy
>Maslon Edelman Borman & Brand, LLP
>3300 Wells Faro Center
>90 South Seventh Street
>Minneapolis, MN  55402-4140

Dated:  April 7, 2008                    /s/ Karen J. Marcus
                                         Karen J. Marcus

# EXHIBIT A

Case 1:06-cv-01810-RMB-AMD    Document 29-2    Filed 03/02/2007    Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| Richard A. Rowe and Nicholas R. Dagostino, Mary L. Carter, Michelle E. Tomarchio, Regina M. Trout, Allen K. Moore, Marva E. Johnson, Catherine A. Lawrence, and Kathleen K. Lemke, as parent and personal representative of DJL, Jr., a minor, individually and on behalf of themselves and all others similarly situated, | : | Civil Action No. 06-1810 (RMB) |
| **Plaintiffs,** | : | |
| v. | : | |
| E. I. du Pont de Nemours and Company, | : | Civil Action No. 06-3080 (RMB-AMD) |
| **Defendant.** | : | |
| Donald Coles and Misty Scott, on behalf of themselves and all others similarly situated, | : | |
| **Plaintiffs,** | : | |
| v. | : | |
| E. I. du Pont de Nemours & Company | | |
| **Defendant.** | | |

**DISCOVERY CONFIDENTIALITY ORDER**

Upon stipulation of Plaintiffs Richard A. Rowe and Nicholas R. Dagostino, individually and on behalf of themselves and all others similarly situated (hereinafter collectively "Rowe Plaintiffs"), and Donald Coles, on behalf of himself and all others similarly situated (hereinafter

"Coles Plaintiffs"), and Defendant E. I. duPont de Nemours & Co., Inc. (hereinafter "DuPont") for the entry of this Protective Order (hereinafter "Protective Order"), and on submission of an attorney certification in accordance with New Jersey Local Civil Rule 5.3(b)(2), for good cause shown,

IT IS ORDERED on this _5ᵗʰ_ day of March, 2007, as follows:

1.    The Parties recognize that each may possess certain information that may be produced or disclosed in connection with this action and that may constitute confidential information. The parties may designate in accordance with Paragraph 4 of this Stipulated Protective Order any document or thing, including but not limited to, answers to interrogatories, deposition testimony, exhibits, or other material, that contains confidential information and that will be produced by that party through the discovery proceedings herein, as confidential information (hereinafter "Confidential Information").

2.    As used herein, the term "Confidential Information" means only the following information:

   (a)   That information not in the public domain, including a formula, pattern, compilation, program, device, method, technique, or process, that is either entitled to protection from public disclosure on the basis of "business confidentiality" under 40 C.F.R. Part 2, Subpart B, or satisfies both of the following:

        (i)    It derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

        (ii)   It is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

   (b)   That information not in the public domain that reveals the specific, individual identity of any person in connection with their particular medical status, history, disease, or condition, provided, however, that none of the underlying data with respect to such medical status, history, disease,

or condition shall be deemed "Confidential Information" under this Stipulated Protective Order, to the extent that information does not reveal the specific identity of any particular individual.

3.    The designation of a document as Confidential Information will be without prejudice to the rights of the Parties to apply to the Court for a determination of whether said designation is proper. The party claiming that the information is confidential shall bear the burden of proof in the event that another party applies to the Court for a determination of whether said designation is proper.

4.    The designation of Confidential Information for purposes of this Protective Order shall be made as follows:

(a)    Except as to documents described in Paragraphs (b) and (c) below, by stamping each page of such Confidential Information, when copies are delivered to the requesting party, with the term: **"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER IN ROWE/COLES"**.

(b)    In the case of depositions, other pretrial testimony, the transcripts thereof, and exhibits thereto, by a statement on the record of counsel for the party making the disclosure at the time of such disclosure; and

(c)    Where a document is produced that has been provided to a regulatory agency and a designation of "business confidential" or similar claim has been made with regard to such document before such regulatory agency, such document shall be treated as Confidential Information under this Protective Order.

5.    Confidential Information produced by the Parties shall not be disclosed by the opposing parties, their counsel, employees, and contractors, except as follows: (a) to the Court under such safeguards as the Court may require; (b) to the other parties, their counsel,

contractors, and employees under their supervision who have signed the Confidentiality Agreement set forth in Attachment A; (c) to the parties' insurance carriers who have signed the Confidentiality Agreement set forth in Attachment A; (d) to court reporters and their staff recording proceedings in this action who have signed the Confidentiality Agreement set forth in Attachment A; (e) to any witness or prospective witness who has signed the Confidentiality Agreement set forth in Attachment A; and (f) to such persons as are utilized by counsel to act as experts at trial or otherwise for expert consultation in this action who have signed the Confidentiality Agreement set forth in Attachment A.

6.    The provisions of this Protective Order shall not apply to any document, data, other information or material that is in the rightful possession of another party to this Protective Order, or is otherwise in the public domain.

