IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: JOHN ADAMS ASSOCIATES, INC. | : : : : : |
| WILLIAM R. RHODES, et al.<br><br>      Plaintiffs,<br>v<br>JOHN ADAMS ASSOCIATES, INC.,<br><br>      Defendant. | : : : : : : : : : : : | Case No. 07-577 (RBW) |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL REMOVAL OF DEFENDANT'S CONFIDENTIALITY DESIGNATIONS ON CERTAIN PRODUCED DOCUMENTS**

**I.     INTRODUCTION**

JAA's opposition memorandum to Plaintiffs' Motion to Compel Removal of Confidentiality Designation appears to be little more than an attempt to shift the burden of proof to Plaintiffs. Under the governing protective orders, when a party challenges the confidentiality designation given to produced documents, as Plaintiffs have done here, the burden of proof is upon the party which made the designation, which is JAA, to demonstrate that each challenged document is confidential and, therefore, must be kept from the public eye. In their Motion, Plaintiffs challenge the confidentiality designation of several documents, identified by bates numbers. Rather than fulfill its burden of demonstrating why each of the challenged documents is confidential, as is required, JAA instead offers a general blanket statement that each contains allegedly protected business strategy – a statement which cannot possibly apply to each

document, much less each part of each document – and then purports to argue that, in light of this blanket statement, the confidentiality designations need not be removed unless Plaintiffs demonstrate a "substantial need" for doing so. This tactic entirely ignores the requirements placed upon JAA in the protective orders.

II.     **ARGUMENT**

    A.     **JAA Has Failed to Fulfill its Burden of Demonstrating that Each Challenged Document Has Been Properly Designated Confidential.**

JAA's argument for why it designated the documents confidential is contained in roughly two and a half paragraphs on one page of its opposition memorandum. In particular, JAA claims that: (1) "[t]he written correspondence includes private conversations regarding how to interpret, characterize or communicate certain technical reports, studies, test results, articles or other information that pertains to perfluorochemicals and related topics"; (2) "[t]he memoranda and internal JAA communications document JAA's preliminary and final analysis of the appropriate strategies to employ with regard to communicating such issues to the public, the media, and the regulators"; (3) "the seminar/presentation materials contain strategy information which JAA shared with existing clients or members of client organizations on the same topic." Opp. Mem. at 6 . These blanket assertions are insufficient to carry the burden of demonstrating that the confidentiality designations are appropriate.

Initially, it should be noted that the blanket assertions certainly do not cover all of the challenged documents or parts thereof. Several emails merely included links to articles that were released or published concerning PFCs. Those emails contain no strategy information whatsoever and it is difficult to conceive how the same fit within the "reason" offered by JAA, much less the definition of "confidentiality" in the protective orders.

It appears as though, rather than demonstrate the confidentiality for each challenged document (as required by the protective orders) or at least identifying the bates ranges to which each of its blanket assertions apply, JAA has chosen to simply make blanket assertions and hope that the Court will undertake the work of parsing the documents on its behalf. It is not the responsibility of the Court, however, to spend the time and resources necessary to scour each document and determine, on its own, *de novo* and, apparently, *sua sponte*, whether the documents were properly designated confidential. It was incumbent upon JAA, by the express terms of the protective orders, to demonstrate the propriety of the designation for each challenged document. Neither Plaintiffs nor the Court has any duty in the absence of a demonstration by JAA.

Moreover, even if the protective orders required nothing more than blanket assertions of confidentiality, the assertions offered by JAA are not persuasive. JAA appears to be arguing that any document containing any piece of what it determines to be "strategy" should overcome the presumption of open discovery and be designated confidential. This argument is made regardless of whether the documents containing the alleged "strategy" were dispersed outside of JAA or, most remarkably, beyond the eyes and/or ears of even its clients. As noted, one of the requirements of the protective orders for the definition of confidential is that reasonable efforts were made to safeguard the secrecy of the information. Obviously, for information transmitted not only to JAA clients but to outside parties, it is a difficult argument to make that reasonable efforts were made to limit access to the information.

With respect to communications directly between JAA and clients, JAA appears to be arguing that, since it has a client relationship with these entities, the communications should be afforded an extra layer of protection. As noted in the original moving Memorandum, however,

3

the definition of confidentiality is taken directly from the definition of a trade secret. Most often these are internal processes or methods that cannot leave the confines of the business lest competitors gain an advantage in the marketplace. Here, the communications JAA seeks to shield from the public eye are with other entities. The alleged strategies are not ones that ensure the viability of JAA as a business, but, rather, are ones that are provided to other entities as part of a plan to get a particular viewpoint out on behalf of that other entity.

