UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re JOHN ADAMS ASSOCIATES, INC. | ) ) ) ) ) | |
| WILLIAM R. RHODES, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Miscellaneous Case No. 07-577 (RBW) |
| JOHN ADAMS ASSOCIATES, INC., and 3M COMPANY, | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

On December 28, 2007, the plaintiffs in two civil suits pending in different jurisdictions, Rhodes v. E.I. Dupont Demours and Co., Civil Action Case No. 6:06-530 (S.D. W. Va.), and Rowe v. E.I. Dupont Demours and Co., Civil Action Case No. 06-1810-RMB-AMD (D.N.J.),[1] filed a motion to compel John Adams Associates, Inc. ("John Adams") "to produce documents and electronically stored information responsive to subpoenas issued" by the Court relating to the Rhodes and Rowe cases pursuant to Federal Rule of Civil Procedure 45. Plaintiffs' Motion to Compel Production Pursuant to a Subpoena and Memorandum of Law in Support at 1. Thereafter, the plaintiffs filed a motion seeking to compel John Adams to remove its designations of certain produced documents as "confidential" within the meaning of separate

---

[1] The plaintiffs in Rhodes are William R. Rhodes, Russell H. Miller, and Valori A. Mace. The plaintiffs in Rowe are Richard Rowe, Mary L. Carter, Michelle E. Tomarchio, Regina M. Trout, Allen K. Moore, Catherine A. Lawrence, and Kathleen K. Lemke on behalf of DJL, Jr.

protective orders entered in the Rhodes and Rowe cases, which designations were made pursuant to an agreement between the parties whereby John Adams agreed to produce certain documents subject to the plaintiffs' subpoena in exchange for the plaintiffs' agreement to extend the protections of those protective orders to John Adams. Plaintiffs' Motion to Compel Removal of Defendant's Confidentiality Designations on Certain Produced Documents (the "Pls.' Mot.") at 1-2 & n.1. John Adams opposes this request on the grounds that its designations are appropriate under the terms of the protective orders at issue and under Rule 45. John Adams Associates Inc.'s Opposition to the Plaintiffs' Motion to Compel Removal of Confidentiality Designations on Certain Produced Documents ("John Adams's Opp'n") at 5-9. Both motions to compel are currently set for hearing on May 2, 2008, at 3:00 p.m.

With respect to the plaintiffs' second motion to compel, both the plaintiffs and John Adams assume that it is within the scope of the Court's authority under Rule 45 to adjudicate their dispute over the propriety of John Adams's confidentiality designations. The Court harbors serious doubts on this point. Rule 45 provides in pertinent part that "[a]t any time, . . . the [party serving a subpoena] may move the issuing court for an order compelling production or inspection." Fed. R. Civ. P. 45(c)(2)(B)(I). However, in this case the party served with a subpoena (John Adams) has already produced the documents at issue. The plaintiffs' sole grievance is with the manner in which John Adams has interpreted the agreement between the parties that led to the voluntary production of that information. This strikes the Court as a contractual dispute, or, with respect to the Rowe case,[2] a dispute over the terms of the protective

---

[2] As explained by the plaintiffs in their motion, "the [p]rotective [o]rder issued in Rhodes does not extend its coverage to third parties who produce documents for the case." Pls.' Mot. at n.1. Thus, with respect to the
(continued...)

order entered by the court in that case, but it does not appear to be a conflict over the "production or inspection" of documents subject to a subpoena issued by this Court. The Court is therefore inclined to deny the plaintiffs' second motion to compel, as it appears to contain a request for relief outside the authority conferred upon this Court by Rule 45.[3]

Because the Court has raised this issue sua sponte, and because the Court has not yet had an opportunity to research the scope of its authority under Rule 45 in exhaustive detail, the Court will defer its ruling on the plaintiffs' motion until both the plaintiffs and John Adams have had an opportunity to brief this issue. The Court will therefore cancel the hearing on the plaintiffs' second motion to compel and direct the parties to file supplemental memoranda of law with respect to this issue.[4] If, after considering the parties' supplemental memoranda of law and completing its own review of the pertinent case law, the Court concludes that a hearing on this issue would be helpful to the Court's resolution of this issue or that it is within the Court's authority to consider the substance of the plaintiffs' request, it will set a hearing on the plaintiffs' second motion to compel at that time.

---

[2](...continued)
Rhodes case, the rights asserted by John Adams regarding the use of the documents that it has produced and designated as confidential would appear to be purely contractual in nature.

[3] John Adams argues in its opposition to the plaintiffs' second motion to compel that the Court should deny the plaintiffs' motion because, inter alia, Rule 45 protects third-parties from unduly burdensome subpoenas. John Adams's Opp'n at 7-9 (citing Fed. R. Civ. P. 45(c)(3)(a)). This argument misses the mark, for Rule 45(c)(3)(a) sets forth the grounds for modifying or quashing a subpoena, and John Adams has already complied with the plaintiffs' subpoena insofar as the documents at issue in the plaintiffs' second motion to compel are concerned. Rather, both parties would effectively have this Court convert their private agreement concerning the use of documents released by John Adams into a protective order under Federal Rule of Civil Procedure 26, which the Court cannot do. See Fed. R. Civ. P. 26(c)(1) (providing that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending" (emphasis added)).

[4] To be clear, the hearing on the plaintiffs' initial motion to compel will go forward as scheduled on May 2, 2008, at 3:00 p.m. Only the hearing on the plaintiffs' second motion to compel will be canceled.

It is therefore

**ORDERED** that the hearing on the Plaintiffs' Motion to Compel Removal of Defendant's Confidentiality Designations on Certain Produced Documents currently scheduled for May 2, 2008, at 3:00 p.m. is **CANCELED**.  It is further

**ORDERED** that the plaintiffs shall file a supplemental memorandum of law in support of their motion addressing the concerns raised by the Court in this order, if any they intend to file, on or before May 14, 2008.  It is further

**ORDERED** that John Adams Associates, Inc. shall file a supplemental opposition to the plaintiffs' motion addressing these same concerns, if any, on or before May 28, 2008.

**SO ORDERED** this 30th day of April, 2008.

REGGIE B. WALTON
United States District Judge