IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE:  JOHN ADAMS ASSOCIATES, INC. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM R. RHODES, et al. | : | Case No. 07-577 (RBW) |
| | : | |
| Plaintiffs, | : | |
| v | : | |
| | : | |
| JOHN ADAMS ASSOCIATES, INC., | : | |
| | : | |
| Defendant | : | |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL REMOVAL OF DEFENDANT'S CONFIDENTIALITY
DESIGNATIONS ON CERTAIN PRODUCED DOCUMENTS**

## I.      INTRODUCTION

On April 7, 2008, Plaintiffs filed a motion to compel the removal of confidentiality

designations from several documents produced by Defendant John Adam Associates, Inc.'s

("JAA") pursuant to subpoenas issued from this Court.  After briefing, the Court entered an

Order questioning whether it had the authority to rule on this Motion and asking the parties for

additional briefing on the issue.  Plaintiffs submit this Brief in response to the Court's request.

The Court has the authority to rule on Plaintiffs' Motion for the following reasons:  (1)

the language of Rule 45 of the Federal Rules of Civil Procedure, as well as case law interpreting

the same, make clear that ruling on the Motion is appropriate; (2) even if the authority to rule on

the Motion is not express, the Court's obligation to do so is part and parcel of its general

obligation to enforce the subpoenas; and (3) because JAA has neither filed a Motion for a

Protective Order nor otherwise consented to a transfer or remittance of the Motion to Compel

(and issues contained therein) to the district courts in New Jersey or West Virginia, this Court is

the only available forum in which to resolve Plaintiffs' Motion.

## II.    BACKGROUND

On December 21, 2007, Plaintiffs initiated the instant miscellaneous action, seeking to

compel JAA to produce documents relevant to pending litigation in federal courts in West

Virginia and New Jersey.  *See Rowe, et al. v. E.I. DuPont de Nemours and Company*, Civil

Action Case No. 06-1810-RMB-AMD (D.N.J.); *Rhodes, et al. v. E.I. DuPont de Nemours and

Company*, Civil Action Case No. 6:06-530 (S.D. W. Va.).  There are confidentiality orders

issued by the courts in the *Rowe* and *Rhodes* matters.  The *Rowe* confidentiality order expressly

permits third parties to designate responsive discovery as "confidential" if the discovery meets

the definition of confidential material in the order.  The *Rhodes* confidentiality order does not

expressly encompass third-party production.  Upon inquiry by JAA, however, Plaintiffs informed

JAA that given the express language covering third-party production in the *Rowe* order, Plaintiff

would permit the *Rhodes* order to cover JAA as well.  As a result, JAA could choose to designate

discovery as confidential pursuant to the terms of the confidentiality orders and protect it from

disclosure to the public if the discovery was "confidential" as defined in the confidentiality

orders.  That was the nature and extent of the understanding between the parties with respect to

the confidentiality orders.

Thereafter, JAA designated confidential certain of the documents produced pursuant to

the subpoenas.  On April 7, 2008, Plaintiffs filed a Motion to Compel the removal of the

confidentiality designations given to several of these documents.  On April 22, 2008, JAA filed

its opposition papers to Plaintiffs' Motion.  On April 29, 2008, Plaintiffs filed a Reply

Memorandum in further support of the Motion to Compel.  In the Reply Memorandum, Plaintiffs pointed out that JAA had utterly failed to satisfy its burden under the protective orders to demonstrate that the confidentiality designations had been properly given, and that, given the same, the Court was under no obligation to unilaterally undertake its own review of the challenged documents and was empowered to simply grant Plaintiffs' Motion.

On April 30, 2008, the Court entered an Order, *inter alia*, raising the issue of whether it had the authority to rule on the Motion to Compel and asking the parties for additional briefing on the issue.  The Court indicated that a hearing on the Motion to Compel, if appropriate, would be set following such briefing.

