IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: JOHN ADAMS ASSOCIATES, INC. | **Civil Action No. 1:07-mc-577 (RBW)**<br><br>Judge Reggie B. Walton<br><br>Hearing: None Scheduled |

**JOHN ADAMS ASSOCIATES INC.'S OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL REMOVAL OF DEFENDANT'S CONFIDENTIALITY DESIGNATIONS ON CERTAIN PRODUCED DOCUMENTS**

**I.   INTRODUCTION**

Having overseen John Adams Inc.'s ("JAA") production of documents responsive to Plaintiffs' third-party subpoenas, the Court now questions whether it is somehow further obligated under Federal Rule of Civil Procedure 45 ("Rule 45") to respond to Plaintiffs' demands that it compel JAA to remove the business confidentiality designations from certain of those documents. Rule 45 provides that a court issuing a subpoena may issue orders "compelling production or inspection [against] a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(c)(2)(B)(i) and (e). As is the case here, once a party complies with the subpoena, there is nothing left for the issuing court to enforce. There is no dispute that JAA has produced documents in compliance with Plaintiffs' third-party subpoenas. Plaintiffs, however, now seek to have this Court use its authority under Rule 45 to interpret the terms of an agreement between the parties regarding the applicability of protective orders issued by the Courts in the *Rowe* and *Rhodes* litigation, and compel JAA to remove

certain confidentiality designations from documents already produced in satisfaction of Rule 45. Plaintiffs' motion does not present "a conflict over the 'production or inspection' of documents subject to a subpoena issued by this Court." Order dated April 30, 2008 ("April 30 Order"). The Court has discharged its obligation under Rule 45 by ensuring that JAA produced documents in compliance with Plaintiffs' subpoenas. No further action is required. For that reason, the motion to compel should be denied.[1]

## II.    ARGUMENT

In their supplemental memorandum, Plaintiffs argue that Rule 45 obligates this Court to rule on their motion to compel. Even if Rule 45 does not expressly require the Court to rule on the motion, Plaintiffs argue that it could do so through the implicit authority contained in the Court's subpoena enforcement power. Additionally, Plaintiffs argue that the Court should rule on the motion because no other forum is available to them to receive their requested relief. Yet, rather than obligate this Court to rule on Plaintiffs' motion, Rule 45 explicitly limits the Court's authority to ensuring compliance with the subpoenas and associated commands. Thus, Rule 45 undermines, rather than supports, Plaintiffs' first and second arguments. And, contrary to Plaintiffs' third argument, they are not without recourse. As both Plaintiffs and this Court have noted, the *Rowe* protective order explicitly provides for the protection of documents produced in that litigation by third parties. While the *Rhodes* protective order does not explicitly address third-party production, the agreement between the parties to apply the order to JAA's production is contractual in nature, as the Court points out, and is presumably enforceable by the court

---

[1] JAA does not believe that argument would be helpful to the Court's resolution of this issue and therefore does not request a hearing date.

where the relevant action is pending. *See* Fed. R. Civ. P. 26(c)(1) (protective orders over document production are issued by the courts "where the action is pending").

  A. **Rule 45 Applies to Compliance with Subpoenas**

As Plaintiffs note, Rule 45 creates an obligation for the Court "to enforce subpoenas issued from it and to resolve issues related to the enforcement of those subpoenas." Supplemental Mem. of Law in Supp. of Pls' Mot. to Compel Removal of Def.'s Confidentiality Designations on Certain Produced Docs ("Plaintiffs' Supplemental") at 3. However, their suggestion that the Court's subpoena enforcement authority somehow obliges the Court to resolve issues that go beyond the production of the documents in question is misguided. *Id*. at 4.