7.    At the final termination of this litigation and upon the request of counsel for the producing party made within sixty (60) days of the termination of this action and all appeals, any document containing Confidential Information and any copies or extracts thereof shall be returned to the producing party, at the producing party's expense, except those documents or copies of documents filed with or admitted into the record of this case.

8.    Nothing in this Protective Order, or any action taken in compliance with it, shall (a) operate as an admission by any party that any particular Confidential Information is, or is not, confidential, (b) prejudice in any way the right of any party to seek a determination that Confidential Information is required to be disclosed, or (c) prejudice in any way the right of any party to seek a determination that Confidential Information was not properly designated. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any Confidential Information.

1083963

9.     Documents produced by DuPont to plaintiffs in *Leach, et al. v. E.I. du Pont de Nemours & Co.*, No. 010-C-608 (Cir. Ct. W. Va.), which were labeled as confidential by DuPont in that matter pursuant to the protective order entered in that matter and for which DuPont did not withdraw the designation of confidential in that matter, shall be considered as "Confidential Information" under the terms of this Order and shall be protected by this Order.

10.     Non-parties who produce information in response to subpoenas served in this matter also may designate responsive information as "Confidential Information," subject to the terms and protection of this Order.

11.     The obligations of confidentiality set forth in this Protective Order shall continue in effect after the termination of this litigation.

12.     ~~Each undersigned attorney hereby represents that he or she is acting with authorization from each and every co-counsel to bind each and every co-counsel to the terms of this Stipulated Protective Order.~~  All counsel of record, and their agents, representatives and employees, are hereby bound by the terms of this Order.

13.     This Order is subject to modification by the court at any time in accordance with New Jersey Local Civil Rule 5.3.

_____
Magistrate Judge Ann Marie Donio

## ATTACHMENT "A"

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| Richard A. Rowe and Nicholas R. Dagostino, Mary L. Carter, Michelle E. Tomarchio, Regina M. Trout, Allen K. Moore, Marva E. Johnson, Catherine A. Lawrence, and Kathleen K. Lemke, as parent and personal representative of DJL, Jr., a minor, individually and on behalf of themselves and all others similarly situated, | Civil Action No. 06-1810 (RMB) |
| Plaintiffs, | |
| v. | |
| E. I. du Pont de Nemours and Company, | |
| Defendant. | Civil Action No. 06-3080 (RMB-AMD) |
| Donald Coles and Misty Scott, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| E. I. du Pont de Nemours & Company | |
| Defendant. | |

1083863

## CONFIDENTIALITY AGREEMENT

1.    I hereby acknowledge that I am about to receive information subject to a Stipulated Protective Order governing the restricted use of confidential information in the above-captioned litigation.

2.    I will not utilize any documents marked in the above-captioned case as **"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER IN ROWE/COLES".** As a result of this designation, this document is subject to Protective Orders entered in the Rowe/Coles (U.S.D.C.-NJ)" and may not be copied or disseminated except by Order of this Court or any information contained therein for any purpose other than this litigation. I further affirm that I will neither reveal any such designated information to or discuss it with any other persons except in accordance with the terms of the Stipulated Protective Order.

Name                                    Date

STATE OF _____

COUNTY OF _____

Taken, subscribed and sworn to before
the undersigned notary public
this ___ day of _____, 2007.

Notary Public

My Commission expires:_____.

1083863

**Justice, J. Steven**

| | |
|---|---|
| **From:** | njdefiling@njd.uscourts.gov |
| **Sent:** | Monday, March 05, 2007 4:49 PM |
| **To:** | ecfhelp@njd.uscourts.gov |
| **Subject:** | Activity in Case 1:06-cv-01810-RMB-AMD ROWE et al v. E.I. DUPONT DE NEMOURS AND COMPANY "Discovery Confidentiality Order" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing. DO NOT RESPOND TO THIS EMAIL, it is sent from an unattended mailbox. Send questions to ecfhelp@njd.uscourts.gov**

### U.S. District Court

### District of New Jersey [LIVE]

Notice of Electronic Filing

The following transaction was received from gn, entered on 3/5/2007 at 4:49 PM EST and filed on 3/5/2007

**Case Name:**      ROWE et al v. E.I. DUPONT DE NEMOURS AND COMPANY
**Case Number:**   1:06-cv-1810
**Filer:**
**Document Number:** 30

**Docket Text:**
Discovery Confidentiality Order . Signed by Judge Ann Marie Donio on 3/5/07. (gn )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=3/5/2007] [FileNumber=1846006-0]
[0365b5d3e8b9126c93df79fe4fcf704618b406188d4c8cc2604bfd5842fe11ee2ccf
9ae864a17c037cf08ed35205c34a76904e9b82aa7ff45ddf14ae7a4f98b7]]