The lone case JAA cites for the proposition that the documents produced by a public relations firm on behalf of its clients are "confidential" is *Food Lion, Inc. v. United Food and Comm. Workers Int'l Union*, 103 F.3d 1007, 1014 (D.C. Cir. 1997). In that case, however, the Court concluded that the documents produced by a public relations firm were shielded from the public view because they were irrelevant, not because they were confidential. *See id.* at 1014 ("Unless a movant can demonstrate a stronger nexus between third- and fourth-party documents and the elements necessary to the underlying cause of action than Food Lion has done here, discovery may not be had."). Here, there is no challenge, by DuPont or otherwise, that the documents at issue are not relevant to Plaintiffs' respective cases in West Virginia or New Jersey. The only dispute is whether the general rule of open discovery may be altered for already-produced documents. JAA has clearly failed to satisfy its burden of demonstrating the same.

      **B.**    **Plaintiffs Are Not Obligated to Demonstrate a "Substantial Need" for Removal of the Confidentiality Designations.**

Even if the Court were to set aside JAA's insufficient effort to demonstrate that the documents were properly designated confidential under the protective orders, there is no basis, under the protective orders or otherwise, for shifting the burden of proof to Plaintiffs to demonstrate a substantial need for removal of the designations. JAA directs the Court's attention

to the protections offered by Rule 45 of the Rules of Civil Procedure, and argues that because Plaintiffs cannot demonstrate a substantial need for removal of the designations, no such removal need take place.  Such an argument not only flips the protective order and the burden of proof enunciated therein on its head, as shown above, but it also represents a fundamental and basic misunderstanding of the Rule 45 protections.

The "substantial need" requirement of Rule 45 pertains explicitly to the *production* of documents sought from a third party through a subpoena.  There is nothing in the language of the rule, nor the case law, that extends this requirement to the removal of confidentiality designations given documents that have already been produced.  As such, JAA's "substantial need" arguments appears to be nothing more than a red herring to divert the Court's attention from the fact that JAA has failed to fulfill the one and only burden relevant to this Motion – that the documents were properly designated as confidential under the protective orders.

**C.    An Award of Expenses is Appropriate.**

JAA's complete failure to carry the burden placed upon it by the protective orders, to demonstrate that the confidentiality designations were properly made, makes especially appropriate an award to Plaintiffs of the expenses they have incurred in connection with the instant Motion.  In this respect, Plaintiffs incorporate the arguments made in their original moving papers, which JAA failed to adequately rebut.  Additional comment, however, is appropriate.

This is not a case where, as JAA claims, "a third-party who has spent thousands of dollars complying with Plaintiffs' subpoenas should somehow be responsible for costs associated with its attempts to protect its confidential business information."  Opp. Mem. at 9.  Plaintiffs, of course, are in no way intimating that JAA may not make efforts to protect information that is

5

actually confidential; Plaintiffs only request, and the protective orders demand, that JAA demonstrate to the Court why such information is confidential and must be shielded from public view. Irrelevant to this inquiry is whether "JAA genuinely believes that the documents at issue contained protected confidential business information." (*Id.* at 9.) JAA is required to prove it, and it failed to do so.

## III. CONCLUSION

For the foregoing reasons, and those set forth in Plaintiffs' Motion to Compel Removal of Confidentiality Designations of Certain Documents and Memorandum in Support, Plaintiffs respectfully request that the Court order the removal of the confidentiality designations for the challenged documents, and award Plaintiffs the expenses they incurred in prosecuting the instant Motion.

Respectfully submitted,

/s/
Karen J. Marcus (D.C. Bar # 486435)
Finkelstein Thompson LLP
The Duvall Foundry
1050 30th Street N.W.
Washington, D.C. 20007
(Tel) (202) 337-8000
(Fax)  (202) 337-8090
kmarcus@finkelsteinthompson.com


J. Steven Justice, admitted *pro hac vice*
Taft Stettinius & Hollister LLP
110 North Main Street, Suite 900
Dayton, OH 45402
(Tel)   937-228-2816
(Fax)  937-228-2816
justice@taftlaw.com

*COUNSEL FOR PLAINTIFFS*

**CERTIFICATE OF SERVICE**

I certify that on April 29, 2008, I caused a copy of Plaintiffs' Reply Memorandum in Support of Motion To Compel Removal Of Defendant's Confidentiality Designations On Certain Produced Documents to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following:

Katherine L. Rhyne
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC  20006

Thomas Richichi
Nadira Clarke
Beveridge & Diamond, P.C.
1350 I Street, N.W., Suite 700
Washington, D.C.  20005

Notice will be sent to the following via First Class Mail:

Michael C. McCarthy
Maslon Edelman Borman & Brand, LLP
3300 Wells Faro Center
90 South Seventh Street
Minneapolis, MN  55402-4140


Dated:  April 29, 2008              /s/
                                     Karen J. Marcus