## III.    ARGUMENT

Plaintiffs respectfully submit that, under the Rules of Civil Procedure and the case law, the Court has the authority – indeed, the obligation – to rule on their Motion to Compel.  First, the language of Rule 45, and the case law explaining the purpose and reach of the same, is clear that issuing such a ruling is appropriate.  Second, even if it could be argued that issuing such a ruling is not expressly permitted by Rule 45, the same is implicitly subsumed within the Court's obligation to enforce the subpoenas.  And finally, because JAA has neither filed a Motion seeking to protect its confidentiality designations nor consented to a transfer or remittance of Plaintiffs' Motion to the district court in New Jersey or West Virginia, it would be legally impermissible for the Court to do so of its own accord, and this Court is the only appropriate forum in which Plaintiffs' Motion can be resolved.

### A.    The Language of the Rules of Civil Procedure and Case Law Interpreting the Same Make Clear that Ruling on Plaintiffs' Motion is Appropriate.

Several sections of Rule 45 make clear that the Court has an obligation to enforce subpoenas issued from it and to resolve any and all issues related to those subpoenas.  *See* Fed.

R. Civ. P. 45(c)(1) (mandating that "[t]he issuing court" must ensure that its subpoena does not impose undue burden and expense and vesting "[t]he issuing court" with power to sanction a party for non-compliance with the same); 45(c)(2)(b) (providing "the issuing court" with the authority to enter "an order compelling production or inspection"); 45(c)(3)(A)-(B) (stating that "the issuing court must quash or modify a subpoena" in certain circumstances and "may" in other circumstances); 45(e) (vesting "[t]he issuing court" with power to hold person in contempt for failing to obey subpoena); *see also* Fed. R. Civ. P. 37(a)(2) (stating that motion for an order compelling discovery from a nonparty "must be made in the court where the discovery is or will be taken"). As the D.C. Circuit stated, "[a]ll this language suggests that *only* the issuing court has the power to act on its subpoenas." *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (emphasis added).

Here, Plaintiffs are merely asking the Court to "act on its subpoenas" with respect to an enforcement and compliance issue: the scope and manner in which JAA is producing its documents pursuant to the subpoenas issued from the Court. That JAA has chosen to avail itself of certain protective orders entered in the underlying litigation does nothing to change the Court's obligations under Rule 45. There is no dispute between the parties as to the language of the protective orders in the underlying cases or even the meaning of the protective orders. Indeed, the language of the governing definition of confidentiality in the protective orders is derived expressly and intentionally from trade secret case law. Thus, the Court is encumbered only with the specific task of determining whether confidentiality designations stamped on documents produced pursuant to subpoenas issued from it – which subpoenas, incidentally, did not provide for such designations to be made – were appropriately made. Such task is one of enforcement.

**B.    Assuming, Arguendo, That Rule 45 Does Not Expressly Permit the Court to Rule on Plaintiffs' Motion, the Court's Authority to Do So is Implicit in its Express Subpoena Enforcement Power.**

Even if the Court is unconvinced that Rule 45 expressly permits it to rule on Plaintiffs' Motion, doing so is implicit in and subsumed within the Court's clear power and obligation to enforce subpoenas issued from it.  *See*, *e.g.*, *H. Wayne Palmer & Assoc. v. Heldor Indus., Inc.*, 839 F. Supp. 770, 779-80 (D. Kan. 1993) ("[T]he conferring of express powers necessarily creates incidental powers[.]") (citation omitted); *see also Shepard v. Am. Broadcasting Co.*, 62 F.3d 1469, 1474-75 (D.C. Cir. 1995) (stating that Courts have implied powers to carry out function of express powers and then listing several examples); *In re Two Appeals Arising Out of San Juan DuPont Plaza Hotel Fire Litig.*, 994 F.2d 956, 965-66 & n.1 (1st Cir. 1993) (reading into Rule 26 an implied power to readjust expense allocation orders); *Crowder v. Hous. Auth. of City of Atlanta*, 908 F.2d 843, 846 n.1 (11th Cir. 1990) (reading Rule 43 to confer "an implied power" to dismiss an appeal where no substitution is made for a deceased party); *NASCO, Inc. v. Calcasieu Television and Radio Inc.*, 894 F.2d 696, 702 (5th Cir. 1990) ("It is a given that federal courts enjoy a zone of implied power incident to their judicial duty.  From the Judiciary Act of 1789 forward its functional necessity has not seriously been questioned.").