Plaintiffs point to no case or statute to support their position that a court must exercise authority over subpoenaed parties that extends beyond compliance with the subpoena. Indeed, the cases cited by Plaintiffs suggest the opposite is true, and reinforce that Rule 45 obliges a court only to ensure compliance with a subpoena's commands. *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (Rule 45 "vest[s] power to compel discovery from a nonparty"); *see also Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 379 (W.D. Pa. 2005) (Rule 45 is properly used to obtain information from a nonparty to a suit); *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189 (D.D.C. 2003) (Court used its authority under Rule 45 to require a third party to turn over documents requested pursuant to a subpoena). In fact, once documents are produced in compliance with a third-party subpoena, the authority of the court that issued the subpoena over motions to compel is rendered moot. *See In re Merscorp Inc.*, 2008 U.S. Dist. LEXIS 10054, at * 14  (S.D. Tex. Feb. 11, 2008) ("[A]lthough Plaintiffs express 'concern' over the quantity of class certification documents they have received, MERS has certified that it has searched for and produced the relevant documents that exist and are within its possession,

custody or control. . . Accordingly, Plaintiffs' motion to compel these documents is MOOT."); *Voth v. Albright*, 2008 U.S. Dist. LEXIS 28583, at *16 (E.D. Cal. March 6, 2008) ("The court cannot compel defendants to produce further documents that do not exist.").

Here, it is undisputed that JAA has complied with Plaintiffs' subpoena. As this Court notes, the present dispute between the parties is "over the terms of the protective order entered by the court in the [underlying litigation]," and does not relate to JAA's compliance with the subpoena itself. April 30 Order at 2-3. Compliance with the subpoena is the beginning and end of this Court's authority under Rule 45. Because JAA has produced all documents and responsive information to Plaintiffs in compliance with the third-party subpoenas, this Court's obligation with regard to enforcement of the subpoenas has ended.

  **B.**   **Rule 45 Provides no Implicit Authority for Further Action by the Court**

In the absence of express language in Rule 45 compelling the Court to rule on the motion to compel, Plaintiffs suggest that such an obligation is "implicit in and subsumed within the Court's clear power and obligation to enforce subpoenas issued from it." Plaintiffs' Supplemental at 5. However, just as Rule 45 provides no explicit obligation for this Court to rule on Plaintiffs' motion to compel, there is no associated implicit obligation to do the same.

Once a party complies with a subpoena, as is the case here, nothing in the Federal Rules or underlying case law suggests that Rule 45 obligates the court which issued the subpoena to go beyond the enforcement of the subpoena and resolve extraneous disputes between the parties. Plaintiffs' reliance on *In re Sealed Case*, 141 F.3d 337 (D.C. Cir. 1998) for the proposition that a court issuing a subpoena has authority to determine the scope of discovery under that subpoena is misplaced. Although that decision holds that the issuing court may have to make a decision about "whether discovery may be had, and its scope," the Court did so in the context of a

4

discussion about which court – the subpoena issuing court or the court of the underlying action – could properly approve a decision to withhold from production privileged information. *In re Sealed Case*, 141 F.3d at 342. Here, JAA has produced all responsive documents. Plaintiffs' motion, therefore, is not directed at acquiring documents subject to the subpoena that JAA has refused to provide, but instead it seeks to modify the form in which such documents were produced.

Plaintiffs' argument that Rule 45 implicitly imbues the Court with an obligation to rule on their motion to compel removal of the confidentiality designations from certain documents is unpersuasive. Their motion is nothing but a request for this Court to rule on an agreement between the parties invoking terms of protective orders issued by the courts hearing the underlying actions. Rule 45 imposes no such duty on this Court.

    C.    **Plaintiffs are Not Without Recourse**

Finally, Plaintiffs argue that this Court should decide its motion to compel because otherwise they will be denied a forum to resolve this dispute. This position is unsupported by case law or logic.[2]

The *Rowe* protective order covers discovery produced by non-parties and therefore clearly contemplates that disputes in connection with the production of documents pursuant to the order would be addressed by the *Rowe* court. As this court stated in its April 30 order, whether JAA properly identified documents as confidential under the terms of the *Rowe* order is

---

[2] Plaintiffs point out that JAA has not submitted itself, or this dispute, to the jurisdiction of the district court in New Jersey or West Virginia. The dispute at issue was raised by Plaintiffs, and the fact is that Plaintiffs have not sought to enforce the terms of either protective order outside of this Court.