**1:06-cv-1810 Notice will be electronically mailed to:**

ROBERT A. BILOTT      bilott@taftlaw.com,

SHARI M. BLECHER      info@liebermanblecher.com, sblecher@liebermanblecher.com

DAVID B. BYRNE, III      David.byrne@beasleyallen.com

ANTHONY F. CAVANAUGH      acavanaugh@steptoe.com

ROY ALLAN COHEN    racohen@pbnlaw.com, jacutchis@pbnlaw.com

R. EDISON HILL    Rehill@hpcbd.com

LAWRENCE F. JANSSEN    LJanssen@steptoe.com

DAVID D. JOHNSON    ssmith@wjh-law.com

RHON E. JONES    Rhon.jones@beasleyallen.com

JOSEPH S. JUSTICE    justice@taftlaw.com,

GERALD J. RAPIEN    Rapien@taftlaw.com

LIBRETTA STENNES    lstennes@steptoe.com

LARRY A. WINTER    lwinter@wjh-law.com

**1:06-cv-1810 Notice will be delivered by other means to:**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT PARKERSBURG

WILLIAM R. RHODES,
RUSSELL H. MILLER, and
VALORI A. MACE,

        Plaintiffs,

v.

                                     CIVIL ACTION NO. 6:06-0530
                                     (Honorable Joseph Robert Goodwin)

E.I. DU PONT DE NEMOURS
AND COMPANY

        Defendant.

## PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry. It is hereby **ORDERED** as follows:

1. If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as **"CONFIDENTIAL."**

2. If a party or an attorney for a party disputes whether a document or other material should be marked **"CONFIDENTIAL,"** the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the **"CONFIDENTIAL"** designation shall do so by filing an appropriate motion.

3.     No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Protective Order.

4.     Any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, as evidence at trial, or at any deposition taken in this action.  The parties, attorneys, and other persons to whom disclosure is made shall take appropriate measures at trial and at depositions to protect the confidentiality of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof. Such measures may include filing a motion requesting the court to seal a document or a portion thereof.  The parties and attorneys shall not file documents under seal.

5.     If a party wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

    a.    Provide a copy of the Protective Order to the person to whom disclosure is made;

    b.    Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

    c.    Require that the person to whom disclosure is made to sign an acknowledgement and receipt of this Protective Order;

    d.    Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material;

    e.    Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person;

f.    At the conclusion of the action, gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

6.    <u>Inadvertent or Unintentional Production</u>.    The inadvertent or unintentional production of documents containing, or otherwise disclosing, confidential, privileged, private, proprietary or trade secret information without being designated "**CONFIDENTIAL**" at the time of production or disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Any error in designation shall be corrected within a reasonable time after the producing party becomes aware of the error.

7.    <u>Inadvertent Disclosures</u>.    The inadvertent production or disclosure of any privileged, confidential or otherwise protected document shall not be deemed either a general waiver of privilege, confidentiality or work product protection as to the document inadvertently produced or disclosed. In the event of inadvertent disclosure of any document, promptly upon discovery of such inadvertent disclosure the producing party may notify any party receiving the document that production was inadvertent, and that the producing party may notify any party receiving the document that production was inadvertent, and that the producing party intends to move the court for a protective order with respect thereto. Upon receipt of such notification, the receiving party shall treat the document as confidential, and shall not disclose the document to any other person or use the document for any purpose in this litigation. Upon finding that the document is privileged, confidential, or otherwise protected and that its production was inadvertent, the court may direct the return of the document and all copies thereof to the producing party, preclude the use of the document and any information contained therein for any

purpose in this litigation, and order such other relief as the court deems necessary and appropriate. Before making application to the court for such relief, the producing party shall confer with the receiving party in an attempt to resolve informally any dispute regarding the inadvertent production.

ENTER: November 28, 2006

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

**PRESENTED BY:**

**REVIEWED BY AND AGREED TO BY:**

**Defendant E. I. du Pont de Nemours and Company**

**Plaintiffs**

/s/ **Niall A. Paul**
Niall A. Paul (WV Bar. #5622)
Karen L. Weingart (WV Bar #8911)
Alexander M. Macia (WV Bar #6077)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
P.O. Box 273
Charleston, WV 25321
304-340-3800

/s/ **Larry A. Winter**
Larry A. Winter (WVSB #4094)
Winter Johnson & Hill PLLC
United Center
500 Virginia Street, East
P.O. Box 2187
Charleston, WV 25328
304-345-7800

Libretta Porta Stennes
Anthony F. Cavanaugh
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202-429-3902

R. Edison Hill (WV Bar #1734)
Harry G. Deitzler (WV Bar #981)
Hill, Peterson, Carper, Bee & Deitzler, PLLC
NorthGate Business Park
500 Tracy Way
Charleston, WV 25311
304-345-5667

Laurence F. Janssen
Steptoe & Johnson, LLP
633 West Fifth Street, Suite 700
Los Angeles, CA 90071
213-439-9427

Gerald J. Rapien
Robert A. Bilott
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

**EXHIBIT C**


**FILED UNDER SEAL**

**EXHIBIT D**

**FILED UNDER SEAL**

**EXHIBIT E**

**FILED UNDER SEAL**

**EXHIBIT F**

**FILED UNDER SEAL**

**EXHIBIT G**

**FILED UNDER SEAL**

**EXHIBIT H**

**FILED UNDER SEAL**