It is helpful in this regard to make clear that the Court's enforcement power under Rule 45 extends not only to the *fact* of production, but also to the *scope* of production and the *manner* in which such production occurs.  *See In re Sealed Case*, 141 F.3d at 342 (noting that issuing court "must make the decision whether discovery may be had, *and its scope*") (emphasis added). Indeed, several more specific parts of Rule 45 are concerned with precisely the manner and scope of production pursuant to a subpoena.  *See* Fed. R. Civ. P. 45(c)(1) (permitting court to regulate scope of subpoena and manner of production so as to avoid undue burden or expense);

45(c)(3)(A) (requiring court to quash or modify a subpoena that, *inter alia*, "requires disclosure

of privileged or other protected matter"); 45(c)(3)(B) (permitting court to quash or modify a

subpoena if it, *inter alia*, requires disclosure of confidential information or expert opinion);

45(c)(3)(C) (permitting court to set conditions on compliance with subpoena); 45(d)(1) (setting

forth various rules with respect to the manner in which documents and electronically stored

information are to be produced).  Were it otherwise, and the Court's enforcement power were

interpreted to mean only the power to order production, but no power over the manner and scope

of production, subpoenaed parties could flagrantly abuse Rule 45 and disaffected parties would

have no recourse.  *See infra.*

> **C.  Because JAA Has Failed to Consent to a Transfer or Remittance of Plaintiffs' Motion to the District Court in New Jersey or West Virginia, This Court is the Only Forum With Authority to Resolve Plaintiffs' Motion.**

In its Order, the Court indicated that resolving Plaintiffs' Motion may be more

appropriately within the purview of the district courts in New Jersey and West Virginia.  There is

"no provision in the Judicial Code or the Rules of Civil Procedure [that] allows a district judge to

transfer a particular motion for decision elsewhere."  *In re Orthopedic Bone Screws Prod.*

*Liability Litig.*, 79 F.3d 46, 48 (7th Cir. 1996).  The problem is one of personal jurisdiction, *see*

*In re Sealed Case*, 141 F.3d at 341 ("The principle that courts lacking jurisdiction over litigants

cannot adjudicate their rights is elementary, and cases have noted the problem this creates for the

prospect of transferring nonparty discovery disputes."); Wright & Miller, 9A Federal Practice &

Procedure Civ.2d § 2463.1 (2008) ("It is the issuing court that has the necessary jurisdiction over

the party issuing the subpoena and the person served with it to enforce the subpoena."), as well

as the fact that the primary enforcement power of a subpoena rests with the court which issued

the subpoena, *see Avance v. Kerr-McGee Chemical LLC*, No. 5:04CV209, 2005 WL 5315654

(E.D. Tex. Aug. 9, 2005) (refusing to rule on motions for protective order and to quash filed by subpoenaed party because subpoenaed party did not first file the same in court from which subpoena issued).

Thus, "[n]ormally, disputes over discovery from a non-party are decided by the court which issued the subpoena, unless the non-party consents that the matter be resolved by a court in another district." *In re Welding Rod Prod. Liability Litig.*, 406 F. Supp. 2d 1064, 1065 (N.D. Cal. 2005) (granting motion to transfer, but based on fact that underlying litigation was multidistrict litigation); *Mercexchange, L.L.C. v. eBay Inc.*, No. M8-85, 2007 WL 582729, *1 (S.D.N.Y. Feb. 23, 2007) (holding that, without the consent of the subpoenaed party, the district court for the underlying litigation would not have jurisdiction "over disputes regarding subpoenas issued in [another] district"). The only scenario where consent is not required is where the underlying litigation is multidistrict litigation. *See, e.g.*, *In re Subpoenas Served on Wilmer, Cutler & Pickering and Goodwin Proctor LLP*, 255 F. Supp. 2d 1, 2-3 (D.D.C. 2003); *In re Welding Rod Prod. Liability Litig.*, 406 F. Supp. 2d 1064, 1066-68.