5

"a dispute over the terms of the protective order entered by the court in that case." April 30 Order at 2-3.³

Additionally, as this Court concluded, Plaintiffs' dispute over documents identified as confidential under the terms of the *Rhodes* protective order, which JAA and Plaintiffs agreed to apply here, is a question that is "purely contractual in nature." April 30 Order at 2, n. 2; *see also City of Cincinnati v. United States,* 153 F.3d 1375, 1377 (Fed. Cir. 1998) ("[A]n implied-in-fact contract arises when an express offer and acceptance are missing but the parties' conduct indicates mutual assent."); *Healthpoint. Ltd. v. Ethex Corp.*, 2001 U.S. Dist. LEXIS 25474, at *11 (W.D. Tex. May 25, 2001) (noting claims of breach of contract based on violation of a protective order); *Thacker v. Peak*, 800 F. Supp. 372, 384 (S.D. W.Va. 1992) (discussing implied contracts); *Marshall v. Elmo Greer & Sons*, 193 W. Va. 427, 430 (W.Va. 1995) ("An implied contract presupposes an obligation arising from mutual agreement and intent to promise but where the agreement and promise have not been expressed in words.") (internal quotes omitted). While the *Rhodes* protective order does not address coverage of third parties, presumably the agreement between the parties to abide by its terms would be enforced by the District Court of West Virginia – the Court where the underlying litigation is pending.

### III. CONCLUSION

The Court's obligation to the Plaintiffs under Rule 45 begins and ends with enforcement of the subpoena. It is undisputed that JAA has complied with Plaintiffs' third-party subpoenas.

---

³ Indeed, other courts have noted that, "[t]he discovery rules expressly recognize the importance of the court deciding the main action deciding questions relating to the scope of discovery being conducted elsewhere." *In re Walt Disney Parks & Resorts LLC*, 2007 U.S. Dist LEXIS 1958, at *4 (M.D. Fla. Jan. 10, 2007).

Nothing in Rule 45 requires this Court to rule on this motion.  For these reasons and those stated above, JAA respectfully requests that this Court deny Plaintiffs' motion to compel.


Dated: May 28, 2008

            /s/
THOMAS M. RICHICHI
D.C. Bar No. 255505
Nadira Clarke, *Pro Hac Vice*[4]
PA Bar. No. 67956
Beveridge & Diamond, P.C.
1350 I Street, NW Suite 700
Washington, DC 20005
Telephone:  (202) 789-6069
Facsimile:  (202) 789-6190
trichichi@bdlaw.com
nclarke@bdlaw.com

Counsel for John Adams Assoc. Inc.

---

[4] Practicing pursuant to DC App. Rule 49(c)(8), and supervised by Principals of Beveridge & Diamond.

## CERTIFICATE OF SERVICE

I certify that on May 28, 2008, I caused a copy of John Adams Associates, Inc.'s *Opposition to Plaintiffs' Supplemental Memorandum of Law in Support of Plaintiffs' Motion To Compel Removal of Defendant's Confidentiality Designations on Certain Produced Documents* to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of filing to the following:

J. Steven Justice
Taft Stettinius & Hollister LLP
110 North Main Street, Suite 900
Dayton, OH 45402

Karen J. Marcus
Finkelstein Thompson LLP
The Duvall Foundry
1050 30th Street NW
Washington, D.C. 20007

Katherine L. Rhyne,
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006

Michael C. McCarthy
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140


Dated: May 28, 2008                         /s/
                                        Nadira Clarke

887127v6  Washington 013348