Here, JAA has not submitted itself, much less this dispute, to the jurisdiction of the district court in New Jersey or West Virginia, and has indicated no intent to do so. JAA has filed no motion to quash or modify, or for a protective order, either in this Court or in the district courts of New Jersey or West Virginia. JAA has not otherwise agreed to the transfer or remittance of Plaintiffs' Motion to either of those district courts for resolution. Even if JAA were to state its intention to file such a motion or motions, or otherwise agree to submit Plaintiffs' Motion to the jurisdiction of the district courts in New Jersey or West Virginia, this Court remains duty-bound to resolve Plaintiffs' Motion until JAA does so and this Court elects, within its discretion, to stay consideration of Plaintiffs' Motion. *See GFL Advantage Fund, Ltd.*

7

*v. Colkitt*, 216 F.R.D. 189, 193-94 (D.D.C. 2003) ("Regardless of whether [the subpoenaed nonparty] intends to file a motion for a protective order [in the court in which the underlying litigation is pending] does not terminate this court's ability and obligation to rule on plaintiff's motion to compel compliance with its subpoena.")  As the D.C. Circuit stated:

> It may well be true . . . that the trial court will be better able to handle discovery disputes.  But Congress in the Rules has clearly been ready to sacrifice some efficiency in return for territorial protection for nonparties.
>
> &ast; &ast; &ast;
>
> [T]he court for the district where [discovery is to be had] may stay its action on the motion, permit the [producing party] to make a motion for a protective order in the court where [the underlying litigation is pending], and then defer to the trial court's decision. This reading cures the jurisdictional problems; a nonparty that moves for a protective order in the court of the underlying action thereby submits to that court's jurisdiction.
>
> &ast; &ast; &ast;
>
> But if the nonparty . . . fails to take the bait and move for a protective order in the trial court, the issuing court must make the decision whether discovery may be had, *and its scope*, since it is the only court with the power to order enforcement.

*In re Sealed Case*, 141 F.3d at 341-42 (citations omitted) (emphasis added).  Therefore, not only does the Court have the power to resolve Plaintiffs' Motion under Rule 45, a transfer of such Motion to the district court in New Jersey or West Virginia would be impermissible in the absence of consent or other motion practice by JAA.[1]

## IV.    CONCLUSION

---

[1]  While it is arguable that the district courts in New Jersey or West Virginia would have *subject matter jurisdiction* over a disputed application of the protective orders, Plaintiffs have located no authority for the proposition that when a nonparty responds to a subpoena issued in a jurisdiction other than the location of the underlying action and designates produced documents as confidential pursuant to the terms of a protective order issued in the jurisdiction of the underlying matter, the nonparty thereby submits itself to the *personal jurisdiction* of the court that issued the protective order.

For the foregoing reasons, Plaintiffs respectfully request that the Court exercise its authority to rule on Plaintiffs' Motion to Compel the removal of the confidentiality designations made by JAA.

Respectfully submitted,


   /s/
Karen J. Marcus (D.C. Bar # 486435)
Finkelstein Thompson LLP
The Duvall Foundry
1050 30th Street N.W.
Washington, D.C.  20007
(Tel) (202) 337-8000
(Fax)   (202) 337-8090
kmarcus@finkelsteinthompson.com


  /s/
J. Steven Justice, admitted *pro hac vice*
Taft Stettinius & Hollister LLP
110 North Main Street, Suite 900
Dayton, OH  45402
(Tel)   937-228-2816
(Fax)   937-228-2816
justice@taftlaw.com


COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on May 14, 2008, I caused a copy of the foregoing Supplemental

Memorandum Of Law In Support Of Plaintiff's Motion To Compel Removal Of Defendant's

Confidentiality Designations On Certain Produced Documents to be filed electronically with the

Clerk of the Court using the CM/ECF system, which will send notice of the filing to the

following:

      Katherine L. Rhyne
      King & Spalding LLP
      1700 Pennsylvania Avenue, NW
      Washington, DC  20006

      Thomas Richichi
      Nadira Clarke
      Beveridge & Diamond, P.C.
      1350 I Street, N.W., Suite 700
      Washington, D.C.  20005

Notice will be sent to the following via First Class Mail:

      Michael C. McCarthy
      Maslon Edelman Borman & Brand, LLP
      3300 Wells Faro Center
      90 South Seventh Street
      Minneapolis, MN  55402-4140

Dated:  May 14, 2008           ___/s/_____
                                 Karen J. Marcus